# EXHIBIT A

## THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2018-0376, <u>Paul Maravelias v. David DePamphilis</u>, the court on November 30, 2018, issued the following order:**

  The plaintiff's motion to strike the defendant's brief is denied. The defendant's motion to transfer the record and exhibits from the trial court is denied. The appealing party is obligated to provide the record upon appeal. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004). The defendant's motion to strike exhibits and argument that are not part of the record is granted in part and denied in part. To the extent that the defendant seeks to strike exhibits appended to the plaintiff's reply brief that were not admitted by the trial court, and argument relying upon them, the motion is granted. To the extent that the defendant requests attorney's fees in connection with the motion, the request is denied without prejudice to the defendant moving for attorney's fees pursuant to Supreme Court Rule 23.

  Having considered the briefs and that portion of the record properly submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

  The plaintiff, Paul Maravelias, appeals orders of the Circuit Court (<u>Coughlin</u>, J.), following a three-day bench trial, ruling in favor of the defendant, David DePamphilis, on his stalking petition, <u>see</u> RSA 633:3-a (Supp. 2017), and awarding the defendant attorney's fees and costs. We construe the plaintiff's brief to contend that the trial court was compelled to find in his favor on the stalking petition and that it erred by awarding the defendant attorney's fees and costs.

  We first address whether the trial court erred as a matter of law in denying the stalking petition. In reviewing a trial court's decision rendered after a trial on the merits, we uphold the trial court's factual findings and rulings unless they lack evidentiary support or are legally erroneous. <u>O'Malley v. Little</u>, 170 N.H. 272, 275 (2017). We do not decide whether we would have ruled differently than the trial court, but rather, whether a reasonable person could have reached the same decision as the trial court based upon the same evidence. <u>Id</u>. Thus, we defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence. <u>Id</u>. We review the trial court's application of the law to the facts <u>de novo</u>. <u>Id</u>.

# EXHIBIT A

The offense of stalking includes "[p]urposely, knowingly, or recklessly engag[ing] in a course of conduct targeted at a specific person which would cause a reasonable person to fear for his or her personal safety," when the targeted person "is actually placed in such fear." RSA 633:3-a, I(a). "Course of conduct" is defined as "2 or more acts over a period of time, however short, which evidences a continuity of purpose." RSA 633:3-a, II(a). Such acts are not limited to those that are targeted against the person directly, but include threats against the targeted person's immediate family. Fisher v. Minichiello, 155 N.H. 188, 191-92 (2007). However, such acts do not "include conduct that was necessary to accomplish a legitimate purpose independent of making contact with the targeted person." RSA 633:3-a, II(a).

In this case, the plaintiff based his December 2017 stalking petition upon "three major incidents": (1) in December 2016, the defendant made angry telephone calls to the plaintiff and his father after the plaintiff attempted to give the defendant's daughter a Maserati sports car for her sixteenth birthday; (2) in March 2017, the defendant checked to ascertain whether the plaintiff was within the vicinity of the defendant's property, drove toward the police station, and spoke with a police officer after he received an anonymous letter, which the plaintiff later admitted to have "aided in" composing, that excoriated the defendant, his daughter, and her boyfriend in obscene terms; and (3) in June 2017, the defendant's daughter posted a photograph on a social media site depicting her, her boyfriend, and the defendant making an obscene hand gesture and captioned it "did Dartmouth teach you how to do this," a reference to the plaintiff's alma mater. We note that the plaintiff testified that he had had no direct contact with the defendant since December 2016.

Neither the plaintiff nor his father testified that the defendant threatened them during the December 2016 "angry" phone calls. The plaintiff testified that he was out of the country when the defendant received the anonymous letter and did not learn that the defendant had searched around his house and driven toward the police station until months after the fact. The plaintiff testified that the defendant's daughter, and not the defendant, posted the photo and caption, which the plaintiff had previously characterized as "puerile" and "risible." He further testified that the only reason he saw the photo was because he was tracking the daughter's social media sites. To the extent that the plaintiff likens his situation to those in Fisher and State v. Simone, 152 N.H. 755 (2005), we disagree. See Fisher, 155 N.H at 189 (stating defendant left 45 minute voice mail message threatening plaintiff with retaliation and kept plaintiff's staff on phone for hours); Simone, 152 N.H. at 760 (stating defendant called plaintiff up to 20 times a day and told plaintiff that he was suicidal and out of control).

The plaintiff argues that the trial court erred by finding no credible evidence that the "three major incidents" occurred. However, the trial court found that he "did not provide any credible evidence of the allegations set forth in the petition . . . that the . . . Defendant committed acts of stalking as defined

# EXHIBIT A

under RSA 633:3-a," (emphasis added), not that the acts themselves never occurred. To the extent that the trial court paraphrased this finding in its order on attorney's fees, this did not alter the original finding. Moreover, the trial court found "that any action(s) taken by the [defendant] were reasonable and necessary and for a legitimate purpose[,] i.e. protection of his minor daughter and family." See RSA 633:3-a, II(a).

The plaintiff raises a number of additional arguments in his brief regarding the denial of his petition. As the appealing party, he has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the record, we conclude that the trial court's determination that the acts identified by the plaintiff did not constitute stalking is supported by the record and not legally erroneous. See O'Malley, 170 N.H. at 275.

We next address whether the trial court erred in awarding the defendant attorney's fees and costs. Although the general rule in New Hampshire is that parties pay their own attorney's fees, an award of attorney's fees is appropriate when one party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. Fat Bullies Farm, LLC v. Devenport, 170 N.H. 17, 30 (2017). When attorney's fees are awarded against a private party who has acted in bad faith, the purpose is to do justice and vindicate rights, as well as to discourage frivolous lawsuits. Id.

We will not overturn the trial court's decision concerning attorney's fees absent an unsustainable exercise of discretion. Id. To warrant reversal, the discretion must have been exercised for reasons clearly untenable or unreasonable to the prejudice of the objecting party. Id. We give tremendous deference to a trial court's decision regarding attorney's fees. Id. If there is some support in the record for the trial court's determination, we will uphold it. Id. To the extent that the plaintiff argues that RSA 633:3-a does not authorize an award of attorney's fees, statutory authority is not required for an award of attorney's fees based upon a litigant's bad faith. See id.

In this case, the trial court found that the plaintiff's "stalking petition . . . was oppressive, vexatious, arbitrary, capricious and/or in bad faith" and that the plaintiff's "positions were patently unreasonable." Contrary to the plaintiff's argument, attorney's fees may be awarded when the party has filed only one action against the other party in bad faith. See Keenan v. Fearon, 130 N.H. 494, 502 (1988) (stating that court may award counsel fees in any action commenced, prolonged, required or defended without any reasonable basis in the facts provable by evidence, or any reasonable claim in the law as it is, or as it might arguably be held to be). To the extent that the plaintiff argues that the trial court's denial of the defendant's motion to dismiss at the close of the plaintiff's case precluded its subsequent finding that the plaintiff acted in bad faith, the standards for each determination are distinct. See Kukene v. Genualdo, 145 N.H. 1, 4 (2000) (stating denial of summary judgment does not per se preclude

# EXHIBIT A

finding of bad faith). To the extent that the plaintiff argues that he did not act in bad faith, based upon our review of the record, we conclude that the trial court's determination is supported by the evidence and not legally erroneous. See Fat Bullies, 170 N.H. at 30.

To the extent that the plaintiff argues that a $61.95 expense dated October 25, 2017, was erroneously included in the trial court's award, the defendant waives this expense in his brief.

Any remaining issues raised by the plaintiff in his brief either are not sufficiently developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), or otherwise do not warrant further discussion, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

Lynn, C.J., and Hicks, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,
Clerk**

Distribution:
10th N.H. Circuit Court - Derry District Division, 473-2017-CV-00150
Honorable John J. Coughlin
Honorable David D. King
Mr. Paul Maravelias
Simon R. Brown, Esquire
Timothy A. Gudas, Supreme Court
Allison R. Cook, Supreme Court
File