# EXHIBIT E

Eileen Fox, Clerk of Court
New Hampshire Supreme Court
One Charles Doe Drive
Concord, NH 03301

December 31st, 2018

Paul Maravelias
34 Mockingbird Hill Rd
Windham, NH 03087

RE:    Paul Maravelias vs. David DePamphilis
        Case No. 2018-0376

Dear Clerk Fox:

Enclosed please find an original and seven copies the herein Appellant's *Objection to Appellee's Request for Taxation of Costs and Award of Attorney's Fees* for filing in the above-referenced case.

Thank you for your attention to this matter.

Sincerely,

Paul J. Maravelias

CC: Simon R. Brown, Esq.

# EXHIBIT E

THE STATE OF NEW HAMPSHIRE

SUPREME COURT

NO. 2018-0376

PAUL MARAVELIAS

V.

DAVID DEPAMPHILIS

### APPELLANT'S OBJECTION TO APPELLEE'S REQUEST FOR TAXATION OF COSTS AND AWARD OF ATTORNEY'S FEES

Plaintiff-Appellant Paul Maravelias respectfully submits the within Objection and, in support, represents as follows:

1. On 12/28/18, Appellee filed a Motion entitled "Appellee's Request for Taxation of Costs and the Award of Attorneys' [*sic*] Fees" in this case.

2. This case itself arises from a punitive attorney's fees award against Maravelias for filing a truthful Stalking Petition against David DePamphilis in 2017.

3. For context, the evidence-corroborated circumstances thereof included (1) DePamphilis's "senseless bullying" in December 2016 "caus[ing] [Maravelias] mental anguish" (A8) by making (2) telephone calls of such profanity and hostility to cause Maravelias's father Theodore to testify he "feared" for his son's safety and felt "threatened" (T166,182,205), (3) DePamphilis's vulgar middle-finger social media post with his daughter against Maravelias in June 2017, attempting to incite Maravelias to an unlawful response by taunting him with her new boyfriend (Brief18-19;A6), (4) David DePamphilis's profane verbal explosion at Maravelias in the courtroom, requiring Judge

1

# **EXHIBIT E**

Coughlin to warn David DePamphilis by penalty of criminal contempt (*See* Brief 33,34), (5) DePamphilis's wild internet libel of Maravelias, calling Maravelias a "sexual predator" himself or through a third party (*See* Brief at 33, T77), among many other frightening acts.

4.     Despite all the above, this Court neither issued a final protective order *nor even reversed the trial court's shocking award of attorney's fees*, itself granted by a judge (Hon. John J. Coughlin) whose automatic, prejudicial bias against Maravelias has been extensively documented. *See* 10/31/18 Motion to Set Aside Judgement, A115 in Appendix of Defendant's Brief in No. 2018-0483.

5.     Appellee now advances a request for attorney's fees in this appeal case. Appellant objects to this idiosyncratic request of David DePamphilis, who has continued to victimize and harass Paul Maravelias and his family since the filing of the petition.[1]

6.     Maravelias's challenge in this appeal to the underlying fees award was meritorious in its validity as a legal claim and compellingly necessary, regardless of this Court's subsequent unwillingness to reverse.

7.     Per N.H. Sup. Ct. R. 23, this case does not approach the "extreme" circumstances required for an award of attorney's fees at the appellate level. Further, DePamphilis's request for taxation of costs should be denied as well, since the instant appellate litigation addressed an important question of public policy (i.e., stalking victims' liability for potential legal costs in connection with seeking court relief) and was doubtlessly a good-faith attempt to restore over $9,000 an impecunious 22-year-old believed was extorted from him by a rich 49-year-old Executive COO who owns two opulent homes and five cars: David DePamphilis, who has, besides his alleged stalking

---

[1] For example, David DePamphilis has recently pioneered a campaign to humiliate and defame Maravelias's younger teenage sister. As a 49-year-old man, David DePamphilis recently solicited communications with multiple teenage girls at Windham High School and exhorted them to "not be friends" with Maravelias's 17-year-old sister in a cruel attempt to sabotage her social life out of bitter filial envy.

2

acts, persisted in a bitter campaign of legal abuse and harassment of Mr. Maravelias due to resentful filial envy.

8.  While Maravelias composed all briefs and pleadings in this case by himself with zero outside assistance, he did consult with at least one New Hampshire practicing attorney before initiating the appeal. Maravelias was advised that his appeal was meritorious, that the trial court's award of fees was stunningly unexpectable, and that a "one-bite" rule always applied in this attorney's experience where, even if an actor does once act in bad faith, punitive fees award should only follow a sustained course of conduct. Maravelias, on the other hand, never once acted in bad faith.

9.  Given his lawyer's blessing, Maravelias pursued this appeal in good faith, righteously indignant that his funds had been judicially stolen from him by David DePamphilis – the same man who excogitated a malvagious scheme to reduce Maravelias under the tyranny of a *false* stalking restraining order for vindictive harassment purposes in 2016, absent any and all circumstances of actual stalking. *See* No. 2018-0483.

10. Although DePamphilis's new motion for award of attorney's fees in this appellate case does not warrant further discussion and is totally groundless, Maravelias addresses it in further detail to serve the interest of thoroughness.

### A. DePamphilis's Motion Either Misquotes the Trial Court's Order or Proves That Maravelias's Argument Was Correct About the Trial Court Having Blindly Ignored the Facts in Prejudice of Maravelias

11. On Page 2 of his Motion, DePamphilis quotes Judge Coughlin's Order appending a full-stop period after the words "did not provide any credible evidence of the allegations as set for in the Petition." This contradicts this Court's 11/30/18 Order which defended Judge Coughlin's Order by stipulating that this clause was qualified by the ensuing "that the … Defendant committed acts of stalking as defined under RSA 633:3-a" phrase. *See* 11/30/18 Order at 2-3.

3

# EXHIBIT E

12. In other words, since Maravelias did corroborate his true accusations with physical evidence and only generated legal dispute about the legal significance of his accurate factual allegations, his truthful conduct cannot be construed as misleading or made in bad faith, as DePamphilis's Motion deceptively attempts to argue.

13. DePamphilis's Motion, however, does usefully elucidate the injustice that Judge Coughlin *did, in fact, intend* to suggest Maravelias had provided "no credible evidence" that his "allegations" even occurred; indeed, this is what all parties understood the trial court to mean. DePamphilis's Motion therefore aids Maravelias's argument that Judge Coughlin has habitually disfavored Maravelias through fact-amnestic blindness, undermining both the affirmed and the now-sought requests for award of attorney's fees.

### B. Appellee DePamphilis Persists in Bold Falsity to Accentuate His New Request for Appellate Attorney's Fees with the False Semblance of Reasonableness

14. Appellee and his counsel have persisted in unethical misrepresentation misconduct in the 12/28/18 Motion. Maravelias invites The Honorable Court to review his 12/10/18 letter sent to Attorney Brown warning him to cease and desist the unethical falsity misconduct, attached to Maravelias's 12/17/18 Objection in Case No. 2018-0483.

#### (i) Maravelias's 10/9/18 Motion to Strike was Necessary, Correct, and Insufficiently Contested by DePamphilis

15. Maravelias filed a Motion to Strike in this case, accurately noting that DePamphilis's Brief 1) violated some of the new formatting requirements set forth in the 2018 updated rules and, far more significantly, 2) mysteriously blurred his own text messages in an appendical exhibit while leaving the interlocutors' contents plainly legible at different parts within the same screenshot images.

4

# **EXHIBIT E**

16. DePamphilis dishonestly contradicts himself at Paragraph at 18 of his Motion, asserting Maravelias's above claims "lacked any merit or factual basis", although <u>DePamphilis himself conceded</u> "admittedly, the [text messages were] smudged in places, obscuring some of the messages" in Paragraph 5 of his 10/22/18 Objection to Appellant's Motion to Strike. Further, this Court may behold with its own eyes the strangely specific obfuscation which appears at strategic-seeming locations throughout APP38-47 of DePamphilis's Appendix.

17. Disturbingly, Appellee DePamphilis <u>never offered any explanation whatsoever</u> for Maravelias's forensic analysis suggesting foul-play (*See* 10/9/18 Motion to Strike at Paragraph 13), including obvious rasterization artifacts and the irregular nonexistence of blurring on what would appear to be a single strategically desirable page.

18. That Maravelias's Motion to Strike was meritorious and truthful is beyond dispute, even by DePamphilis's own admission in his 10/22/18 Objection. DePamphilis continues his unmitigated habit of bold dishonesty when claiming Maravelias's Motion to Strike "claims lacked any merit or factual basis" (Motion¶18).

### (ii) Maravelias Did Not Introduce Four (4) Non-Record Exhibits, As DePamphilis Knows Yet Still Falsely Claims

19. DePamphilis claims that Maravelias "improperly included four (4) exhibits that were not part of the record" to his Reply Brief. (Motion¶20)

20. While <u>one</u> exhibit (Reply Brief Appendix, A6) was arguably non-record, DePamphilis exaggerates and invents rulings which this Court never, in fact, made. DePamphilis claims this Court "granted DePamphilis's Motion to Strike these exhibits [*plural*]" at Paragraph 22. However, this Court's 11/30/18 Order partially granted DePamphilis's Motion only insofar "to the extent that [exhibits were appended] that were not admitted by the trial court".

# EXHIBIT E

21. Since DePamphilis cites a second and third exhibit (A34,35) which were unquestionably part of the trial court's record (to wit, Maravelias's signed 4/13/18 *Objection to Respondent's Brief on Motion for Award of Attorney's Fees*, A14-35), his claim of plural "improper exhibits" is false.

22. DePamphilis's Motion fails to specify what the fourth alleged non-record exhibit was, unsurprisingly, because there was none.

23. DePamphilis regurgitates the argument that, since the trial court had not accepted a certain photograph as a primary exhibit at trial, the said exhibit became eternally prohibited from being appended as a relevant exhibit in a later legal pleading when newly necessary within the subsequent attorney's fees litigation two months after the underlying stalking trial and related evidentiary ruling therein. Maravelias has already responded to DePamphilis's unfounded argument.

24. Appellee DePamphilis knows that Maravelias did not include four (4) non-record exhibits, and that only one of the exhibits was arguably non-record. This constitutes yet another example of his misrepresentation misconduct in the place of legitimate legal argumentation.

### (iii) Other False and/or Misleading Statements

25. Appellant Maravelias dialectically tabulates other outrageous content of DePamphilis's 12/28/18 Motion as follows:

| DePamphilis's Statement | Maravelias Response |
|---|---|
| *"for stalking Mr. DePamphilis's teenage daughter,* | **False and irrelevant.** Maravelias never remotely "stalked" DePamphilis's daughter, nor ever interacted with, communicated with, |

6

# EXHIBIT E

| | |
|---|---|
| *Christina DePamphilis"* (¶10) | nor even saw her after a 12/12/16 romantic rejection, which was the first and only time Maravelias had expressed interest to her.<br><br>*See* Case No. 2018-0483, including the "Statement of Facts" section of Maravelias's Brief therein, reviewing the history of DePamphilis's excruciating falsity in slandering Maravelias a "stalker". Since Paul Maravelias is a respectable gentleman and honorable eldest son, it has nourished David DePamphilis's resentful envy to calumniate Maravelias with falsified legal abuse bearing the "stalking" nomenclature. |
| *"Maravelias had vowed legal retaliation if a stalking order was entered against him"* (¶11) | Maravelias never threatened "retaliation" other than civil litigation for defamation and abuse of process if DePamphilis's stalking order abuse against Maravelias came to fruition. Maravelias's personal-safety-oriented, truthful stalking petition had nothing to do with his hereunto-mercifully-unfulfilled threat to sue Christina DePamphilis on or before December 27th, 2019 for libel, slander, misrepresentation, false imprisonment, false light, IIED, abuse of process, attempted and/or actual conversion, and/or other torts which she has committed against Maravelias in her self-professed empowered feminist "independency" [*sic*]. *See* Brief, 38-39.<br><br>It is *David DePamphilis* who has threatened illegitimate stalking restraining order litigation as a form of |

7

# EXHIBIT E

| | |
|---|---|
| | malicious retaliation against *Maravelias*. On 12/23/16, after Maravelias texted DePamphilis to "stop harassing [Maravelias's] parents", DePamphilis texted Maravelias's parents saying, "that's the last straw", and promising he would now take "legal action". Although Maravelias at that time hadn't interacted with DePamphilis's daughter since the rejected dinner invitation 11 days prior, the threatened legal retaliation David promised turned out to be an absurd stalking petition regarding DePamphilis's *daughter*, not David, 5 days thereafter on 12/28/16.<br><br>*See* Brief, 15-16; A8. *See also* Reply Brief, 15; Defendant's Brief in 2018-0483, 12 |
| *"repeatedly calling Christina DePamphilis vulgar and sexually-charged names"* (¶11) | **True but irrelevant**. Christina DePamphilis's vulgar and sexual activities, which she has openly documented on public social media and even bragged about, became necessary to reference on a few occasions to strengthen Maravelias's pertinent legal arguments. For an example of a pertinent legal argument Maravelias needed to make in his self-defense which necessarily referenced Christina DePamphilis's self-documented 16-year-old vulgar and sexual activity, *see* top of Page 23, Defendant's Brief in No. 2018-0483. |
| *"establishing webpages* | **False**. Paul Maravelias's book webpage at davidtheliar.com merely accomplishes its purpose 1) to |

8

# EXHIBIT E

*denouncing Mr. DePamphilis"* (¶11) | provide information about his eponymous philosophical book and 2) post public legal documents/legal updates regarding DePamphilis's perjury-fueled legal persecution of Paul Maravelias.

By now, the falsity of DePamphilis's legal abuse has been manifoldly documented by an audio recording, a happenstance video recording from 2013, his own daughter's harassing social media conduct against Maravelias, and a host of other now-exposed facts, including his daughter's rampant lying under oath. *See* Defendant's Brief in 2018-0483, 23-25.

It is *DePamphilis* who has slandered *Maravelias* on the web, baselessly libeling Maravelias a "sexual predator" himself or through a third party. *See* Brief at 33, ¶77. Maravelias has never been remotely accused of any act by anyone which would even approach warranting this defamatory-*per-se* characterization.

WHEREFORE, for the reasons hereinabove set forth, Plaintiff-Appellant Paul Maravelias respectfully requests this Honorable Court:

1) Deny Appellee's 12/28/18 Motion;
2) Deny Appellee's 12/28/18 request for taxation of costs[2];

---

[2] For increased convenience in the event this Court does approve granting DePamphilis's $65.45 brief-printing cost, Maravelias certifies he has included $3.50 with this pleading as mailed to Appellee, which covers this $65.45 cost less the $61.95 awarded expense, already erroneously paid, which Defendant has waived.

9

# EXHIBIT E

3) Deny Appellee's 12/28/18 request for award of appellate attorney's fees; and

4) Grant any further relief as shall be deemed just and proper.

Respectfully submitted,

PAUL J. MARAVELIAS,

*in propria persona*

Dated: December 31st, 2018

## CERTIFICATE OF SERVICE

I, Paul Maravelias, certify that a copy of the foregoing *Appellant's Objection to Appellee's Request for Taxation of Costs and Award of Attorney's Fees* was sent on this day via first-class mail, postage prepaid, to Simon R. Brown, Esq., counsel for the Defendant-Appellee, David DePamphilis, P.O. Box 1318, Concord, NH, 03302-1318.

December 31st, 2018

10