UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

```
*************************************
Paul Maravelias,                    *
                                    *
        Plaintiff,                  *
    v.                              *   Civil No. 1:19-cv-487-JL
                                    *
New Hampshire Supreme Court, et al  *
                                    *
        Defendants.                 *
                                    *
*************************************
```

## DEFENDANTS' MOTION TO DISMISS

The defendants, the New Hampshire Supreme Court and Chief Justice Robert J. Lynn, respectfully move to dismiss the claims against them pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In support thereof, the defendants state as follows:

## INTRODUCTION

1. Plaintiff Paul Maravelias seeks to use this federal forum to evade an attorney's fees award entered against him by the New Hampshire Supreme Court. He brings a twelve-count complaint against the New Hampshire Supreme Court and its Chief Justice, Robert J. Lynn, raising a litany of federal and state claims.

2. Maravelias's claims are barred by the *Rooker-Feldman* doctrine.[1] While Maravelias frames this action as a challenge to the New Hampshire Supreme Court Rule authorizing the award of fees against him, it is in fact nothing more than an attempt to undo a prior state court judgment with which he disagrees. This court accordingly lacks subject-matter jurisdiction over Maravelias's claims. *See Tyler v. Supreme Judicial Court of Mass.*, 914 F.3d

---

[1] *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

1

47, 51 (1st Cir. 2019) (*Rooker-Feldman* applies when "the plaintiff's federal suit is, in effect, an end-run around a final state-court judgment.").

3. Additionally, both defendants are immune from suit. Maravelias's claims against the New Hampshire Supreme Court are barred by the Eleventh Amendment. Likewise, Chief Justice Lynn is entitled to absolute judicial immunity on all of Maravelias's claims. These stand as independent bases to dismiss this action.

## STANDARD OF REVIEW

4. The standards under Rules 12(b)(1) and 12(b)(6) are largely identical. *See Gordo-Gonzalez v. United States*, 873 F.3d 43, 48 (1st Cir. 2017). When ruling on a motion to dismiss under either rule, the court must "take the complaint's well-pleaded facts as true" and "draw all reasonable inferences in the plaintiff['s] favor." *Barchock v. CVS Health Corp.*, 886 F.3d 43, 48 (1st Cir. 2018) (citation and internal quotation marks omitted). "Well pleaded facts must be non-conclusory and non-speculative." *Id.* (same omissions). To survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (same omissions). "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *Id.* (same omissions).

## BACKGROUND

5. The relevant background can be summarized succinctly.[2] On March 8, 2017, Maravelias filed a civil stalking petition against a David DePamphilis in New Hampshire Circuit Court. *Id.* ¶ 12. The Circuit Court denied that petition and awarded DePamphilis attorney's fees

---

[2] While Maravelias dedicates more than 70 paragraphs to describing the underlying state-court proceedings, he acknowledges that he is not challenging the vast majority of those actions in this lawsuit. *See* ECF Doc. No. 1 ¶ 73.

and costs. *Id.* ¶¶ 19, 23. Maravelias appealed the denial of the petition and the fee award to the New Hampshire Supreme Court. *Id.* ¶¶ 32. The New Hampshire Supreme Court affirmed the Circuit Court's rulings in all respects. *See* ECF Doc. No. 1-2. DePamphilis then moved for an award of attorney's fees under New Hampshire Supreme Court Rule 23. ECF Doc. No. 1-5. Over Maravelias's objection, the New Hampshire Supreme Court granted DePamphilis's motion for fees on February 21, 2019, and directed DePamphilis to file an itemization of the attorney's fees he was seeking. ECF Doc. No. 1-10. DePamphilis filed an itemization on March 4, 2019, seeking $4,900.00 in fees. ECF Doc. No. 1-12. The New Hampshire Supreme Court awarded DePamphilis that full amount in an order dated March 29, 2019. ECF Doc. No. 1-13. This action followed.

## ARGUMENT

**I.      Maravelias's claims are barred by the *Rooker-Feldman* doctrine.**

6.      Under the *Rooker-Feldman* doctrine, "'lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments.'" *Tyler*, 914 F.3d at 50 (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)). *Rooker-Feldman* applies "where the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Id.* (citations and internal quotation marks omitted). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Id.* (same omissions).

7.      Maravelias's claims are, by their plain terms, an attempt to use this federal forum to undo an award of attorney's fees entered against him by the New Hampshire Supreme Court.

This is evident from Maravelias's prayer for relief, where he asks the court to declare the attorney's fees award unconstitutional and to "[e]nter a permanent injunction prospectively restraining all Defendants and their officials, employees, and agents from enforcing" the attorney's fees award. *See* ECF Doc. No. 1 at 28 (Prayer for Relief I & II). To grant that relief, this court would necessarily have to review and reject the judgment of the New Hampshire Supreme Court in entering that award. Under *Rooker-Feldman*, this court is not empowered to do so. *See Tyler*, 914 F.3d at 50 ("The only federal court with statutory jurisdiction to review a state court's decision is the [United States] Supreme Court."). Maravelias's claims must accordingly be dismissed.

8. By devoting several paragraphs of his complaint to explaining why *Rooker-Feldman* does not apply to this case, Maravelias tacitly acknowledges that his claims implicate that doctrine. *See* ECF Doc. No. 1 ¶¶ 67–77. But Maravelias's only substantive argument to that end is that the fees award challenged in this action was not the result of a "judicial proceeding." Maravelias cites no legal authority for that proposition, and the defendants have been unable to identify any. And it is difficult to conceive how it is not a judicial act for a court to award attorney's fees under a rule that grants that court discretion to award such fees if it determines that an appeal brought before it was "frivolous or in bad faith." N.H. Sup. Ct. R. 23. Maravelias's conclusory argument to the contrary is not entitled to the assumption of truth. *See Barchock*, 886 F.3d at 48. It therefore does not save his claims from *Rooker-Feldman*'s jurisdictional bar.[3]

---

[3] To the extent Maravelias suggests that an award of attorney's fees cannot constitute a final state-court judgment for the purposes of *Rooker-Feldman*, he is incorrect. *See, e.g.*, *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 604–07 (7th Cir. 2008) (holding that federal claims alleging that debt collectors violated Federal Debt Collection Practices Act by seeking attorney's fees award in state-court collections actions were barred by *Rooker-Feldman* because federal

4

9. Maravelias's only other argument as to why *Rooker-Feldman* does not apply is that he is challenging the constitutionality of Rule 23 itself, not the underlying fee award. While "it is true that the *Rooker-Feldman* doctrine does not bar a general attack on the constitutionality of a state law that does not require review of a judicial decision in a particular case," "that exception does not apply if the relief sought in federal court is directed toward undoing the prior state judgment." *Tyler*, 914 F.3d at 51 (citations and internal quotation marks omitted). "[T]he critical datum is whether the plaintiff's federal suit is, in effect, an end-run around a final state-court judgment." *Id.* (same omissions). Maravelias brings this action to invalidate an adverse state-court judgment with which he disagrees. The mere fact he attempts to do so by challenging Rule 23 does not move this action beyond *Rooker-Feldman*'s reach.

10. In sum, this court lacks subject-matter jurisdiction over Maravelias's claims under the *Rooker-Feldman* doctrine. Accordingly, the court should dismiss Maravelias's claims in their entirety.

## II. Maravelias's claims against the New Hampshire Supreme Court are also barred by the Eleventh Amendment.

11. Even if *Rooker-Feldman* did not bar Maravelias's claims against the New Hampshire Supreme Court, this court would still lack jurisdiction over those claims under the Eleventh Amendment. "As a general matter, 'states are immune under the Eleventh Amendment from private suits in federal courts.'" *Wojcik v. Mass. State Lottery Comm.*, 300 F.3d 92, 99 (1st Cir. 2002) (quoting *Greenless v. Almond*, 277 F.3d 601, 606 (1st Cir. 2002)). This court has previously found that the New Hampshire Supreme Court is a "state entity" entitled to Eleventh

---

court hearing FDCPA action would have to evaluate state-court judgments); *Frierson-Harris v. Kall*, 198 F. App'x 529, 530 (7th Cir. 2006) (holding that challenge to state-court attorney's fees award was barred by *Rooker-Feldman* despite plaintiff's allegation that the award was the result of a conspiracy).

Amendment immunity, *see Macdonald v. Broderick*, 2004 DNH 137, 9 (McAuliffe, J.), and this conclusion is consistent with the provision of the New Hampshire Constitution establishing the New Hampshire judicial branch, *see* N.H. Const. Part II, Art. 72-a ("The judicial power *of the state* shall be vested in a supreme court, a trial court of general jurisdiction known as the superior court, and such lower courts as the legislature may establish under [Part II, Article 4]." (emphasis added)). Accordingly, the Eleventh Amendment bars Maravelias's claims insofar as they are brought against the New Hampshire Supreme Court. This stands as an independent basis for the court to dismiss those claims.[4]

### III. Marvelias's claims against Chief Justice Lynn are barred by the doctrine of absolute judicial immunity.

12. Likewise, the doctrine of absolute judicial immunity bars Maravelias's claims against Chief Justice Lynn. The First Circuit recently discussed that doctrine in *Zenon v. Guzman*, __ F.3d __, 2019 WL 2119627 (1st Cir., May 15, 2019). In that case, the First Circuit noted that the Supreme Court set forth the doctrine in *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335 (1871), and emphasized that the "breadth of the protection is fulsome, shielding judges even when their actions are malicious, corrupt, mistaken, or taken in bad faith." *Id.* at *4. The First Circuit noted that "it is an axiom of black letter law that when a judge carries out traditional adjudicatory functions, he or she has absolute immunity for those actions." *Id.* (citing *Goldstein v. Galvin*, 19 F.3d 16, 25 (1st Cir. 2013)). It further explained that "immunity is overcome only in cases where a judge is carrying out a nonjudicial action, or in instances where a judge takes an

---

[4] Maravelias cannot rely on the narrow exception to Eleventh Amendment immune recognized in *Ex Parte Young*, 209 U.S. 123 (1908). That doctrine "permits suits to proceed against state officers in their official capacities to compel them to comply with federal law." *Vaquieria Tres Monjitas, Inc. v. Irizarry*, 587 F.3d 464, 478 (1st Cir. 2009) (citation omitted). It does not extend to suits brought against the state itself. *See id.* at 477 ("[A] state may not be sued directly absent its own consent . . . .").

action, though seemingly 'judicial in nature,' that is 'in the complete absence of all jurisdiction.'" *Id.* at \*5 (quoting *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (per curiam)). Thus, according to the First Circuit, "the relevant inquiry is the 'nature' and 'function' of the act, not the act itself." *Id.* (quoting *Mireles*, 502 U.S. at 13).

13. It is unclear from Maravelias's complaint how precisely he believes Chief Justice Lynn violated his rights. Maravelias mentions Chief Justice Lynn by name in just two of the nearly 150 paragraphs comprising his complaint. *See* ECF Doc. No. ¶¶ 11, 97. But regardless of the precise theory underpinning Maravelias's claims against the Chief Justice, those claims are barred by the doctrine of judicial immunity. As discussed above, the crux of this lawsuit is a challenge to an attorney's fees award entered against him by the New Hampshire Supreme Court. Contrary to Maravelias's suggestion, that award was plainly a judicial act. It therefore falls squarely within the protection judicial immunity affords.[5] Thus, even if the court had subject-matter jurisdiction over this action, Maravelias's claims against Chief Justice Lynn would still need to be dismissed.

## CONCLUSION

14. This court lacks jurisdiction over Maravelias's claims under the *Rooker-Feldman* doctrine. If further lacks jurisdiction over the claims against the New Hampshire Supreme Court under the Eleventh Amendment. Additionally, the claims against Chief Justice Lynn are barred

---

[5] Though he never articulates it outright, Maravelias suggests that New Hampshire Supreme Court acted in excess of its jurisdiction in awarding the fees in question. His statements to this effect are conclusory, and are therefore not entitled to the assumption of truth. But even if they were entitled to such an assumption, absolute judicial immunity would still apply. *See Stump v. Sparkman*, 435 U.S. 349, 355–357 (1978) (noting that acts in excess of jurisdiction remain entitled to judicial immunity); *see also id.* at 357 n.7 (illustrating the difference between a judicial act in excess of jurisdiction and one in clear absence of all jurisdiction).

by the doctrine of absolute judicial immunity. For these reasons, and those stated above, the court should grant this motion and dismiss Maravelias's complaint in its entirety.

15. No separate memorandum of law is required in support of this motion as all of the relevant legal authority relied upon is cited herein. LR 7.1(a)(2).

WHEREFORE, the defendants respectfully request that this Honorable Court issue an order:

A. Granting this motion to dismiss;

B. Dismissing all of the claims against them; and

C. Granting any such further relief as the court may deem just and equitable.

Respectfully submitted,

**THE NEW HAMPSHIRE SUPREME COURT and CHIEF JUSTICE ROBERT J. LYNN**

By their attorney,

GORDON J. MACDONALD
ATTORNEY GENERAL

Date: May 28, 2019

/s/ Nancy J. Smith
Nancy J. Smith, NH Bar ID # 9085
Senior Assistant Attorney General
New Hampshire Attorney General's Office
33 Capitol Street
Concord, NH 03301
Phone: (603) 271-3650
nancy.smith@doj.nh.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was served on all parties using the court's ECF systam

Date:  May 28, 2019              /s/ Nancy Smith
                                                Nancy J. Smith