**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| PAUL MARAVELIAS, | )     Civil No. 1:19-CV-00487(JL) |
|           *Plaintiff,* | ) |
|    v. | ) |
| | ) |
| SUPREME COURT OF NEW HAMPSHIRE, and | ) |
| ROBERT J. LYNN, in his individual and official | ) |
| capacities as Chief Justice of the Supreme Court of | ) |
| New Hampshire. | ) |
|           *Defendants*. | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Now comes Paul Maravelias ("Plaintiff") and Objects to Defendants' 5/28/19 Motion to Dismiss. In further support thereof, Plaintiff states as follows:

**INTRODUCTION**

1.      All but one of the five Justices of the New Hampshire Supreme Court have committed malicious non-judicial ministerial acts (taken <u>multiple months</u> after the resolution of the underlying judicial-proceeding appeal case) of extortionate retaliation, accounting fraud, and pecuniary theft against Plaintiff.  If any regular non-governmental agency had committed these same wrongs, they would doubtlessly have already been prosecuted by criminal law enforcement. Notwithstanding the above, Defendants now move to dismiss the Complaint.

2.      Plaintiff objects. Defendants' Motion to Dismiss sounds in lack of subject matter jurisdiction, judicial immunity, and an Eleventh Amendment bar to suit. None of these objections have any legal merit as Plaintiff aspires will be clear from his forthcoming Amended Complaint.

1

3.      Defendants crafted their Motion to Dismiss to suggest wrongly that Plaintiff brings this suit to complain about unfavorable results of a judicial proceeding. In reality, this suit addresses Defendants' patently criminal acts of fraud and theft, performed in the name of a rule they themselves promulgate and enforce. Defendants used a months-finished legal appeal case as a vehicle for their tortious acts. Defendants' acts are <u>ministerial diktats</u> sharply distinguished, both procedurally and temporally, from their judicial rulings on the substance of the incident appeal case.

## PLAINTIFF'S FORTHCOMING AMENDED COMPLAINT
## MOOTS THE MOTION TO DISMISS

4.      F.R.C.P. 15(a)(1)(B) permits amendment of pleadings as a matter of course. Plaintiff shall soon file his Amended Complaint to include allegations obviating the need to respond to many, if not all, of the Defendants' untenable contentions in the instant Motion.

5.      Plaintiff's forthcoming Amended Complaint alleges new material facts unable to have been known at the filing of Plaintiff's Original Complaint.

6.      Should Defendants still wish to renew their Motion to Dismiss arguments even in response to the Amended Complaint, Plaintiff requests the opportunity to be fully heard in opposition. It is not necessary that he address Defendants' unripe arguments for dismissal here, since they are to be mooted[1] (and, likely, nullified) by the Amended Complaint.

---

[1] "[A]s a general proposition, if a defendant files a Motion to Dismiss, and the plaintiff later files an Amended Complaint, the amended pleading renders the defendant's Motion to Dismiss moot." *Onyiah v. St. Cloud State University*, 655 F. Supp. 2d 948 (D. Minn. 2009) *See also Ideal Instruments, Inc. v. Rivard Instruments, Inc.,* 434 F. Supp. 2d 640, 646 (N.D.Iowa 2006); *Standard Chlorine of Del., Inc. v. Sinibaldi*, 821 F. Supp. 232, 239 (D. Del. 1992) (holding that an amended complaint renders a motion to dismiss the original complaint moot). "[A]n amended complaint supersedes the original one rendering the original complaint null and void." *Vadas v. U.S.*, 527 F.3d 16, 19 (2nd Cir. 2007). *See also Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007). "Since the amended complaint replaces

7.     Plaintiff is *pro se* and works a full-time occupation. His forthcoming Amended Complaint additionally serves to maximize judicial economy by eliminating his otherwise need to file a Motion for Extension of Time to File Opposition to Defendants' Motion to Dismiss.

8.     No separate memorandum of law is required in support of this objection as all relevant legal authority relied upon is cited herein. *See* LR 7.1(a)(2).

WHEREFORE, Plaintiff Paul Maravelias respectfully requests this Honorable Court:

A.     Deny the Defendants' 5/28/19 Motion to Dismiss the Original Complaint without prejudice to their ability to move to dismiss Plaintiff's forthcoming Amended Complaint;

B.     Grant any further relief as may be deemed just and proper.

Dated: June 11th, 2019                    Respectfully submitted,

PAUL J. MARAVELIAS,

*in propria persona*

/s/ Paul J. Maravelias, *pro se*

**Paul J. Maravelias**
34 Mockingbird Hill Rd
Windham, NH 03087
paul@paulmarv.com
603-475-3305

---

the original complaint, the motions to dismiss the original complaint are moot." *Weiss v. Astella Pharma US, Inc.*, No. 5:05cv527, 2006 WL 1285406, at *1 n. 1 (E.D. Ky. May 10, 2006) (motions to dismiss the original complaint were moot following amendment of complaint), *inter plurima alia.*

## <u>CERTIFICATE OF SERVICE</u>

I, Paul Maravelias, certify that a timely provided copy of this document is being sent on this date to counsel of record for the Defendants pursuant to the rules of this Court.

<u>/s/ Paul J. Maravelias</u>                              Dated: June 11th, 2019
**Paul J. Maravelias**

4