# PretiFlaherty

**EXHIBIT D**

Portland, ME
Augusta, ME
Concord, NH
Boston, MA
Washington, DC

Simon R. Brown
sbrown@preti.com
Direct Dial: 603.410.1555

December 28, 2018

**VIA HAND DELIVERY**

Eileen Fox, Clerk
NH Supreme Court
One Charles Doe Drive
Concord, NH 03301

      RE:    **Paul Maravelias v. David DePamphilis**
              Case No. 2018-0376

Dear Clerk Fox:

      Enclosed please find an original and one (1) copy of Appellee's Request for Taxation of Costs and the Award of Attorneys' Fees for filing in the above-referenced case.

      Thank you for your attention to this matter.

                                                 Sincerely,

                                                 Simon R. Brown

SRB:as
Enclosure
cc:    Paul Maravelias, *pro se*

Preti Flaherty
Beliveau & Pachios PLLP
Attorneys at Law

**Shipping Address Only - No Mail Delivery:** 57 North Main Street, Concord, NH 03301
**Mailing Address:** PO Box 1318, Concord, NH 03302-1318 | Tel 603.410.1500 | **www.preti.com**

13654843.1

# **EXHIBIT D**

THE STATE OF NEW HAMPSHIRE
SUPREME COURT

CASE #2018-0376

PAUL MARAVELIAS

V.

DAVID DEPAMPHILIS

### APPELLEE'S REQUEST FOR TAXATION OF COSTS AND THE AWARD OF ATTORNEYS' FEES

Appellee David DePamphilis, by his attorneys, Preti, Flaherty, Beliveau & Pachios, PLLP, and pursuant to Supreme Court Rule 23, respectfully submits the within Request for Taxation of Costs and the Award of Attorneys' Fees.

1. Appellant Paul Maravelias ("Maravelias" or "Mr. Maravelias") appealed to this Court the orders of the Derry Circuit Court (*Coughlin*, J.) denying his petition for a stalking order against Appellee David DePamphilis ("Mr. DePamphilis") and that court's award of attorneys' fees to Mr. DePamphilis.

2. The circuit court held:

"[Maravelias]'s stalking petition filed against (DePamphilis) and thoroughly litigated at a Final Hearing was oppressive, vexatious,

1

**EXHIBIT D**

arbitrary, capricious and/or in bad faith and further (Maravelias)'s positions were patently unreasonable as the Court found that (Maravelias) did not provide any credible evidence of the allegations as set forth in the Petition. (See Court Order dtd 2/22/18. Daigle v. City of Portsmouth, 137 N.H. 572 (1993) & Hakeem v. N.H. Dept. of Employment Security, 117 N.H. 687 (1977)."

3. Maravelias filed a Notice of Appeal on or about July 2, 2018, and the Appeal was accepted on July 27, 2018.

4. Following briefing by the parties and upon consideration of the record, this Court issued its Opinion on November 30, 2018, upholding the trial court's orders in all respects.

### I. Taxation of Costs

5. Pursuant to the provisions of Supreme Court Rule 23, Mr. DePamphilis respectfully requests this Court approve taxation of the cost incurred in connection with the reproduction and binding of his Appellee Brief and Appendix. The cost of reproducing one original and eight copies of Appellees' Brief and Appendix was $65.45. A copy of the invoice from Capitol Copy, Inc. dated October 3, 2018 is attached hereto.

6. Accordingly, Mr. DePamphilis respectfully requests this Honorable Court approve Taxation of Costs in the amount of $65.45, the

# EXHIBIT D

cost associated with the reproduction and binding of his Appellee Brief and Appendix in this matter.

## II. Attorneys' Fees

7. Mr. DePamphilis also seeks, under Rule 23, the award of his attorneys' fees in connection with defending against this Appeal.

8. In pertinent part, Rule 23 states that "[i]n the interest of justice in extraordinary cases, but not as a matter of right, the supreme court in its sole discretion may award attorneys' fees related to an appeal to a prevailing party if the appeal is deemed by the court to have been frivolous or in bad faith."

9. This was such an extraordinary case, meriting the award of attorneys' fees to Mr. DePamphilis.

10. As the Court is aware, Maravelias sought a stalking order against Mr. DePamphilis at a time when a final stalking order of protection was in effect against him for stalking Mr. DePamphilis' teenage daughter, Christina DePamphilis.

11. As argued in Mr. DePamphilis' Brief, Maravelias had vowed legal retaliation if a stalking order was entered against him, protecting Christina DePamphilis. Brief, p. 9; T 87. He then took specific actions

3

# EXHIBIT D

against the DePamphilis family, including "aiding in the composition" of a vile letter mailed to their home; authoring writings, repeatedly calling Christina DePamphilis vulgar and sexually-charged names; establishing webpages denouncing Mr. DePamphilis; and attempting to have Christina removed from the National Honor Society. Brief, pp. 9-15.

12. Despite this conduct, in December 2017, Maravelias sought a stalking order against Mr. DePamphilis, Christina's father, which the lower court correctly found was "frivolous, oppressive, vexatious, arbitrary, capricious and/or in bad faith." The circuit court also concluded that Maravelias' positions were patently unreasonable and lacked credible evidence. Accordingly, attorneys' fees were awarded to Mr. DePamphilis.

13. This Court has upheld the lower court's findings in all respects.

14. It is Mr. DePamphilis' position that, given the record below, Maravelias' pursuit of the instant appeal was, in whole, frivolous and in bad faith.

15. This position is supported, at a minimum, by Maravelias' filing of two frivolous pleadings to which Mr. DePamphilis, through counsel, was compelled to respond.

### (i) Maravelias' Motion to Strike

16. On or about October 9, 2018, Maravelias filed a Motion to Strike Appellee's Brief on the grounds, *inter alia*, that the Brief did not comply with the Court's required word limits, font size, and margin length and that counsel or Appellee had manipulated the legibility of certain text messages in his Appendix.

17. Maravelias characterized this alleged manipulation as "a non-accidental act of willful falsification." Motion ¶13. Mr. Maravelias advocated that this constituted felonious criminal conduct which should be investigated by the Attorney General's Office. Motion ¶14.

18. These claims lacked any merit or factual basis, yet Mr. DePamphilis was forced to respond in an Objection, filed on October 19, 2019.

19. In its November 30 Order, this Court denied Maravelias' Motion to Strike.

### (ii) Maravelias' Improper Introduction of Materials that were not part of the Record

20. Subsequently, in Maravelias' Reply Brief Appendix, he improperly included four (4) exhibits that were not part of the record, including a social media communication of Mr. DePamphilis' teenage

daughter when she was 12 years old (A6), despite a current stalking order condition barring him from possessing any such communications by Ms. DePamphilis.

21. In his Reply Brief Appendix, Mr. Maravelias also introduced other social media communications of Christina DePamphilis (A34-35), the latter of which (A35) was rejected as a full exhibit by the trial court at the hearing in circuit court. See T 420-424. Despite this clear ruling below, Mr. Maravelias persisted in attaching the non-admitted exhibit (A35) to a post-hearing pleading in the lower court and reproduced it again in his Reply Appendix in this Court.

22. In its November 30 Order, this Court granted Mr. DePamphilis' Motion to Strike these exhibits and denied without prejudice his request for attorneys' fees, stating that such fees could be requested under Rule 23.

23. It is submitted that the two described pleadings were frivolous and, accordingly, Mr. DePamphilis should be awarded his attorneys' fees associated with having to respond to them. As the pleadings at issue contained either baseless allegations or improperly included materials that

were not part of the hearing record, such a ruling meets the standard for the award of attorneys' fees under Rule 23.

WHEREFORE, for the reasons set forth above, Appellee respectfully requests this Honorable Court:

    A.    Approve Taxation of Costs in the amount of $65.45;

    B.    Award Appellee the above-described attorneys' fees under Supreme Court Rule 23;

    C.    If Prayer B is granted, permit Appellee to submit an itemization of attorneys' fees in this matter; and

    D.    Grant such other relief as may be just and proper.

Respectfully submitted,

DAVID DEPAMPHILIS

By his attorneys,

PRETI, FLAHERTY,
BELIVEAU & PACHIOS, PLLP

Dated: December 28, 2018     By: *[signature]*
                                      Simon R. Brown, NH Bar #9279
                                      P.O. Box 1318
                                      Concord, NH 03302-1318
                                      (603) 410-1500

**EXHIBIT D**

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of December 2018 a copy of the within *Appellee's Request for Taxation of Costs and Award of Attorneys' Fees* has been mailed to the *pro se* Appellant, Paul Maravelias.

/s/ Simon R. Brown

Simon R. Brown

8

13654724.1

# EXHIBIT D

**CAPITOL COPY INC.**
The "one-stop" solution for all your printing needs
1 Eagle Square, Concord, NH 03301
tel: 603-226-COPY (2679)   fax: 603-226-0203
www.capitolcopy.com

Invoice No. 96856
Date: 10/3/18
Cust. PO #:

Pat Flaherty

| No. Originals | Qty. Sets | Description | Total Copies | Amount |
|---|---|---|---|---|
| 113 | 8 | Brief | 904 | 45.20 |
| 2 | 9 | corrects | 18 | 4.50 |
| | 9 | velobind | | 15.75 |
| | | Re Papoulis | | |

Approval for Payment Processing
Client # 2410   Case# 86928
Initials SRB   Atty # 0212
Date 10/3/18

Total  922  65.95

Received by: [signature]

All invoices due upon receipt.
Minimum Invoice amount $10.00