# EXHIBIT J

Eileen Fox, Clerk of Court
New Hampshire Supreme Court
One Charles Doe Drive
Concord, NH 03301

February 26th, 2019

Paul Maravelias
34 Mockingbird Hill Rd
Windham, NH 03087

    **RE:**    Paul Maravelias vs. David DePamphilis
              Case No. 2018-0376

---

Dear Clerk Fox:

Enclosed please find an original and seven copies of Appellant's *Motion to Reconsider Anomalous, Arbitrary Rule 23 Award of Appeal Attorney's Fees* for filing in the above-referenced case.

Thank you for your attention to this matter.

                                                  Sincerely,

                                                  Paul J. Maravelias

                                                  _____

CC: Simon R. Brown, Esq.

# EXHIBIT J

THE STATE OF NEW HAMPSHIRE

SUPREME COURT

NO. 2018-0376

PAUL MARAVELIAS

V.

DAVID DEPAMPHILIS

## PAUL MARAVELIAS'S MOTION TO RECONSIDER ANOMALOUS, ARBITRARY RULE 23 AWARD OF APPEAL ATTORNEY'S FEES

*"All tyranny needs to gain a foothold is for
people of good conscience to remain silent."*

Dear Mr. Lynn, Ms. Hantz-Marconi, Mr. Bassett, and Gary:

    I, Paul Maravelias, respectfully command you, this Court, to reconsider and reverse your insane order forcing me to pay my opponent's attorney's fees for this meritorious and necessary appeal. You have already wrongly forced me, an impecunious 23-year-old, to pay my rich 50-year-old victimizer $9,000 extorted dollars in the underlying matter.

    You are unwise to permit your subjective frustration with me to pass into retaliatory judicial acts. All I've done is defend myself, my safety, and my rights. You are committing judicial misconduct, unchecked tyranny, and plain theft. Since I could not afford an attorney and proceeded *pro se*, you've felt empowered to devastate and oppress me howsoever you should whim. Between the two related appeals, you've blindly ignored facts and dispelled convincing legal arguments, consummating a conspicuous bias of misandry and hostility towards *pro se* litigants.

# EXHIBIT J

**You Are in Violation of N.H. Supr. Ct. R. 23**

You cannot grant "extraordinary" appeal fees award per Rule 23 without "deem[ing] [the appeal] to have been frivolous or in bad faith". Your non-descript 2/21/19 Order neglected to make any such finding. You made zero factual findings or legal conclusions which would support the notion that *this appeal* was frivolous or in bad-faith, regardless of your findings on the merits of my underlying 2017 Stalking Petition. Ergo, you break the law and commit judicial misconduct to grant a Rule 23 award of appellate fees without any specific supportable findings that this appeal was "frivolous or in bad-faith".

It is an untenable contention that the instant appeal was "frivolous or in bad-faith" for the same overlooked reasons propounded within my 12/31/18 Objection to DePamphilis's cruel, illegitimate Motion for Rule 23 appellate fees.[1]

**You Are, and Have Been, Acting in Bad-Faith against Me - not Vice-Versa**

You won't fool the public. It is abundantly clear you purposefully tarried in this case, 2018-0376, to see if I would cower-down and not call-out your 1/16/19 shameful sophistry in 2018-0483, wherein your conduct reached patently false characterizations of the record at times. After I punctuated my 1/28/19 Motion for Reconsideration in that case[2] with the fond appellation "Holy Feminist Court", you improperly retaliated against me in this case. You punished me through an unfounded Rule 23 appeal attorney's fees award. Such a rare, nearly-unheard-of thing is supposed to be limited to "extraordinary cases" of a truly "frivolous or bad-faith" appeal.

Your Order rejecting my said 2018-0483 Motion for Reconsideration and Order granting the Rule 23 fees here (after two months of malingering) were issued *on the same day*, 2/21/19. You have validated my observation you are "inflamed into rare form by

---

[1] My initial 12/31/18 Objection substantively addressing this outrageous scheme by DePamphilis may be found here: https://goo.gl/uoKN62

[2] This pleading, my 1/28/19 Motion for Reconsideration in the other case, 2018-0483, which apparently struck a negative chord with this sensitive Court, may be found here: https://goo.gl/Q7TE9f

# EXHIBIT J

[your] personal distaste for [me]". You are ruling according to your emotion rather than fact and law.

*You* are acting with capricious bad-faith against *me*.

You've put your petty disgruntlement at a 22/23-year-old standing up for his rights and reputation ahead of your legal duty. You have let your personal frustration with me trump your legal duty to stick to the four-corners of the law with objectivity and sanity.

If you force me to pay DePamphilis's appeal fees, the New Hampshire public will know their Supreme Court is nothing more than a bunch of butthurt bullies who rule according to their childish emotions. People will be terrified to exercise their legal right to appeal; already, they will be terrified to file meritorious stalking petitions where the gender politics don't jive with this Holy Feminist Court, given your outrageous underlying ruling in this appeal.

You even tacitly signaled to DePamphilis within the very first paragraph of your 11/30/18 Final Order in this case that you wanted him to motion for Rule 23 appeal attorney's fees against me. You have willfully perpetuated the John Coughlin-DePamphilis conspiracy against me to abuse my good name and extort me of funds. This injustice is a concerted effort, if not by design then in-effect.

Magnifying the present extortion against me into additional *appeal* attorney's fees terrorism will make even bigger headlines exposing your recent behavior.

### 2018-0376 Was a Beyond-Meritorious and Necessary Appeal

Here is a hard, objective fact: many appeals filed at this Court, especially by *pro se* litigants, are so far from being meritorious contentions that you don't even address the substance of said appeals. You just drop the standardized "As the appealing party, plaintiff has the burden of demonstrating reversible error…" paragraph with the legal citations and call it a Final Order. *E.g. recently*, Case Nos. 2018-0289, 2018-0209, 2018-0090, 2017-0666, 2018-0042, 2017-0733, *etc*.

# **EXHIBIT J**

In this appeal, there were two separate weighty legal issues which you addressed in a 4-page order. You did not drop the standard blurb as you would for a frivolous or meritless appeal. Instead, you addressed the appeal on the merits and engaged my important arguments.

"In this case there was a genuine question of statutory construction; therefore, it cannot be said that either party acted in bad faith by requesting that this court reconcile their dispute, *cf. Funtown USA, Inc. v. Town of Conway,* 127 N.H. 312, 499 A.2d 1337 (1985). Attorney's fees are denied." *Appeal of Janice M. Parmelee*, 127 N.H. 758 (1986). In the instant appeal, there was not one but were two genuine, compelling questions 1) of statutory and case law application to a trial court's found-facts in a stalking petition, and the legal sufficiency for a restraining order, and 2) of the propriety of a punitive attorney's fees award against someone filing a personal-safety-oriented stalking petition, in light of the extensive case law indicating said award was inappropriate.

Therefore, this appeal was obviously beyond meritorious and could not be further from a "frivolous or bad-faith" action, no matter what you say about the underlying matter. The public understands this and readily comprehends the impropriety of your current retaliatory judicial tyranny against me.

Don't continue to destroy the public's faith in you. By your own responsive legal argumentation, you have indicated this appeal was not "frivolous". Within the first paragraph of your 11/30/18 Order, you represented your wishful design to watch DePamphilis continue to defame my name and extort my money, irked unto upholding the underlying fee award without citing a single iota of support for your finding sustaining Coughlin's "bad-faith" finding.

You are not acting as passive appellate arbitrators here. Rather, your behavior is reflective of offended, partisan tyrants who have a clear agenda.

# EXHIBIT J
**You Are in Violation of the 7th, 8th, and 14th Amendments to the U.S. Constitution**

Fees of this nature would be legal, not equitable. This is a suit at common-law, and the value of the attorney's fees is over $20. I have a 7th Amendment right to a trial by jury. I ought to have all the protections and rights as if sued for fees as damages. But as it stands, an insolent and arbitrary kangaroo court is extorting me of thousands of dollars I do not have[3], without a single word of reasoning or factual findings by which Rule 23 could lawfully apply.

Rule 23, at least as-applied right now, is federally unconstitutional. Presently, there are no due process protections in place to prevent a throng of arbitrary tyrants from manipulating my financial property at the whims of their impulsive, vindictive fleshly lusts. You have not offered me any hearing on the appellate attorney's fees motion, unlike the unjust underlying trial-court fees award. You have not cited any specific facts or arguments in DePamphilis's Rule 23 Motion or my Objection thereto. I have no right to direct appeal to a higher court in this state, since there is none. You are therefore either acting against controlling law (Rule 23) or depriving me of liberty and property without due process of the law, against the 14th Amendment.

You are also imposing excessive fines and inflicting cruel, unusual punishment in violation of the 8th Amendment. You may retort, "this is not a criminal matter, it is not done in the name of a state's executive government, it is a civil equitable remedy, not a legal punishment", *etc*. For SCOTUS preservation, I state my argument to the contrary. You are a governmental entity in the State of New Hampshire punishing me with an

---

[3] For what it is worth, I have been financially devastated by John Coughlin's underlying outrageous and illegal order forcing me to pay $9,000 in legal fees to my rich victimizer– a man who legally abused me through proven-false lies about "stalking" and who himself thereafter engaged in frightening "stalking" behaviors against me for which I rightly sought court protection. I cannot afford to pay this demonstrable lawbreaker, who owns two houses and is employed as the executive COO of a leasing company, an additional unjust fees award.

arbitrary fees award without any specific factual findings on how my appeal was "frivolous or in bad-faith".

The cruelty is implicit through your obvious retaliatory motives, and the unusualness extreme. In my research, I could not find one single comparable instance of a Rule 23 *appellate* fees award by this Court. I challenge you to illuminate the last time in history this Court granted such an extraordinary measure, so that we may observe the striking comparison to my meritorious and necessary appeal here.

**Your Other Lawbreaking and Misbehavior, Showing the True Directionality of the So-Called "Bad-Faith" Conduct**

Gary, you promised you would "behave". Being sworn-in on January 31st, 2006, you said,

> "I promise to behave. Part I, Article 8 provides in part that 'All power residing originally in, and being derived from the people, all magistrates and officers of government are their substitutes and agents and at all times accountable to them.' I promise to never, ever, forget that."

Gary, when you individually committed tortious libel against me in your 1/4/19 Order denying my friend's non-lawyer representation motion in her appeal, you knew this Court did not uphold the baseless allegation my "conduct as a litigant" in filing my elaborately evidenced 2017 Stalking Petition was "patently unreasonable". Instead, this Court declined to reverse the finding of "bad faith" – very different. But you made up a fictitious, non-existent appellate finding to libel me and stroke your peevish ego[4] – "for the sole purpose of stalking and harassing" me, as I assume from your logic in 2018-0483.

---

[4]*See* pages 3 and 4 of your 11/30/18 Final Order in this case, upholding the fees award on the "bad faith" grounds exclusively, mentioning nowhere "patently unreasonable". You cited *this appeal case,* not John Coughlin's underlying order, for support of your "found to be … patently unreasonable" libel. I have never filed any patently unreasonable nor bad-faith legal action.

# EXHIBIT J

In failing to conceal your personal displeasure with me and ruling according to such rank emotions, you and your three culpable colleagues forget that you are "accountable" to the people of New Hampshire.

You cannot fulfill your accountability to the people of New Hampshire while failing to offer a single reason, finding, or stated basis whatsoever sustaining your unilateral commandment to a 23-year-old *pro se* litigant that he reimburse his rich victimizer's appeal fees. Ironically, your outrageous conduct is no different than Judge Coughlin's impetuous order of attorney's fees in the underlying matter, done at the mere drop-of-a-hat when the rich man's lawyer files a baseless motion for them, without either court ever listening to my responsive objection pleadings nor addressing the content thereof anywhere. *But see* Code of Judicial Conduct, Canon 2 Rule 2.6.

Mr. Lynn, your words from April were as follows:

> "My priorities as Chief Justice will be first and foremost to focus on the Supreme Court's core responsibility of resolving the cases before us fairly, impartially, and expeditiously, with reasoned decisions that get it right in terms of applying the law to the facts."

Sadly, Mr. Lynn, you have abandoned your commitment to "reasoned decisions". You committed a criminal violation of RSA 644:11 against me when you failed to correct your demonstrably false characterization of my testimony in the related case, 2018-0483, which I signaled was "tortious libel" in my 1/28/19 Motion for Reconsideration. In fact, you didn't offer a single word in response to that significant defect whatsoever, rather flatly denying the Motion while ignoring and not addressing its contents.[5]

---

[5] That act of yours constitutes an unscrupulous abuse of your judicial immunity. If anyone else composed and publicized a verifiably false statement alleging I said things in court which I did not say, which "will tend to expose [me] to public hatred, contempt or ridicule", I could sue such a person to recover damages for this tortious act of defamation *per se*. Here, you act with shameful boldness and disregard for my good reputation, as if you think you are above the law.

# EXHIBIT J

Here, your 2/21/19 Order offers zero reasoning whatsoever how my meritorious appeal could be found "frivolous or in bad-faith". It just says the one-sentence, "[DePamphilis' biddings] [are] granted."

Such may be the *modus operandi* of an intemperate kangaroo court. However, it cannot be the reasonable and lawful behavior which New Hampshire citizens expect of their highest court.

We expect "reasoned decisions".

---

If you commit this outrageous and unreasonable deed, the entire landscape of New Hampshire appellate litigation will shift into an unthinkable paradigm of fear and repression. Wronged parties considering appeal will think-twice about exercising their legal right to correct our corrupt trial courts' grave errors. If New Hampshire's Supreme Court merely dislikes you, you will be forced to pay thousands of dollars in legal fees and wind-up double-screwed, compared to cowering in fear and simply not exercising your right to appeal.

## EXHIBIT J

WHEREFORE, I respectfully request this Holy Feminist Court:

1) Reconsider and reverse its 2/21/19 Order granting appellate attorney's fees[6];

2) Deny Appellee's 12/28/18 request for award of appellate attorney's fees;

3) Hold a Hearing on this matter;

4) If denying the requested reconsideration, state specific facts and reasons why this appeal was allegedly "frivolous or in bad faith"; and

5) Grant any further relief as shall be deemed just and proper.

Respectfully submitted,

PAUL J. MARAVELIAS,

*in propria persona*

_____

Dated: February 26th, 2019

---

[6] I have already paid Appellee his costs. As that is not as much an "extraordinary" measure as attorney's fees, I waive my objection to the sixty-bucks in costs.

# EXHIBIT J
## CERTIFICATE OF SERVICE AND RULE 26(7) COMPLIANCE

I, Paul Maravelias, certify that a copy of the foregoing Appellant's *Motion to Reconsider Anomalous, Arbitrary Rule 23 Award of Appeal Attorney's Fees* was sent on this day via first-class mail, postage prepaid, to Simon R. Brown, Esq., counsel for the Defendant-Appellee, David DePamphilis, P.O. Box 1318, Concord, NH, 03302-1318.

Certification, further, is made of this document's compliance to word-count limitation, 2452 words being contained. *See* N.H. Sup. Ct. R. 22(2), 26(7).

February 26th, 2019  _____