# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

```
*****************************************
Paul Maravelias,                    *
                                    *
              Plaintiff,            *
       v.                           *        Civil No. 1:19-cv-487-JL
                                    *
New Hampshire Supreme Court, et al  *
                                    *
              Defendants.           *
                                    *
*****************************************
```

## DEFENDANTS' REPLY TO PLAINTIFF'S OBJECTION TO MOTION TO DISMISS

The defendants, the New Hampshire Supreme Court and Chief Justice Robert J. Lynn, submit this reply to plaintiff Paul Maravelias's objection to their motion to dismiss. In support thereof, the defendants state as follows:

**A.   The *Rooker-Feldman* doctrine bars Maravelias's claims.**

1.     Maravelias contends that the *Rooker-Feldman* doctrine does not bar his claims because the attorney's fees award he challenges in this case was not a final state-court judgment that would trigger that doctrine. The defendants have explained in their motion to dismiss why this argument is incorrect, and nothing in Maravelias's objection alters this fact. The defendants will accordingly limit their reply to a few narrow points.

2.     First, Maravelias repeatedly argues in his objection that the attorney's fees award cannot trigger *Rooker-Feldman* because the New Hampshire Supreme Court ("NHSC") did not make factual findings or cite case law when granting the appellee's fee request. Maravelias has not pointed to any authority for his implied assertion that *Rooker-Feldman* cannot apply to a state-court decision not supported by a formal written opinion. Nor would such a requirement make

1

sense, as the *Rooker-Feldman* doctrine is a jurisdictional bar which prohibits a federal court from reviewing a state-court decision in the first place, irrespective of the grounds for that decision or whether the federal court thinks the state court got it right. It is therefore the existence of the decision itself, and not the reasons for that decision, that implicates *Rooker-Feldman*.

3. Yet, Maravelias's argument would still fail even if the reasons for the NHSC's fees award were relevant to this court's inquiry. Maravelias has not identified, and the defendants have been unable to uncover, any requirement that the NHSC issue detailed written findings when granting a request for attorney's fees under Rule 23. That rule does not impose such a requirement, but instead allows the NHSC to award fees "to a prevailing party if the appeal is deemed by the court to have been frivolous or in bad faith." N.H. Sup. Ct. R. 23. Here, the appellee's request for attorney's fees explained in detail why, in the appellee's view, Maravelias's appeal was frivolous or made in bad faith. *See* ECF Doc. No. 7-4 at 4–8. The NHSC granted that request, citing its authority under Rule 23. *See* ECF Doc. No. 7-9. The only fair reading of this sequence of events is that the NHSC agreed with the appellee that Maravelias's appeal was "frivolous or in bad faith" such that an award of fees was warranted under Rule 23. *See Dietz v. Town of Tuftonboro*, 171 N.H. 614, 620 (2019) (noting that it is "generally assume[d] that a fact-finder makes all necessary factual findings to support its conclusion."). There was, in other words, ample support for the fee award.

4. Maravelias next argues that the challenged fees award was a legislative act, not a judicial act, and the *Rooker-Feldman* doctrine therefore does not apply. But he bases this argument on the same faulty premise that the NHSC had to support its fee award with written findings and citations to case law for it to constitute a "judicial inquiry." *See* ECF Doc. No. 9 ¶ 8. This argument is simply incorrect. Thus, Maravelias has still failed to explain "how it is not a judicial act for a

court to award attorney's fees to a party appearing before it under a rule that expressly bestows

that court with discretion to award such fees." ECF Doc. No. 8 ¶ 10.

5.       Finally, Maravelias argues that even if the fee award was a judicial act within the

NHSC's jurisdiction, the *Rooker-Feldman* doctrine does not apply because (1) the state-court

proceedings have not ended; (2) he is not seeking reversal of a final state-court judgment; (3)

principles of "equity" and "federalism" require this court to consider his claims; and (4) the

*Rooker-Feldman* doctrine does not bar a facial constitutional challenge to Rule 23.  Each of these

arguments should be summarily rejected.  First, none of Maravelias's post-award maneuvering at

the NHSC makes the fee award any less final, as explained in the motion to dismiss.  *See* ECF

Doc. No. 8 ¶ 16.  Second, there is little question that the relief Maravelias seeks in this court "is

directed toward undoing [a] prior state judgment," *Tyler v. Supreme Judicial Court of Mass.*, 914

F.3d 47, 51 (1st Cir. 2019), as Maravelias himself acknowledges that he seeks to enjoin "the

<u>enforcement</u>" of the fee award, ECF Doc. No. 9 ¶ 14 (emphasis in the original).   Third,

Maravelias's "equity" argument fails for the reasons stated in the defendants' motion to dismiss

and his invocation of "federalism" is contrary to the broad recognition among circuit courts of

appeals that the *Rooker-Feldman* doctrine promotes notions of federalism by limiting a lower

federal court's ability to interfere with state-court judgments.[1]   Finally, this case does not fall

---

[1] *See, e.g.*, *King v. City of Crestwood, Mo.*, 899 F.3d 643, 647 (8th Cir. 2018) (noting that the
*Rooker-Feldman* doctrine "has its foundation in the Supreme Court's appellate jurisdiction
statute, as well as a concern with federalism and the proper delineation of the power of the lower
federal courts." (citations, bracketing, and internal quotation marks omitted)); *Rousseau v.
Howard Cty., Md.*, 425 F. App'x 193, 195 (4th Cir. 2011) ("[U]nder our system of federalism,
the lower federal courts lack jurisdiction to sit as appellate tribunals over state administrative and
judicial decisionmakers, absent explicit statutory authorization."); *Kossler v. Crisanti*, 564 F.3d
181, 189 (3d Cir. 2009) ("Finality, comity, and federalism all counsel a collateral federal court to
stay its hand before undoing the original state court's proceeding."); *Gilbert v. Ferry*, 401 F.3d
411, 418 (6th Cir.), *on reh'g in part*, 413 F.3d 578 (6th Cir. 2005) ("The doctrine, based upon
principles of abstention and res judicata, promotes firmly-held notions of federalism and comity

within the general exception to the *Rooker-Feldman* doctrine for "general attack on the constitutionality of a state law that does not require review of a judicial decision in a particular case," *Tyler*, 914 F.3d at 51, because, again, Maravelias expressly seeks undo the attorney's fees award by having its enforcement enjoined, *see id.* ("[T]he critical datum is whether the plaintiff's federal suit is, in effect, an end-run around a final state-court judgment.").

6.     Thus, as explained above and in the defendants' motion to dismiss, this court should dismiss Maravelias's claims for lack of jurisdiction.

**B.     Maravelias's claims against the NHSC are barred by the Eleventh Amendment and his claims against Chief Justice Lynn are barred by the doctrine of absolute judicial immunity.**

7.     The defendants rest on their prior arguments as to why, even setting *Rooker-Feldman* aside, the Eleventh Amendment and the doctrine of absolute judicial immunity bar all of Maravelias's claims.  Maravelias nevertheless makes two suggestions in his objection that warrant brief response.  First, Maravelias suggests that the court should broadly construe his amended complaint to bring individual-capacity claims against other unidentified NHSC justices even though he has not named them as defendants in this action.  Alternatively, Maravelias asks this court to grant him leave to amend his complaint for a second time to expressly assert such claims. The court should decline both invitations.

8.     Maravelias's argument that he named the NHSC as a defendant a shorthand attempt to bring individual-capacity claims against the other NHSC justices strains credulity.  Maravelias's

---

by preserving the integrity of the state court decision-making process and the repose of state court judgments." (citation and internal quotation marks omitted)); *Stillman v. Devita*, 120 F. App'x 272, 274 (10th Cir. 2005) ("By confining state cases to state appellate systems, the *Rooker–Feldman* doctrine preserves the state plaintiff's forum choice.  More importantly, it respects the values of federalism implicit in our parallel system of independent state and federal courts, with the United States Supreme Court at the apex of both—a structure established by the first Judiciary Act of 1789 and adhered to ever since.").

pleadings in this case and in another case he has pending in this district demonstrate that he knows how to bring claims against state officials in their individual capacities. *See, e.g.*, ECF Doc. No. 1 ¶ 11 (naming Chief Justice Lynn as a defendant in both his official and individual capacities); *Maravelias v. Coughlin*, No. 19-cv-143-SM, ECF Doc. No. 1 ¶¶ 9, 11, 12, 14 (naming the Attorney General, the Rockingham County Attorney, and the Chief of the Town of Windham Police Department in their official capacities, but naming retired Circuit Court Judge John J. Coughlin in both his official and individual capacities). Moreover, Maravelias did not add any defendants to this action in his amended complaint even after the defendants raised the same substantive arguments in their motion to dismiss the original complaint as they raise in their instant motion to dismiss. Thus, even when construing the pleadings liberally, there is no basis to infer that when Maravelias named the NHSC as a defendant in two separate complaints he in fact intended to bring individual-capacity claims against other NHSC justices.

9. More importantly, however, it would be futile to allow Maravelias to bring individual-capacity claims against other NHSC justices. Those claims would remain subject to *Rooker-Feldman*'s procedural bar and the doctrine of absolute judicial immunity, as explained in the defendants motion to dismiss. Construing Maravelias's amended complaint in the manner he requests or allowing him to amend his complaint to bring claims against other NHSC justices in their individual capacities would therefore not change the outcome of this case and would only serve to delay this litigation.

10. This court should accordingly constrain its analysis to the claims actually brought and the defendants actually named in Maravelias's amended complaint. And in so doing, the court should dismiss those claims for the reasons stated above and in the defendants' motion to dismiss.

## CONCLUSION

11.     In sum, none of the arguments raised in Maravelias's objection change the result of this case.  As explained in the defendants' motion to dismiss and above, Maravelias's claims are barred by the *Rooker-Feldman* doctrine, his claims against the NHSC are barred by the Eleventh Amendment, and his claims against Chief Justice Lynn are barred by the doctrine of absolute judicial immunity.  The court should accordingly dismiss this action in its entirety.

12.     No separate memorandum of law is required in support of this motion as all of the relevant legal authority relied upon is cited herein.  LR 7.1(a)(2).

WHEREFORE, the defendants respectfully request that this Honorable Court issue an order:

A.  Granting their motion to dismiss;

B.  Dismissing all of the claims against them; and

C.  Granting any such further relief as the court may deem just and equitable.

Respectfully submitted,

**THE NEW HAMPSHIRE SUPREME COURT
and CHIEF JUSTICE ROBERT J. LYNN**

By their attorney,

GORDON J. MACDONALD
ATTORNEY GENERAL


Date:   July 22, 2019                    /s/ Nancy J. Smith
                                        Nancy J. Smith, NH Bar ID # 9085
                                        Senior Assistant Attorney General
                                        New Hampshire Attorney General's Office
                                        33 Capitol Street
                                        Concord, NH 03301
                                        Phone: (603) 271-3650
                                        nancy.smith@doj.nh.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all parties using the court's ECF system

Date:   July 22, 2019                          /s/ Nancy Smith
                                               Nancy J. Smith