PAUL J. MARAVELIAS, *pro se*
34 Mockingbird Hill Rd
Windham, NH 03087
Telephone: (603) 475-3305
Email: paul@paulmarv.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| PAUL MARAVELIAS, a natural person, *Plaintiff*, v. JUSTICES OF THE SUPREME COURT OF NEW HAMPSHIRE, natural persons in their individual capacities; GORDON J. MACDONALD, a natural person in his individual and official capacities as Attorney General of New Hampshire. *Defendants*. | Civil No. 1:19-CV-00487(JL) Date Action Filed: 5/6/19 **JURY TRIAL DEMANDED** **SECOND AMENDED VERIFIED COMPLAINT FOR DECLARATORY RELIEF** |

## PRELIMINARY STATEMENT

1.  NOW COMES Paul Maravelias ("Plaintiff") with Complaint and seeks declaratory relief pertaining to Defendant Justices' facially unconstitutional N.H. Sup. Ct. R. 23 ("Rule 23"), controlling the award of "attorney's fees" in "frivolous" or "bad-faith" appeals. This is a civil rights action brought under 42 U.S.C. §1983 and federal question jurisdiction to challenge the generic constitutionality of Rule 23.

## JURISDICTION AND VENUE

2.  This action arises under 42 U.S.C. § 1983 and the United States Constitution. Subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1331 and 1343 in that the instant case arises under questions of federal constitutional law.

3. Personal jurisdiction exists whereas all parties are entities or natural citizens within the federal boundaries of the United States of America.

4. Claims herein for declaratory relief are authorized pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

5. Venue is appropriate per 28 U.S.C. § 1391 as Defendants' material conduct has been and is occurring within the State of New Hampshire, where all individual parties reside.

## PARTIES

6. Plaintiff PAUL MARAVELIAS is a natural person residing in the Town of Windham in the State of New Hampshire at 34 Mockingbird Hill Road.

7. Defendant JUSTICES OF THE SUPREME COURT OF NEW HAMPSHIRE ("Defendant Justices") are the individual justices of the New Hampshire Supreme Court, itself a governmental entity in the State of New Hampshire authorized by Pt. II, Art. 73-a. of the N.H. Constitution. It exists at One Charles Doe Drive, Concord, NH 03301. Defendant Justices were acting and continue to act under color of state law at all material times. The Defendant Justices include the individual Chief Justice of the Supreme Court of New Hampshire, who pursuant to Pt. II, Art. 73-a. of the N.H. Constitution, "make[s] rules governing the … practice and procedure to be followed in all [state] courts", rules which "have the force and effect of law". The Chief Justice is the administrative head of all New Hampshire courts and has a duty to obey and ensure his subordinates obey the laws and Constitution of the United States of America. The identity of the Chief Justice is currently unknown. Defendant Justices are being sued in their individual capacities.

8. Defendant GORDON J. MACDONALD is the Attorney General of New Hampshire. He is being sued in both his official and individual capacities. The Attorney

General is the chief law enforcement officer in New Hampshire and has authority over the execution of enforcement actions for civil or criminal contempt of court.

## FACTUAL ALLEGATIONS

**Background of "Rule 23"**

9. New Hampshire Supreme Court Rule 23 (hereinafter, "Rule 23") is a procedural rule entitled "Taxation of Costs; Waiver; Attorney's Fees." and states:

> "The clerk of the supreme court shall audit and allow bills of costs accruing in this court, and certify the costs to the trial court with the order made in the case. The following costs shall be allowed to the prevailing party: the entry fee, the actual cost of reproducing and binding the notice of appeal and any appendix, the actual cost of reproducing and binding the brief and any appendix, and cost of transcript. Costs will be deemed waived if a request for taxation of costs with itemization is not filed within 30 days after the date on the order in the case.
>
> In the interest of justice in extraordinary cases, but not as a matter of right, the supreme court in its sole discretion may award attorney's fees related to an appeal to a prevailing party if the appeal is deemed by the court to have been frivolous or in bad faith."

10. The relevant portion of Rule 23 in this action is the final sentence above related to the "discretion[ary]" "award" of "attorney's fees" "in extraordinary cases".

**Maravelias Was Injured By Unconstitutional "Rule 23"**

11. On 3/29/19, in a state appeal case Maravelias had brought as of right to New Hampshire's only appellate court, and where the said appeal was the only possible way for Maravelias to vindicate his property rights, Defendant Justices issued an Order "awarding" Maravelias's opponent "attorney's fees pursuant to Rule 23 in the amount of $4,900", which represented the opponent's entire legal costs for the whole appeal.

12. As a result, Maravelias paid a sum a money to the opponent.

13. It is not necessary for this Court, in order to determine whether Rule 23 is facially unconstitutional, to review the particular application by Defendant Justices' of Rule 23 to Plaintiff Maravelias which conveyed legal standing upon him to bring this action.

**Maravelias Will Likely Be Injured Again By Unconstitutional "Rule 23"**

14. On the NHSC docket in the state appeal case in which Maravelias was injured by Rule 23, there is currently a motion for contempt against Maravelias relating to alleged non-payment of the Rule 23 award and a cross-motion for contempt against opposing counsel Simon R. Brown, Esq. for alleged criminal acts of fraud and falsification.

15. Maravelias intends to file a Petition for Writ of Coram Nobis in the New Hampshire Supreme Court to collaterally attack, overturn, and annul the findings of fact of a civil protective order proceeding initiated against him by the opponent in 2016 and still in-effect limiting his fundamental rights. Maravelias intends to allege the false findings of fact, made on a preponderance of evidence standard, were procured through fraud and deception, are nullified by newly available evidence, and continue to violate his constitutional due process right to freedom from stigma from governmental determinations as recognized in New Hampshire case law, being highly visible in public internet search engine results for his full name (*State v. Veale*, 158 N.H. 632, 638–39, 972 A.2d 1009 (2009)).

16. A Petition for Writ of Coram Nobis is an extraordinary equitable remedy.

17. Maravelias's extraordinary Petition would be filed against a litigant who is in privity with the same opponent in the above-referenced appeal case where Rule 23.

18. There is a likelihood, or at least a possibility, that Defendant Justices will pronounce the planned Petition for Writ of Coram Nobis as "frivolous" or "in bad faith" and apply their unconstitutional "Rule 23" to injure Maravelias.

19. Maravelias soon intends to engage in public speech criticizing and shaming the Defendant Justices for their alleged unlawful misdeeds in relation to his past appeals.

20. Maravelias anticipates his public critical speech about the Defendant Justices will precede his anticipated filing of the Petition for Writ of Coram Nobis.

**This Action is Properly Before This Court**

21. Some or all named Defendants enforce Rule 23 through contempt powers.

22. An individual can bring an action in federal court against a state's highest court, and/or the individual justices thereof, in relation to its enforcement and/or promulgation of a federally unconstitutional state court rule. *Supreme Court of N.H. v. Piper,* 470 U.S. 274 (1985) (New Hampshire Supreme Court Rule 42 deemed unconstitutional in violation of the Privileges and Immunities Clause). It occurs frequently in the context of challenges to state supreme court bar admission rules. *See e.g. District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983)

23. The *Rooker-Feldman* doctrine usually prohibits federal district courts from reviewing final state court judgments where the proceedings are of a judicial nature. The doctrine does not prohibit generic facial challenges to unconstitutional court rule(s) where there is no need to review the correctness of a particular application by the state court of said rule(s). The case at bar is such a case. *See Feldman* (allowing general attack on the constitutionality of the D.C. Bar admission rule). Furthermore, the doctrine does not apply to federal district court review of an individual state court's action if it is "non-judicial", such as if performed in a legislative or enforcement capacity.

24. Defendant Justices themselves promulgate "Rule 23", not the legislature. The nature of a "judicial" function, on the other hand, is of impartial arbitration on rights and liabilities exogenously established in legislative-statutory, constitutional, and/or common law.

25. The legal definition of a "judgment" is "the official and authentic decision of a court of justice upon the respective rights and claims of the parties to an action or suit therein litigated and submitted to its determination."

26. Since a "judgment" requires a both a "claim" and a "right", and since Rule 23 specifically advises such "Rule 23" fee awards are "not … a matter of right" but rather of "discretion", applications of Rule 23 are not necessarily judicial.

27. New Hampshire state court appellants currently experience, or have good cause to experience, reasonable concern before filing an appeal as of right that Rule 23 could injure them.

28. New Hampshire state court appellants are not currently making use of their rightful, lawful use of their only appellate court to correct legal errors of the lower courts in as fulsome a fashion as they would if the current existence of Rule 23 were not.

### CAUSES OF ACTION

### COUNTS 1 AND 1
### N.H. SUPREME COURT RULE 23 IS FACIALLY INVALID IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION
### (28 U.S.C § 1331, 1343)

29. All paragraphs hereinabove are repeated as though fully set forth.

30. Federal law commands that no "[s]tate deprive any person of life, liberty, or property, without due process of law;" U.S. CONST., AMEND. XIV., Section I. "[U]nder the fourteenth amendment … procedural due process applies [where] an individual faces a

potential deprivation of a liberty or property interest." *State v. Gibbons*, 135 N.H. 320, 321, 605 A.2d 214 (1992).

31. Rule 23 triggers Fourteenth Amendment protection where it allows Defendant Justices to deprive a litigant of monetary property by commanding an attorney's feed award against them.

32. Rule 23 triggers Fourteenth Amendment protection where it allows Defendant Justices to deprive a litigant of the constitutional liberty to be free from the stigma of governmental determinations by designating a litigant's conduct in public as "frivolous or in bad faith" and thus worthy of a punitive sanction.

**COUNT 1: SUBSTANTIAL VIOLATION OF DUE PROCESS CLAUSE**

33. Rule 23 lacks articulable, objective due process requirements for the fact-finder (the New Hampshire Supreme Court) to obey while implementing it to a sufficient extent so as to render it facially unconstitutional. The unconstitutional absence of adequate due process protection gives too much power to Defendant Justices to implement Rule 23 in arbitrary, capricious, retaliatory, and/or manifestly unjust ways without checks and balances to circumscribe this power and ensure it is only employed in truly "extraordinary" cases.

34. All applications, or a substantial number, of Rule 23 are likely to abrogate a party's due process rights absent these necessary though lacking requirements.

35. Rule 23 violates the due process clause where it appropriates potentially significant monetary sanctions subjectively "at the sole discretion" of individual justices, without turning the inquiry upon any objective standard of "frivolous or bad faith" conduct. Due process is violated in such "discretionary" awards absent the objective protections that

would be legally required in a civil lawsuit alleging the same "frivolous or bad faith" litigation conduct as grounds for compensatory monetary damages.

36. Rule 23 violates the due process clause where it fails to require the party imposing the sanction to make findings of fact supporting the conclusion that a litigant's appeal was "frivolous or in bad faith".

37. Rule 23 violates the due process clause where it fails to require the party imposing the sanction to give any reasons why a litigant's appeal was "frivolous or in bad faith".

38. Rule 23 violates the due process clause where it fails to require the party imposing the sanction to give a meaningful opportunity for the party against whom the sanction is sought to rebut the allegation that his appeal is "frivolous or in bad faith". It does not tether the procedural application of Rule 23 to standard motion practice nor give any clue whatsoever as to what are the licit methods for a party accused of frivolous or bad-faith conduct to prepare and advance a case in rebuttal of said accusation.

39. Rule 23 violates the due process clause where it allows assignment of an individual's monetary property to depend upon the unchecked factual finding and stipulation of state court judges without having the same protections which benefit all other defendants facing deprivation of property or liberty in ordinary contexts of criminal prosecutions or civil suits at law, such as 1) an impartial jury of his peers to determine factual findings and/or 2) a direct state appellate process to challenge abuses of discretion in fact-finding.

40. Rule 23 violates the due process clause where it fails to require the party imposing the sanction to inform the party against whom the sanction is sought of the specific nature of his alleged "frivolous or bad faith" conduct, which is a necessarily prerequisite to the ability to prepare an adequate defense against such an allegation.

41. Rule 23 violates the due process clause where it fails to require the party imposing the sanction to inform the party against whom the sanction is sought of the specific nature and extent of the sanction sought, *e.g.*, whether it is "attorney's fees" in association with the filing of individual mere pleadings having "frivolous or bad faith" character, with an entire appeal case, or even with an entire history of legal proceedings including the lower state court cases whence the state appeal case is taken.

42. Rule 23 violates the due process clause where it fails to impose any time limit after which a proceeding for attorney's fees for a "frivolous or bad faith" appeal can no longer be initiated.

43. Rule 23 violates the due process clause where it *does* provide a 30-day time limit for the ordinary recovery of "costs" which are of far lower monetary amount than "attorney's fees", and yet fails to do so for awards of "attorney's fees", despite that such punitive impositions of "attorney's fees" awards threaten far more grave deprivation of property for a defendant of a Rule 23 action, for which he is due greater, and not lesser, protection.

44. Rule 23 violates the due process clause where, by failing to impose any time limit after which a proceeding for attorney's fees for a "frivolous or bad faith" appeal can no longer be initiated, it puts any potential appellant in the entire State of New Hampshire between the rock and hard-place of either 1) surrendering one's legal right to appeal a lower court's erroneous legal action, or 2) accepting the risk that bringing an appeal might result in an extended or even infinite period of time where further action could be sought long after its resolution to attack the appellant's monetary property without the legal protections inherent to a civil lawsuit for damages.

45. Rule 23 violates the due process clause where it fails to specify or narrow the range of "attorney's fees" that might be sought for one mere act of "frivolous or bad faith"

conduct, enabling the rule to be used as a broad weapon to punish an expansive history of litigation conduct outside the given state appeal, so long as there is at least one act, however limited, or "frivolous or bad faith" conduct within the given state appeal.

46. Rule 23 violates the due process clause where it fails to confine the range of "attorney's fees" to be awarded to be compensatory for only those acts taken by the litigant which were "frivolous or bad faith" and not for additional acts, pleadings, filings, motions, *etc.* which were not necessarily "frivolous or in bad faith", but were merely within the same appeal in which there was at least one "frivolous or bad faith" pleading, or were in furtherance of a general pattern of such conduct. In this way, the rule fails on its face to require that the magnitude of the punishment not exceed the magnitude of the offense.

47. The facial unconstitutionality of Rule 23 is supported by comparison to extrajurisdictional rules analogous in purpose which do not have the due process flaws of Rule 23. *Cf.* Federal Rules of Civil Procedure, Rule 11(c), requiring that the court "describe the sanctioned conduct and explain the basis for the sanction"). *Cf. also* Federal Rules of Appellate Procedure, Rule 38 ("*If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee*") (omitting the subjective term "bad faith", confining prohibited conduct to objective "frivolity", requiring due notice, requiring "reasonable opportunity to respond", precisely specifying the sanction able to be dispensed, and providing a sanction of far less potential magnitude ("double-costs") than wholesale compensatory attorney's fees for the entire action).

48. It is unnecessary for Plaintiff to include rigorous legal argument supporting the claims herein under the applicable notice pleading requirements. However, a brief

comparative example is instructive.  Analogous state court rules illuminate Rule 23's facial deficiencies. *E.g.*, Ohio Supreme 2019 Rules of Practice contains analogous rule:

> (A) Supreme Court sanction
>
> If the Supreme Court, sua sponte or on motion by a party, determines that an appeal or other action is frivolous or is prosecuted for delay, harassment, or any other improper purpose, it may impose appropriate sanctions on the person who signed the appeal or action, a represented party, or both. The sanctions may include an award to the opposing party of reasonable expenses, reasonable attorney fees, costs or double costs, or any other sanction the Supreme Court considers just. An appeal or other action shall be considered frivolous if it is not reasonably well-grounded in fact or warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law.

Ohio S.Ct. Prac. R. 4.03. Frivolous Actions; Sanctions; Vexatious Litigators.

49.    Ohio S.Ct. Prac. R. 4.03(A), unlike N.H. Supr. Ct. R. 23, is probably not facially unconstitutional in violation of the Fourteenth Amendment because, unlike its New Hampshire counterpart, it 1) describes with specificity, with more than two mere words "attorney's fees", the sanction, or potential sanction(s), which is/are being sought against the sanctioned party or which are ordinarily to be sought barring exceptional circumstances where justice requires differently, 2) constrains all sanctions to "appropriate" sanctions and the attorney's fees sanction to "reasonable" attorney's fees, denoting an equitable and direct causal correspondence between the nature of the prohibited conduct and the punitive reimbursement of attorney's fees as a result thereof, 3) prohibits well-defined objective categories of conduct and offers a definition of the prohibited objective conduct, 4) clarifies that an opposing party seeks such a sanction by means of regular motion practice and thus applies all related procedural rules, protections, and standards inherent to routine appellate court motion practice, and 5) gives adequate notice that filing a non-frivolous appeal but engaging in frivolous conduct within said appeal is prohibited conduct, *inter alia.*

**COUNT 2: UNCONSTITUTIONAL VAGUENESS**

50. All paragraphs hereinabove are repeated herein as though fully set forth.

51. "A statute can be impermissibly vague for either of two independent reasons. First, if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits. Second, if it authorizes or even encourages arbitrary and discriminatory enforcement." *Hill v. Colorado*, 530 U.S. 703 (2000).

52. Defendants' Rule 23 stands virtually alone among the comparable civil procedure rules of other jurisdictions because it fails to specify what kind(s) of "attorney's fees" are authorized and under what occasions. It does not narrow recovery to "reasonable" attorney's fees, which would imply a certain deterrent but not fully compensatory amount. Nor does Rule 23 distinguish on its face between attorney's fees in connection with a certain "frivolous or bad-faith" pleading and that for an entire appeal case from start to finish. This ambiguity encourages "arbitrary enforcement".

53. Rule 23 is unconstitutionally vague on its face where it allows for governmental punishment and/or deprivation of property because of an "appeal … deemed … to have been … in bad faith", where "bad faith" refers to a vague, undefined, and uncommonly understood subjective mental state. Unlike frivolity, which has potentially sound legal definitions and generic uniformity in legal meaning (such as, *e.g.*, in the 2004 ABA Model Rule Comment on <u>N.H. R. Prof. Cond.</u> 3.1, "Meritorious Claims and Contentions", which uses the term "frivolous"), as well as dependence upon an objective standard of conduct, the term "bad faith" is inherently vague, ill-defined, and subjective.

54. The term "bad faith" has no universally accepted legal definition in English courts nor does Rule 23 provide one; it is thus not concrete enough to warn litigants of prohibited conduct and encourages arbitrary enforcement. A Canadian court has stated, "good

faith and its opposite, bad faith, imports a subjective state of mind, the former motivated by 'honesty of purpose' and the latter by ill-will." *Collins v. Transport and Allied Workers Union* (1991), 6 C.P.C.(3d) 206 (Nfld. T.D.) In the federal Attorney's Fees Award Act context, an American district court has observed "[t]he higher courts could have been more helpful in defining how the new standard differs from 'bad faith' in terms of intent and knowledge requirements. Under most fact settings a plaintiff's knowledge that he or she is bringing a vexatious, frivolous, meritless, unreasonable or harassing suit would seem to constitute bad faith." *Patzkowski v. United States*, No. C 75-2002., 1978 U.S. Dist. LEXIS 14658, at *2, 43 A.F.T.R. 2d (RIA) 1036 (N.D. Iowa Oct. 30, 1978). "Bad faith" is also a highly specific term of art with special meanings in certain legal contexts, such as in bankruptcy petitions (11 U.S.C.S. § 303) or general contract law (*i.e.*, the common law principle of the implied covenant of "*good faith and fair dealing*"). Such a multifarious, wide-ranging term which itself turns upon someone's own private mental state renders Rule 23 unconstitutionally vague, whereas the term "frivolous" is oriented towards the determination of objective, well-defined acts of conduct. Even if the further unconstitutional aspects of Rule 23 were absent, the addition of the words "or in bad faith" alone would still retain it unconstitutionally vague.

55.   Rule 23 is unconstitutionally vague on its face because it fails to inform a person of adequate intelligence that frivolous or bad-faith pleadings filed within the course of an appeal which is itself a non-frivolous appeal brought in good faith is conduct which still could give rise to a monetary punishment and/or governmental appropriation of property under it.

56.   Rule 23 is unconstitutionally vague on its face because it allows for an unspecified and mysterious degree of deprivation of property without adequately qualifying the term "attorney's fees". It does not state "<u>reasonable</u>" attorney's fees as do many comparable extrajurisdictional provisions. It fails to specify whether the "attorney's fees"

spans reimbursement for an entire appellate proceeding or for only those pleadings inside an appeal which were themselves "frivolous or in bad faith".

57. Rule 23 is unconstitutionally vague on its face because it fails to give adequate notice of how its penalty relates to the conduct it seeks to prohibit. Reasonably intelligent minds could differ 1) on whether it permits one act of "frivolous or bad faith" conduct within an appeal to warrant a comprehensive attorney's fees for the whole appeal, 2) on whether it permits one act of "frivolous or bad faith" conduct with an appeal to warrant some lesser punitive reimbursement though greater than solely the attorney's fees caused directly by the offending pleading(s), 3) on whether it is the legal merits of the original appeal document as opposed to subsequent appellate litigation which determines "frivolity or bad faith", or rather is the totality of the litigation conduct, *inter alia*.

58. Rule 23 is unconstitutionally vague on its face because it fails to adequately quantify what is the permissible threshold degree of relation to an appeal referenced in its phrase, "…may award attorney's fees <u>related to an appeal</u> to a prevailing party" (Emphasis added). Reasonably intelligent minds could differ on whether this language permits attorney's fees within the original trial court proceedings to be considered "related" enough to an appeal so as to be subsumed into the ambit of the punitive fees award. Reasonably intelligent minds could differ on whether the language is properly interpreted, "may award attorney's fees related to" <u>certain frivolous or bad-faith acts within</u> "an appeal", or, "may award attorney's fees related to" <u>a potential totality of acts within</u> "an appeal" where there is at least some extant character of frivolity or bad faith conduct, however non-pervasive.

59. Comparable courts of law do not retain such problematic vagueness in their operative rules governing sanctions for improper litigation conduct. For example, FRCP 11, *supra,* leaves no uncertainty that the monetary sanction is limited to "the reasonable expenses,

including attorney's fees, <u>incurred for the [frivolous] motion</u>". (Emphasis added) The language specifying the relief to be granted in FRAP 38, *supra*, likewise leaves no ambiguity. *Compare* "award just damages and single or double costs", *Id.*, *with* "award attorney's fees", <u>N.H. Supr. Ct. R</u>. 23.

### COUNT 3
### <u>N.H. SUPREME COURT RULE 23 IS FACIALLY INVALID IN VIOLATION OF THE FIRST AMENDMENT TO THE U.S. CONSTITUTION</u>
### <u>(28 U.S.C § 1331, 1343)</u>

60.     All paragraphs hereinabove are repeated herein as though fully set forth.

61.     The First Amendment's Petition Clause is incorporated against the states. *Edwards v. South Carolina*, 372 U.S. 229 (1963). The First Amendment protects citizens' right to access state courts and prosecute civil actions. *Bill Johnson's Restaurants, Inc. v. Nat'l Labor Relations Bd.*, 461 U.S. 731, 734 (1983). "[T]he Petition Clause protects the right of individuals to appeal to courts and other forums established by the government for resolution of legal disputes." *Borough of Duryea, et al. v. Guarnieri*, 564 U.S. 379 (2011).

62.     The substantial violation of due process and unconstitutional vagueness of Rule 23 causes it, separately, to be on its face in violation of the Petition Clause of the First Amendment, because it has a chilling-effect against litigants in this state who must risk arbitrary and/or unjust enforcement of this rule to file appeal in this state's only appellate court and against litigants who cannot intelligently understand the potential consequences and ramifications of this unconstitutionally vague rule. Such individuals are likely to be chilled in their exercise of right to access their state's only appellate court when they are subject to an unfavorable and believed-to-be-erroneous legal ruling in a lower state court.

63.     Rule 23 is facially in violation of the Petition Clause because of the chilling-effect caused by the consequences of it rehearsed in Paragraph 44.

# COUNT 4
## N.H. SUPREME COURT RULE 23 IS FACIALLY INVALID IN VIOLATION OF THE EXCESSIVE FINES CLAUSE OF THE EIGHTH AMENDMENT TO THE U.S. CONSTITUTION
### (28 U.S.C § 1331, 1343)

64. All paragraphs hereinabove are repeated herein as though fully set forth.

65. The Eighth Amendment guarantees that "excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted".

66. United States Supreme Court has incorporated the Excessive Fines Clause of the Eighth Amendment against the states. *Timbs v. Indiana*, 586 U.S. ___ (2019).

67. While the Excessive Fines Clause "does not apply to awards of punitive damages in cases between private parties," *Browning-Ferris Industries v. Kelco Disposal, Inc.,* 492 U.S. 257, 260 (1989), it is plain from the language of Rule 23 that a Rule 23 attorney's fee award is distinct from punitive damages in a regular civil suit; said awards are solely at the Defendant Justices' "discretion", unlike the legal "right" to just money damages in a civil suit.

68. A Rule 23 attorney's fee award is a fine.

69. Rule 23 is facially unconstitutional in violation of the Excessive Fines Clause because it permits, or arguably even requires, monetary punishment which is far in excess in severity of even the genuine misconduct it prohibits where the appeal is not "frivolous" but solely "in bad faith". If an appeal is not "frivolous" but is "in bad faith", and the appellant loses the state appeal, the same appellant would not be required to pay any attorney's fees in similar circumstances in the context of, for instance, a federal court FRCP 11(c) motion for sanctions, which turns upon objective frivolity rather than subjective "bad-faith" motive or intent. Even if there is a sufficient governmental interest for a state court to punish the subjective "bad-faith" of a non-frivolous appeal, Rule 23 allows for an exorbitant fee award

fully reimbursing the prevailing party for every last jot-and-tittle charged by its attorneys for the entire appeal, even though a genuine and valid legal dispute may be been adjudicated, at the public's benefit, which did not ultimately result in a victorious disposition for the appellant. It is excessive to force the appellant loser pay the entire legal bill of the victorious appellee when the sole bad-act attributable is one of subjective motive and intent and not of objective misuse of the state court's judicial function, especially considering the public benefit which all arbitrations of non-frivolous claims ordinarily bring to society (*e.g.*, obviating the need for such legal questions to be decided anew should they arise elsewhere). Rule 23's resultant Excessive Fines Clause violation is facial and substantial because in virtually every case the movant of a such a sanction could and would argue that solely "bad faith", regardless of additional objective "frivolity", of conduct warrants relief.

70.   Rule 23 is facially unconstitutional in violation of the Excessive Fines Clause because, where a party has commissioned a non-frivolous appeal in good-faith and then during the course of said appeal files one minimally offending pleading, or files a pleading containing a minimally offending part, which is frivolous or in bad faith, it allows for, and even arguably requires, an exorbitant fee award fully reimbursing the prevailing party for every last jot-and-tittle charged by its attorneys for the entire appeal. Accordingly, the magnitude of the punishment is excessive and disparate in severity to the lesser, inapposite level of misconduct it actually punishes.

---

71.   Maravelias has suffered and continues to suffer actual harm and injury, including but not limited to the expenses associated with filing this action, opportunity costs of lost time, emotional injury and fear, and wrongful reputational damage, because of the ongoing existence of Defendant Justices' facially unconstitutional Rule 23.

# JURY TRIAL DEMAND

72. Plaintiff demands a trial by jury on all counts as to all issues so triable.

# PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Paul Maravelias respectfully requests this Honorable Court:

I. Enter declaratory judgment that NHSC Rule 23 is facially invalid under the Fourteenth Amendment to the U.S. Constitution for substantial violation of the Due Process Clause;

II. Enter declaratory judgment that NHSC Rule 23 is facially invalid under the Fourteenth Amendment to the U.S. Constitution for unconstitutional vagueness;

III. Enter declaratory judgment that NHSC Rule 23 is facially invalid under the First Amendment to the U.S. Constitution for substantial violation of the Petition Clause;

IV. Enter declaratory judgment that NHSC Rule 23 is facially invalid under the Eighth Amendment to the U.S. Constitution for substantial violation of the Excessive Fines Clause;

V. Award Plaintiff the reasonable costs, fees, and disbursements of this action;

VI. Grant any further relief as may be deemed just and proper.

I, Paul Maravelias, declare that all factual stipulations within the foregoing First-Amended Verified Complaint are true and accurate to the best of my knowledge as of 12/17/2019.

Respectfully submitted,

PAUL J. MARAVELIAS,

*in propria persona*

/s/ Paul J. Maravelias, *pro se*            Dated: December 17th, 2019

**Paul J. Maravelias**
34 Mockingbird Hill Rd
Windham, NH 03087
paul@paulmarv.com
603-475-3305

### CERTIFICATE OF SERVICE

I, Paul Maravelias, certify that a timely provided copy of this document is being sent on this date to counsel of record of the Defendants pursuant to the rules of this Court.

/s/ Paul J. Maravelias, *pro se*            Dated: December 17th, 2019

**Paul J. Maravelias**