UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| Paul Maravelias, | \* |
| | \* |
| Plaintiff, | \* |
| v. | \*  Civil No. 19-cv-00487-JL |
| | \* |
| Justices of the New Hampshire | \* |
| Supreme Court et al. | \* |
| | \* |
| Defendants. | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OF LAW IN SUPPORT OF GORDON J. MACDONALD'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

### PRELIMINARY STATEMENT

New Hampshire Supreme Court Rule 23 states that, "[i]n the interests of justice in extraordinary cases, but not as a matter of right, the supreme court in its sole discretion may award attorneys' fees related to an appeal to a prevailing party if the appeal is deemed by the court to have been frivolous or in bad faith." Plaintiff Paul Maravelias originally brought this action against the New Hampshire Supreme Court and its former Chief Justice, challenging a fee award entered against him under Rule 23. ECF Doc. No. 1 (original complaint); ECF Doc. No. 7 (first amended complaint). Those defendants moved to dismiss, arguing that Maravelias's claims were barred by the *Rooker-Feldman* doctrine, the Eleventh Amendment, and the doctrine of judicial immunity. ECF Doc. Nos. 5, 8. At an October 16, 2019 hearing, this Court agreed, but permitted Maravelias to amend his complaint to assert a facial challenge to Rule 23.

On December 17, 2019, Maravelias filed a second amended complaint, asserting facial claims under the Fourteenth Amendment's Due Process Clause (Count 1), the Fourteenth

Amendment void-for-vagueness doctrine (Count 2), the First Amendment right to petition the courts (Count 3), and the Eighth Amendment's prohibition against excessive fines (Count 4). Maravelias does not bring these claims against either of the original defendants, but rather against New Hampshire Attorney General Gordon J. MacDonald ("Attorney General"), who is named in both his official and individual capacities, and the "Justices of the Supreme Court of New Hampshire," who are named only individually. As set forth below, Maravelias's claims against the Attorney General must be dismissed. This is true because Maravelias has not alleged that the Attorney General violated his constitutional rights, a prerequisite to maintaining a constitutional claim against a state official under 42 U.S.C. § 1983. But it is also true because Maravelias has failed to state any viable constitutional claims in his second amended petition.

## STANDARD OF REVIEW

When analyzing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court assumes the truth of the plaintiff's well-pleaded facts and draws all reasonable inference in the plaintiff's favor. *Barchock v. CVS Health Corp.*, 886 F.3d 43, 48 (2018) (Rule 12(b)(6)). "Well-pleaded facts must be non-conclusory and non-speculative," *id.* (citation and internal quotation marks omitted), and the Court need not assume true a plaintiff's "legal conclusions and characterizations," *In re Ariad Pharm., Inc. Sec. Litig.*, 842 F.3d 744, 750 (1st Cir. 2016) (same omissions). Dismissal is appropriate if the well-pleaded facts, when assumed true, fail to state a claim for relief. *Barchock*, 886 F.3d at 48. Put differently, "[i]f the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *Id.* (citation and quotation marks omitted).

# ARGUMENT[1]

## I.     The Attorney General is not a proper defendant in this action.

While each of Maravelias's constitutional claims should be dismissed for the reasons stated below, there is a threshold reason this Court should dismiss the Attorney General as a defendant.  To state a viable constitutional claim under § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Maravelias does not allege anywhere in his second amended complaint that the Attorney General has violated his constitutional rights.  Consequently, Maravelias cannot sustain a claim against the Attorney General under § 1983.

Maravelias brings only facial challenges to a New Hampshire Supreme Court rule.[2]  The Attorney General plays no role in promulgating, applying, or directly enforcing New Hampshire court rules.  Rather, the New Hampshire Constitution bestows rulemaking authority solely upon "the chief justice of the supreme court . . . . with the concurrence of a majority of the supreme court justices . . . ."  N.H. Const. Part II, Art. 73-a.  Similarly, New Hampshire Revised Statutes Annotated § 490:4 expressly authorizes "the supreme court" to "approve rules of court" without any mention of the Attorney General.  Consistent with these authorities, the New Hampshire Supreme Court has set forth a process for promulgating rules of court in which the Attorney General plays no role.  *See* N.H. Sup. Ct. R. 1.  And Rule 23, the rule at issue in this case, states

---

[1] Maravelias's second amended complaint consists in substantial part of legal conclusions that are not entitled to an assumption of truth and do no bear on the Attorney General's arguments for dismissal. Accordingly, the Attorney General does not set forth a separate background section, and instead references Maravelias's second amendment complaint, as necessary, within the context of this argument section.

[2] As noted, Maravelias brings these facial challenges after the Court concluded at the October 16, 2019 hearing that his as-applied claims were barred by, among other things, the *Rooker-Feldman* doctrine.

that "the supreme court *in its sole discretion* may award attorney's fees related to an appeal" without any mention of the Attorney General. *See* N.H. Sup. Ct. R. 23 (emphasis added).

The Attorney General's absence from the court rulemaking process makes sense within New Hampshire's constitutional structure. The New Hampshire Constitution divides the government into three separate, coequal branches. *See* N.H. Const. Part I, Art. 37 ("In the government of this state, the three essential powers thereof, to wit, the legislative, executive, and judicial, ought to be kept as separate from, and independent of, each other, as the nature of a free government will admit, or as is consistent with that chain of connection that binds the whole fabric of the constitution in one indissoluble bond of union and amity."); N.H. Const. Part II [Form of Government] (dividing the government into legislative, executive, and judicial branches). "The purpose of the separation of the three co-equal branches of government is to protect against the seizure of control by one branch that would threaten the ability our citizens to remain free and sovereign people." *In re Judicial Conduct Committee*, 145 N.H. 108, 109 (2000) (citations, bracketing, quotation marks, and ellipsis omitted). Within this structure, there is no reason why the Attorney General, an Executive Branch official, would be involved in promulgating and applying the rules of the separate and coequal Judicial Branch.

For his part, Maravelias makes little mention of the Attorney General in his second amended complaint. Across that 72-paragraph pleading, Maravelias only expressly references the Attorney General in a single paragraph in the section setting forth the parties to this action. *See* ECF Doc. No. 12 ¶ 8. He makes no direct allegations against the Attorney General in the "factual allegations" section of his second amended complaint or in his various causes of action. *See id.* ¶¶ 9–72. And he does not request any relief specific to the Attorney General, instead

seeking only a declaration from this Court that Rule 23 is facially unconstitutional. *Id.* at 18 (Prayer for Relief).

Indeed, Maravelias appears to have included the Attorney General as a defendant in this action solely based on an assertion that the Attorney General "has authority over the execution of enforcement actions for civil or criminal contempt of court." *Id.* ¶ 8; *see also id.* ¶ 21 ("Some or all named Defendants enforce Rule 23 through contempt powers."). Maravelias alleges that he has not paid at least some of an attorney's fees award entered against him by the New Hampshire Supreme Court on March 29, 2019, pursuant to Rule 23, *id.* ¶¶ 12, 14, and that, as a consequence, "there is currently a motion for contempt against Maravelias relating to alleged non-payment of the Rule 23 award," *id.* ¶ 14. Maravelias seemingly suggests that if this Court ultimately deems Rule 23 unconstitutional, then any prosecution for contempt related to his failure to comply with the New Hampshire Supreme Court's attorney's fees order would also be unlawful. This suggestion is insufficient to sustain Maravelias's claims against the Attorney General for at least two reasons.

First, it is not reasonable to infer that the Attorney General will initiate criminal contempt proceedings against Maravelias simply because a private citizen opposing party filed a motion for contempt against him in an ongoing civil matter. Indeed, there is not even a requirement under New Hampshire law that criminal contempt be prosecuted by the Attorney General in the first place. *See Mortg. Specialists, Inc. v. Davey*, 153 NH. 764, 789 (2006) ("[A] criminal contempt proceeding may be initiated and prosecuted by a private attorney."). Thus, Maravelias's suggestion that the Attorney General may prosecute him for contempt related to his failure to comply with the attorney's fees award is nothing more than speculation and conjecture. It cannot defeat a motion to dismiss. *See Barchock*, 886 F.3d at 48.

- 5 -

There is, however, an even more fundamental reason why such a suggestion cannot sustain a claim against the Attorney General. Contrary to Maravelias's implicit suggestion, "persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect." *State v. Vincelette*, 172 N.H. 350, 357 n.2 (2019) (brackets omitted) (quoting *Maness v. Meyers*, 419 U.S 449, 458 (1975)). Indeed, "[a]n individual subject to a court order must obey that order until it is reversed on direct appeal, stayed or dissolved by the court, regardless of how constitutionally suspect the [law] upon which it is based may be." *City of Lebanon v. Townsend*, 120 N.H. 836, 839 (1980). Thus, it would be lawful for the Attorney General to prosecute Maravelias for contempt of the attorney's fees order even if this Court later invalidated Rule 23. Because Maravelias premises his claims against the Attorney General solely on the possibility of such a prosecution, he cannot sustain his claims under § 1983. *See Iqbal*, 556 U.S. at 676. He has therefore failed to state a claim against the Attorney General, the Court should dismiss the Attorney General from this case.

## II. Maravelias has failed to state any viable constitutional claim.

Even if the Attorney General were a proper defendant in this action, each of the claims against him should still be dismissed for failure to state a claim. As noted, Maravelias's brings: (1) a Fourteenth Amendment due-process claim; (2) a Fourteenth Amendment vagueness claim; (3) a First Amendment right-to-petition claim; and (4) an Eighth Amendment excessive-fines claim. For the following reasons, Maravelias has failed to state a valid facial claim under any of these theories.

### A. **Maravelias has failed to state a viable Fourteenth Amendment due-process claim.**

In Count 1, Marvelias contends that Rule 23 violates the Fourteenth Amendment's Due Process Clause. Though Maravelias does not specify whether he seeks to bring a substantive or procedural due process claim, he has failed to state a claim under either theory.

#### 1. Substantive due process

"In order to assert a viable substantive due process claim, a plaintiff has to prove that he suffered the deprivation of an established life, liberty, or property interest, and that such deprivation occurred through governmental action that shocks the conscience." *Lambert v. Fiorentini*, 949 F.3d 22, 28 (1st Cir. 2020) (citations, quotation marks, and brackets omitted). "The requisite arbitrariness and caprice must be stunning, evidencing more than humdrum legal error." *S. Commons Condo. Ass'n v. Charlie Arment Trucking, Inc.*, 775 F.3d 82, 91–92 (1st Cir. 2014) (same omissions). It is well established that courts are authorized to award attorney's fees as a sanction for a party's frivolous or bad faith conduct. *See, e.g.*, *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 766 (1980). As that is all the challenged language in Rule 23 purports to authorize, it can hardly be characterized as "conscience shocking." Maravelias has accordingly failed to state a viable substantive due process claim. To the extent Count 1 can be construed to bring such a claim, it must be dismissed.

#### 2. Procedural due process

"To establish a procedural due process violation, [a] plaintiff must identify a protected liberty or property interest and allege that the defendants, acting under color of state law, deprived [him] of that interest without constitutionally adequate process." *Gonzalez-Droz v. Gonzalez-Colon*, 660 F.3d 1, 13 (1st Cir. 2011) (internal quotation marks omitted). Before a court may award attorney's fees as a sanction, due process requires that the court afford the party

to be sanctioned notice and an opportunity to be heard. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991); *Roadway Exp., Inc.*, 447 U.S. at 767; *United States v. Kouri-Perez*, 187 F.3d 1, 13 (1st Cir. 1999). As Maravelias suggests in his second amended complaint, Rule 23 is silent on the process required before the New Hampshire Supreme Court may award attorney's fees for "frivolous" or "bad faith" appeals. And while the New Hampshire Supreme Court has repeatedly suggested, albeit often in unpublished orders, that requests for attorney's fees under Rule 23 should be made through motion practice,[3] it has not definitively construed Rule 23 to require such a process.[4]

When a federal constitutional claim potentially turns on the construction of a state law and the state's highest court has not provided a definitive construction of that law, a federal court will typically either abstain from reaching the federal claim based on *Pullman* abstention, *see Casiano-Montanez v. State Ins. Fund Corp.*, 707 F.3d 124, 128 (1st Cir. 2013) ("*Pullman* abstention serves to avoid federal-court error in deciding state-law questions antecedent to federal constitutional issues." (citation and quotation marks omitted)), or certify the state-law question to the state's highest court, *Casey v. NH Sec'y of State*, No. 19-CV-149-JL, 2019 WL 6352476, at *5 (D.N.H. Nov. 27, 2019) (certifying necessary antecedent questions of New Hampshire law to the New Hampshire Supreme Court before reaching federal constitutional

---

[3] *See, e.g.*, *LaMontagne Builders, Inc. v. Brooks*, 154 N.H. 252, 259 (2006); *Claremont Sch. Dist. v. Governor*, 143 N.H. 154, 160 (1998); *see also Crawford v. Town of Gilford*, No. 2018-0605, 2019 WL 2371966, at *3 (N.H. May 31, 2019); *Matter of Boughton*, No. 2018-0098, 2019 WL 1450299, at *1 (N.H. Mar. 1, 2019); *Feeney v. Kelley*, No. 2018-0253, 2019 WL 963154, at *1 (N.H. Jan. 31, 2019); *Fowler v. Best Rate Real Estate*, LLC, No. 2017-0338, 2018 WL 2225116, at *5 (N.H. May 16, 2018); *Rolling Green at Whip-Poor-Will Condo. Townhouse Owners' Ass'n v. Eldridge*, No. 2016-0559, 2017 WL 3468629, at *2 (N.H. July 31, 2017); *Branch Banking & Tr. Co. v. Duclair*, No. 2015-0545, 2016 WL 3748584, at *1 (N.H. May 2, 2016).

[4] *See, e.g.*, *Am. Express Travel v. Moskoff*, 148 N.H. 446, 453 (2002) (awarding attorney's fees under Rule 23 "based on the record" without any reference to a separately filed motion); *A&B Lumber Co., LLC v. Hoppe*, No. 2006-0444, 2007 WL 9619472, at *2 (N.H. Oct. 11, 2007) (same); *Bolding v. Huntoon*, No. 2006-0335, 2007 WL 9619467, at *1 (N.H. Mar. 22, 2007) (same).

issues). This Court need not take either course of action in this case, however, because Maravelias's procedural due process claim fails for a separate, more fundamental reason. To sustain a facial attack on a state law, a plaintiff must at minimum demonstrate that the law "lacks any plainly legitimate sweep." *Hightower v. City of Boston.*, 693 F.3d 61, 77 (1st Cir. 2012) (citation and internal quotation marks omitted). The New Hampshire Supreme Court's prior applications of Rule 23 and the circumstances of Maravelias's own case demonstrate that Rule 23 has a plainly legitimate sweep.

As noted, the New Hampshire Supreme Court has consistently required that requests for attorney's fees under Rule 23 be made through motion practice. *See supra* note 2. Under the New Hampshire Supreme Court Rules, a motion must "state with particularity the grounds on which it is based and the order or relief sought." N.H. Sup. Ct. R. 21(1). The opposing party then has ten days to file an objection, the grounds for which, too, "shall be stated with particularity." N.H. Sup. Ct. R. 21(3). This process comports with due process, because it provides for both notice, through the initial motion, and an opportunity to be heard, through the subsequent objection. *Roadway Exp., Inc.*, 447 U.S. at 767. Maravelias's prior filings in this case reveal that this is the precise process he was afforded before the New Hampshire Supreme Court entered the fee award against him. *See* ECF Doc. 7-1 ("To the extent that the defendant requests attorney's fees in connection with the motion, the request is denied without prejudice to the defendant moving for attorney's fees pursuant to Supreme Court Rule 23."); ECF Doc. No. 7-4 (motion for attorney's fees); ECF Doc. No. 7-5 (Maravelias's objection to request for fees); ECF Doc. No. 7-9 (order granting motion for fees); ECF Doc. No. 7-10 (Maravelias's motion to reconsider order awarding fees); ECF Doc. No. 7-12 (order denying motion for reconsideration and awarding attorney's fees).

The First Circuit has held that a plaintiff cannot sustain a facial attack on a state law when the plaintiff's own circumstances reveal a constitutional application of that law. *See Hightower*, 693 F.3d at 78 ("Our review of Hightower's own as-applied claim outlines one set of circumstances where the suitability requirement is clearly constitutional: where false information is provided on an application form. Because Hightower has not shown that the statute lacks any plainly legitimate sweep, her facial attack fails."). In the context of Rule 23, the New Hampshire Supreme Court has afforded the requisite notice and opportunity to be heard not only to Maravelias but in numerous other cases as well. Under such circumstances, Maravelias cannot demonstrate that "there is no 'plainly legitimate sweep' of circumstances" in which Rule 23 can be applied in a constitutional manner. *Id.* He therefore cannot sustain a facial attack on Rule 23's constitutional on procedural due process grounds. The Court should therefore also dismiss Count 1 to the extent it is based on procedural due process.[5]

### B. Maravelias has failed to state a Fourteenth Amendment vagueness claim.

In Count 2, Maravelias asserts that Rule 23 is unconstitutionally vague under the Fourteenth Amendment. This claim fails out of the gate, as the First Circuit has expressly held that, outside of the First Amendment context, vagueness challenges can only be brought on an as-applied basis. *See Draper v. Healey*, 827 F.3d 1, 3 (1st Cir. 2016); *United States v. Zhen*

---

[5] Maravelias suggests in his second amended complaint that Rule 23 does not comport with due process because it does not expressly provide certain additional procedural safeguards. *See generally* ECF Doc. No. 12 ¶¶ 35–49. He is incorrect. "No rigid taxonomy exists for evaluating the adequacy of state procedures in a given case; rather, due process is flexible and calls for such procedural protections as the particular situation demands." *Gonzalez-Droz*, 660 F.3d at 13 (internal quotation marks omitted). "Notice and an opportunity to be heard have traditionally and consistently been held to be the essential requisites of procedural due process," *Haidak v. Univ. of Massachusetts-Amherst*, 933 F.3d 56, 66 (1st Cir. 2019) (citation and quotation marks omitted), and that is all the Unites States Supreme Court has indicated is required before a court may award attorney's fees for frivolous or bad faith conduct, *see Roadway Exp., Inc. v. Piper*, 447 U.S. at 767. Moreover, research reveals no case holding that the Fourteenth Amendment requires any of the additional procedural safeguards advocated in the second amended complaint before an attorney's fees sanction may be imposed. Maravelias's suggestion to the contrary therefore fails.

*Zhou Wu*, 711 F.3d 1, 15 (1st Cir. 2013). In this case, Maravelias brings his vagueness claim only under the Fourteenth Amendment and only as a facial challenge. *See* ECF Doc. No. 12 at 18 (Prayer for Relief II) ("Enter declaratory judgment that NHSC Rule 23 is facially invalid under the Fourteenth Amendment to the U.S. Constitution for unconstitutional vagueness."). He could not, moreover, bring that claim on an as-applied basis, as it would be barred by, among other things, the *Rooker-Feldman* doctrine for the reasons stated in the previous motions to dismiss in this case and discussed on the record at the October 16, 2019 hearing. Consequently, Maravelias has failed to state a viable vagueness claim under the Fourteenth Amendment. For this reason alone, Count 2 must be dismissed.

But dismissal would remain appropriate even if this Court were construe Count 2 to assert a vagueness claim under the First Amendment rather than the Fourteenth Amendment. When evaluating a First Amendment vagueness challenge, a court must determine whether "persons of ordinary intelligence have fair warning of what the law prohibits, that the law provides explicit standards for those who apply it, and that the law avoids chilling the exercise of First Amendment rights." *Nat'l Org. for Marriage, Inc. v. McKee*, 669 F.3d 34, 43–44 (1st Cir. 2012) (citation, quotation marks, and bracketing omitted). "Precision is not expected [and] the mere fact that a regulation requires interpretation does not make it vague." *Id.* at 44 (same omissions). The test is whether a law "prohibits an act in terms so uncertain that persons of average intelligence would have no choice but to guess as its meaning and modes of application." *Id.* (citation, quotation marks, and ellipsis omitted). When reviewing a facial vagueness challenge to a state law, "a federal court must . . . consider any limiting construction that a state court or enforcement agency has proffered." *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494, 494 n.5 (1982); *see also Erznoznik v. City of*

*Jacksonville*, 422 U.S. 205, 216 (1975) ("[A] state statute should not be deemed facially invalid unless it is not readily subject to a narrowing construction by the state courts.").

Though Rule 23 does not itself define the terms "frivolous" and "bad faith," the New Hampshire Supreme Court has defined those terms. When interpreting Rule 23, the New Hampshire Supreme Court turns to the standard applied when determining whether an award of attorney's fees is warranted at the trial court level. *See Arcidi v. Town of Rye*, 150 N.H. 694, 704–05 (2004) (interpreting Rule 23 in light of the trial court standard for bad faith litigation); *Indian Head Nat. Bank v. Corey*, 129 N.H. 83, 88–89 (1986) (same); *see also State v. Rollins*, 129 N.H. 684, 688 (1987) ("Because we sustain the trial court's award of attorney's fees, we would normally look with some favor on the defendants' request for costs and fees incurred in this appeal."). A trial court is authorized to award attorney's fees "where litigation is instituted or unnecessarily prolonged through a party's . . . bad faith conduct . . . ." *Kukene v. Genualdo*, 145 N.H. 1, 3 (2000) (citation and quotation marks omitted). "A party pursues a claim in bad faith if the claim is frivolous." *Id.* (citation omitted). "A frivolous claim lacks any reasonable basis in the facts provable by evidence, or any reasonable claim in the law as it is, or as it might arguably be held to be." *Id.* (citation and quotation marks omitted). "A plaintiff's motive in bringing an action does not determine whether an action is frivolous. *Id.* at 6 (citation, quotation marks, and ellipsis omitted). "The question is whether the litigation was unnecessary because the claim was meritless." *Id.* (citation and quotation marks omitted).

In other words, Rule 23 is reserved for those limited circumstances where an appellant chooses to bring an appeal that is "unnecessary" because it "lacks any reasonable basis in the facts provable by evidence, or any reasonable claim in the law as it is, or as it might arguably be held to be." *Id.* at 5–6. Contrary to Maravelias's contention, this standard does not leave an

appellant to guess when he might be subject to an attorney's fees sanction.  Nor does a litigant's apparently sincere subjective belief that his claims have merit mean that he cannot be subject to sanctions under Rule 23.  Rather, this vagueness turns on an objective inquiry whether a person of ordinary intelligence would be able to determine what conduct a law prohibits.  *Nat'l Org. for Marriage, Inc.*, 669 F.3d at 43.  Rule 23, as interpreted by the New Hampshire Supreme Court, is sufficiently certain that a person of ordinary intelligence would know what the rule prohibits.  *Accord Rhinehart v. Seattle Times*, 798 P.2d 1155, 1160 (Wash. Ct. App. 1990) (upholding a similar court rule against a vagueness challenge).  As this is all that is required to survive a facial vagueness challenge, Count 2 must be dismissed even if construed to arise under the First Amendment.

### C. Maravelias has failed to state a First Amendment right-to-petition claim.

In Count 3, Maravelias's contends that Rule 23 facially violates the First Amendment right to petition the courts.  Marvelias tethers this claim to his claims in Counts 1 and 2, which he contends demonstrate that Rule 23 has "a chilling-effect [sic] against litigants in this state who must risk arbitrary and/or unjust enforcement" of that rule.  ECF Doc. No. 12 ¶ 62.  Counts 1 and 2 fail as a matter of law for the reasons stated above.  Because Count 3 is premised on the viability of those claims, it, too, must be dismissed.

### D. Maravelias has failed to state an Eighth Amendment excessive-fines claim.

In Count 4, Maravelias asserts that Rule 23 facially violates the Eighth Amendment's prohibition against excessive fines.  The Court should dismiss this claim for at least two reasons.  First, like Count 3, Maravelias premises Count 4 on a contention that Rule 23's language is unconstitutionally vague.  *See* ECF Doc. No. 12 ¶¶ 69, 70.  Because this premise is incorrect as a matter of law for the above-stated reasons, Count 4 necessarily fails.

But Maravelias's excessive fines claim also fails because Maravelias has not asserted well-pleaded facts demonstrating that Rule 23 "lacks any plainly legitimate sweep" under the Eighth Amendment. *Hightower*, 693 F.3d at 77 (citation and internal quotation marks omitted). Maravelias sets forth no factual allegations with respect to his excessive-fines claim, instead relying on a series of generalized legal conclusions that are not entitled to the assumption of true. *See* ECF Doc. No. 12 ¶¶ 69, 70. And the language of Rule 23 itself does not support an inference that Rule 23 is facially invalid. "The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: The amount of the [fine] must bear some relationship to the gravity of the offense that it is designed to punish." *United States v. Bajakajian*, 524 U.S. 321, 334 (1998). Rule 23, by its plain terms, affords the New Hampshire Supreme Court the discretion to determine whether to award attorney's fees in the first place and, if so, in what amount. N.H. Sup. Ct. R. 23 ("[T]he supreme court in its sole discretion *may* award attorney's fees . . . ." (emphasis added)). This language, which by its plain terms affords the New Hampshire Supreme Court the flexibility to craft a sanction commensurate with the conduct being sanctioned, cannot support an inference that there is "no plainly legitimate sweep of circumstances" in which Rule 23 can be applied in a manner that comports with the Eighth Amendment. *Hightower*, 693 F.3d at 78 (quotation marks omitted). Thus, Maravelias has failed to state a viable facial challenge to Rule 23 under the Excessive Fines Clause. For this reason, too, Count 4 must be dismissed.

## CONCLUSION

The second amended complaint does not contain any well-pleaded facts supporting an inference that the Attorney General, through his own individual actions, violated Maravelias's constitutional rights. *See Iqbal*, 556 U.S. at 676. For this reason alone, the Attorney General

should be dismissed from this action. But even if the Attorney General were a proper defendant, Maravelias has failed to state a claim under any of his constitutional theories. Thus, for the reasons stated above, the Court should dismiss the second amended complaint in its entirety.

Respectfully submitted,

Gordon J. MacDonald, individually and in his official capacity as New Hampshire Attorney General

By his attorney,

THE OFFICE OF THE ATTORNEY GENERAL

Dated: March 6, 2020

/s/ Samuel R.V. Garland
Samuel R.V. Garland, Bar #266273
Attorney
New Hampshire Dept. of Justice
33 Capitol Street
Concord, NH 03301
(603) 271-3650
samuel.garland@doj.nh.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent to all counsel and pro se parties of record using the Court's CM/ECF system

Dated: March 6, 2020

/s/ Samuel R.V. Garland
Samuel R.V. Garland