# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| Paul Maravelias, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Civil No. 19-cv-00487-JL |
| | * | |
| Justices of the New Hampshire | * | |
| Supreme Court et al. | * | |
| | * | |
| Defendants. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## THE JUSTICES OF THE NEW HAMPSHIRE SUPREME COURT'S MOTION TO DISMISS

The Justices of the Supreme Court of New Hampshire, through their counsel, the New Hampshire Attorney General's Office, move to dismiss the claims asserted against them in plaintiff Paul Maravelias's second amended complaint [ECF Doc. No. 12], stating as follows:

1.      On December 17, 2019, plaintiff Paul Maravelias filed a second amended complaint in which he named the "Justices of the Supreme Court of New Hampshire" (the "Justices") as defendants.  ECF Doc. No. 12 ¶ 7.  Maravelias names the Justices as defendants only "in their individual capacities."  *Id.*

2.      The second amended complaint consists of four counts, all of which seek to facially invalidate New Hampshire Supreme Court Rule 23.  In Count 1, Maravelias contends that Rule 23 is facially invalid under the Fourteenth Amendment's Due Process Clause.  In Count 2, Maravelias contends that Rule 23 is void for vagueness in violation of the Fourteenth Amendment.  In Count 3, Maravelias contends that Rule 23 facially violates the First

Amendment right to petition the courts.  Finally, Maravelias contends in Count 4 that Rule 23 facially violates the Eighth Amendment prohibition on excessive fines.

3.      Maravelias brings these same claims against Gordon J. MacDonald, who is named as a defendant individually and in his official capacity as New Hampshire Attorney General.  *Id.* ¶ 8.  Attorney General MacDonald has filed a motion to dismiss and accompanying memorandum of law setting forth why Maravelias has failed to state viable claims under any of his constitutional theories.  Because Attorney General MacDonald's arguments equally apply to Maravelias's claims against the Justices, the Justices join in that motion and memorandum and incorporate them herein by reference.  The Justices therefore respectfully request that the Court dismiss Maravelias's claims against them for the reasons set forth by Attorney General MacDonald.

4.      There is, however, an additional reason why the Justices should be dismissed from this action.  As noted, Maravlias names the Justices as defendants only in their individual capacities.  "Officers sued in their [individual capacity] come to court as individuals, and the real party in interest is the individual, not the sovereign."  *Lewis v. Clarke*, 137 S. Ct. 1285, 1291 (2017) (internal citation and quotation marks omitted).  Thus, "[i]t is axiomatic that the liability of persons sued in their individual capacities under section 1983 must be gauged in terms of their own actions."  *Leavitt v. Corr. Med. Servs., Inc.*, 645 F.3d 484, 502 (1st Cir. 2011) (citation and quotation marks omitted).

5.      In this case, Maravelias does not allege that any of the Justices individually violated his constitutional rights.  Rather, his constitutional claims are based only on the facial invalidity of Rule 23.  When a party brings a facial challenge to a state law, the real party in interest is the state itself.  *See Fisher v. King*, 232 F.3d 391, 395 n.4 (4th Cir. 2000) ("If a facial

challenge is upheld, the *sovereign* cannot enforce the statute against anyone.").  The Justices, in their individual capacities, do not represent that sovereign interest.  *See Leavitt*, 645 F.3d at 502.

6.      This is confirmed by the sources of authority under New Hampshire law for promulgating, applying, and enforcing court rules.  In the New Hampshire Constitution, the New Hampshire Revised Statutes Annotated, and the New Hampshire Supreme Court Rules, this authority is bestowed on the New Hampshire Supreme Court as an institution, or the justices thereof based on their official roles within that institution, and not on any specific justice in his or her individual capacity.  *See* N.H. Const. Part II, Art. 73-a (authorizing "the chief justice *of the supreme court* . . . . with the concurrence of a majority of *supreme court* justices" to promulgate rules (emphasis added)); N.H. Rev. Stat. Ann. § 490:4 ("The *supreme court* shall have general superintendence of all courts of inferior jurisdiction to prevent and correct errors and abuses, including the authority to approve rules . . . ." (emphasis added)); N.H. Sup. Ct. R. 23 (authorizing "*the supreme court* in its sole discretion [to] award attorneys' fees to an appeal to a prevailing part of the appeal is deemed by *the court* to have been frivolous or in bad faith" (emphases added)); N.H. Sup. Ct. R. 1 (noting that the "Supreme Court of New Hampshire" promulgates rules "pursuant to its constitutional, statutory, and common law powers").  Thus, if this Court were to find that Rule 23 facially violates one or more constitutional provision, any such violation could only ever be the result of conduct undertaken by the New Hampshire Supreme Court as an institution or by its justices in their official capacities, and not due to any individual action taken by a particular justice.

7.      Accordingly, Maravelias cannot maintain his claims against the Justices in their individual capacities.  *See Leavitt*, 645 F.3d at 502.  This stands as an additional reason to dismiss the Justices from this action.

8.      No separate memorandum of law is required in support of this motion as all of the relevant legal authority relied upon is cited herein.  LR 7.1(a)(2).

WHEREFORE, the Justices respectfully requests that this Honorable Court:

A.  Dismiss all of the claims against them for the reasons set forth in the Attorney General's motion to dismiss;

B.  Alternatively, dismiss them from this action for the reasons stated above; and

C.  Grant any such further relief as the Court may deem just and proper

Respectfully submitted,
**JUSTICES OF THE SUPREME COURT OF NEW HAMPSHIRE**

By their attorney,
GORDON J. MACDONALD
ATTORNEY GENERAL

Date:   March 6, 2020            /s/ Nancy J. Smith_____
                                Nancy J. Smith, NH Bar ID # 9085
                                Senior Assistant Attorney General
                                New Hampshire Attorney General's Office
                                33 Capitol Street
                                Concord, NH 03301
                                Phone: (603) 271-3650
                                nancy.smith@doj.nh.gov

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Dismiss was sent to all counsel and pro se parties of record using the Court's CM/ECF system.

Date:   March 6, 2020            /s/ Nancy J. Smith_____
                                Nancy J. Smith