UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| PAUL MARAVELIAS, | ) Civil No. 1:19-CV-00487(JL) |
| *Plaintiff,* | ) |
| v. | ) |
| JUSTICES OF THE SUPREME COURT OF NEW HAMPSHIRE, et al. | ) |
| *Defendants*. | ) |

**PLAINTIFF'S OPPOSITION TO THE JUSTICES OF THE
NEW HAMPSHIRE SUPREME COURT'S MOTION TO DISMISS**

NOW COMES Paul Maravelias ("Plaintiff") and Objects to the Justice of the New Hampshire Supreme Court's ("Individual Justices") 3/6/20 Motion to Dismiss (ECF Doc #20). In further support thereof, Plaintiff states as follows:

**INTRODUCTION**

1.      Plaintiff's second amended complaint reformed this lawsuit into a focused, well-honed facial challenge against the constitutionality of N.H. Sup. Ct. R. 23 ("Rule 23").

2.      Individual Justices join in the Attorney General's separate motion to dismiss addressing the merits of Plaintiff's constitutional claims. Plaintiff hereby incorporates by reference his contemporaneously filed Opposition to the Attorney General's 3/6/20 Motion to Dismiss.

3.      Individual Justices further argue that dismissal is warranted as to them because "Maravelias does not allege that any of the Justices individually violated his constitutional rights" (ECF Doc #20 at ¶5) and because naming the individual justices as defendants rather than the New

Hampshire Supreme Court as an official entity prohibits, as a matter of law, any finding that Rule 23 is facially unconstitutional.

4.  Said argument is incorrect. It leads to the absurd result that nobody with standing could ever bring a constitutional challenge against a state supreme court rule, is inconsistent with counsel's previous positions in this case, and violates ample precedent in this regard.

## STANDARD OF REVIEW

5.  Ruling on a Rule 12(b)(6) Motion to Dismiss, the Court determines whether the Complaint alleges "enough facts to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

## ARGUMENT

**I.    The Individual Justices Are Proper Defendants Pursuant to The *Ex Parte Young* Doctrine.**

6.  "The attempt of a state officer to enforce an unconstitutional statute is a proceeding without authority of, and does not affect, the State in its sovereign or governmental capacity, and is an illegal act and the officer is stripped of his official character and is subjected in his person to the consequences of his individual conduct." *Ex parte Young*, 209 U.S. 123, 142, 28 S. Ct. 441, 446 (1908). Therefore, if Rule 23 is unconstitutional, Maravelias cannot sue the "New Hampshire

Supreme Court" as an entity because any enforcements by it of Rule 23 would be actions done in the individual capacity of its officers.

7. Consequently, Maravelias's allegation that, through allegedly unconstitutional Rule 23, he suffered injury by Defendants and that they violated his rights (Complaint, ¶11 – 13) is within their individual capacity. Likewise, the same is true for his well-pleaded allegations supporting the inference that Individual Justices may do so again. *See* Complaint, ¶14 – 20.

8. The Individual Justices are properly named as defendants for declaratory relief because they enforce Rule 23, as alleged at Complaint, ¶21. *See Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719 (1980), *infra*. *See also* Complaint, ¶22.

## II. Judicial Estoppel Prohibits the Individual Justices' Novel Argument Which Contradicts Their Previous Position.

9. Previously, in Plaintiff's original and first amended complaints, the NHSC defendants were styled as "Defendant Supreme Court of New Hampshire ... a governmental entity", First Amended Complaint at ¶10, causing extensive objection from counsel that the justices were not themselves named in their individual capacity.

10. On 12/30/19, counsel filed a Notice acknowledging "[t]he Supreme Court as a body has also correctly been omitted as a defendant". ECF Doc #13 at ¶3. (Emphasis added)

11. "The doctrine of judicial estoppel is intended to 'safeguard the integrity of the courts' by 'prevent[ing] a litigant from pressing a claim that is inconsistent with a position taken by that litigant either in a prior legal proceeding or in an earlier phase of the same proceeding.' *Guay v. Burack*, 677 F.3d 10, 16 (1st Cir. 2012) (internal quotation marks omitted). 'There are two generally agreed-upon conditions for the application of judicial estoppel. First, the estopping

position and the estopped position must be directly inconsistent, that is, mutually exclusive. Second, the responsible party must have succeeded in persuading a court to accept its earlier position.' *Id*. (internal quotation marks and citations omitted)." *Trafton v. Koplove*, No. 14-cv-155-JL, 2014 U.S. Dist. LEXIS 167267, at *7 (D.N.H. Dec. 3, 2014).

12. <u>First</u>, the minorly disparate technical naming of the NHSC defendants at both stages does not render them separate litigants. <u>Second</u>, their previous position that the NHSC should be omitted as a governmental body is inconsistent with their current position that the Complaint should be directed against "the state itself" … "the Supreme Court as an institution" or "its justices in their official capacities". ECF Doc #20 at ¶5 – ¶6. <u>Third</u>, Plaintiff submits the Court at least partially relied upon the former position while granting in part the NHSC defendants' motion to dismiss the original and first amended complaints in order that Plaintiff may cure the technical defects with their previous non-individual-capacity naming and present solely a facial challenge.

13. Accordingly, the Individual Justices should be judicially estopped.

**III.** **The Doctrine of *Stare Decisis* Requires That Plaintiff May Name Individual State Court Justices as Defendants in an Action for Solely For Declaratory Relief on the Constitutionality of a State Court Rule Promulgated and Enforced by Said Justices.**

14. Troves of similar federal cases have allowed an individual with standing to bring a challenge against a state court rule (and even, at times, certain applications of such rules), naming either the state court itself or the individual justices thereof, and to obtain an adjudication on the merits of said challenge. *See e.g. Supreme Court of N.H. v. Piper*, 470 U.S. 274 (1985); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983); *Scariano v. Justices of the Supreme Court*, 852 F. Supp. 708 (S.D. Ind. 1994); *Rogers v. Supreme Court of Va.*, 590 F. Supp. 102 (E.D. Va. 1984); *Dubinka v. Judges of the Superior Court*, 23 F.3d 218 (9th Cir. 1994); *American Trial*

*Lawyers v. N.J. Supreme Court*, 409 U.S. 467 (1973); *Helminski v. Supreme Court of Colorado*, 603 F. Supp. 401 (D. Colo. 1985*)*; *Southern Christian Leadership v. Supreme Court of Louisiana*, 61 F. Supp. 2d 499 (E.D. La. 1999); *etc*.

15. Most comparably, the United States Supreme Court upheld a constitutional challenge against a New Hampshire Supreme Court rule in *Supreme Court of N.H. v. Piper*, 470 U.S. 274 (1985). The United States Supreme Court additionally upheld the propriety of individual state supreme court justice defendants in relation to a facial challenge against a rule promulgated by the same in *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719 (1980). "But the court and its chief justice were properly held liable in their enforcement capacities. Since the state statute gives the court independent authority on its own to initiate proceedings against attorneys, the court and its members were proper defendants in a suit for declaratory and injunctive relief, just as other enforcement officers and agencies are." *Id.* at 446 U.S. 734-737. Similarly, Plaintiff's Complaint alleges Rule 23 grants "the supreme court" (and, by extension pursuant to the *Ex Parte Young* doctrine, their officers) the authority to initiate a Rule 23 sanction "in its sole discretion".

16. "The doctrine of *stare decisis* provides that courts must abide by or adhere to cases that have been previously decided … a legal decision rendered by a court will be followed by all courts inferior to it in the judicial system." *United States v. Rodriguez-Pacheco*, 475 F.3d 434, 441 (1st Cir. 2007).

17. To grant the Individual Justice's Motion to Dismiss would violate *stare decisis* because it would amount to an arbitrary prohibition of this kind of lawsuit for any litigant in Maravelias's shoes, contradicting the aforementioned precedent. Plaintiff's second amended complaint has cured the alleged defect of his original complaint which had named the New

Hampshire Supreme Court as an entity as opposed to the Individual Justices. However, Individual Justices now seek to create an impossible "Catch 22" situation for such a plaintiff by reversely arguing – in disregard of the *Ex Parte Young* doctrine and the precedent cited above – that the individual naming is a legal defect and rather that the NHSC should be named as an entity.

## **CONCLUSION**

18.   Accordingly, the Court should not dismiss Plaintiff's second amended complaint on the grounds stated in the Individual Justices' 3/6/20 Motion to Dismiss.

19.   No separate memorandum of law is required in support of this objection as all relevant legal authority relied upon is cited herein. *See* LR 7.1(a)(2).

WHEREFORE, Plaintiff Paul Maravelias respectfully requests this Honorable Court:

A.   Deny the Individual Justices' 3/6/20 Motion to Dismiss Plaintiff's Second-Amended Complaint; and

B.   Grant any further relief as may be deemed just and proper.

Dated: March 29th, 2020

Respectfully submitted,
PAUL J. MARAVELIAS,

*pro se*

/s/ Paul J. Maravelias
**Paul J. Maravelias**
34 Mockingbird Hill Rd
Windham, NH 03087
paul@paulmarv.com
603-475-3305

## **CERTIFICATE OF SERVICE**

I, Paul Maravelias, certify that a timely provided copy of this document is being sent on this date to counsel of record for the Defendants pursuant to the rules of this Court by means of ECF filing.

/s/ Paul J. Maravelias                                       Dated: March 29th, 2020
**Paul J. Maravelias**