# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| Paul Maravelias, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Civil No. 19-cv-00487-JL |
| | * | |
| Justices of the New Hampshire | * | |
| Supreme Court et al. | * | |
| | * | |
| Defendants. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## GORDON J. MACDONALD'S REPLY TO OBJECTION TO MOTION TO DISMISS

Gordon J. MacDonald, individually and in his official capacity as New Hampshire Attorney General ("Attorney General"), through his counsel, submits the following reply to plaintiff Paul Maravelias's objection to his motion to dismiss.

**A.     The Attorney General is not a proper defendant in this action.**

1.     Mr. Maravelias suggests that the Attorney General improperly relied on *Ashcroft v. Iqbal* for the proposition that, in order to state a viable claim under 42 U.S.C. § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  556 U.S. 662, 676 (2009).  Mr. Maravelias argues that this requirement is inapplicable in this case because he seeks only declaratory and prospective injunctive relief, and not monetary damages.  *See* ECF Doc. No. 23-1 ¶ 2.  But Mr. Maravelias overlooks the fact that he named the Attorney General as a defendant in both his official and *individual* capacities, and that "[i]t is axiomatic that the liability of persons sued in their individual capacities under section 1983 must be gauged in terms of their own actions."  *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999).  Moreover, "a pivotal question" under the *Ex*

*parte Young* exception to Eleventh Amendment immunity, which "permits federal courts . . . to enjoin state official to conform future conduct to the requirements of federal law," "is whether the relief serves directly to bring an end to *a present violation of federal law*."  *Town of Barnstable v. O'Connor*, 786 F.3d 130, 138 (1st Cir. 2015) (citation, quotation marks, and bracketing omitted) (emphasis added).  In this case, Mr. Maravelias has neither alleged that the Attorney General is personally violating his constitutional rights nor identified a present violation of federal law, attributable to the Attorney General, that the relief he seeks would remedy.  His claims against the Attorney General must therefore be dismissed.

2.    Mr. Maravelias resists this conclusion by contending that the Attorney General, through his memorandum of law in support of dismissal, "threatens an enforcement action" against Mr. Maravelias.  ECF Doc. No. 23-1 ¶ 3.  This argument is unavailing for at least two reasons.  First, no fair reading of the Attorney General's memorandum reveals this purported "threat."  Rather, the Attorney General expressly argued that the prospect that he would initiate contempt proceedings against Mr. Maravelias was both speculative and conjectural, and therefore insufficient to defeat his motion to dismiss.  ECF Doc. No. 19-1 at 5.  The Attorney General maintains that to be the case for the reasons stated in his memorandum.

3.    But even if the Attorney General had "threatened" an enforcement action, doing so would not be unlawful.  Both the First Circuit and the New Hampshire Supreme Court recognize the collateral-bar rule, which provides that a person may not defy a court order simply because he believes the order to be unconstitutional, and then raise that alleged unconstitutionality as a defense in a subsequent contempt proceeding.  *See, e.g.*, *United States v. Mourad*, 289 F.3d 174, 177–78 (1st Cir. 2002); *State v. Vincelette*, 172 N.H. 350, 357 n.2 (2019); *City of Lebanon v. Townsend*, 120 N.H. 836, 839 (1980).  "The rationale for this rule is both to

protect the authority of the courts when they address close questions and to create a strong

incentive for parties to follow the orderly process of law." *Mourad*, 289 F.3d at 177 (quotation

marks and citations omitted). "In short, no man can be judge in his own case." *Id.* (same

omissions).

4. Mr. Maravelias acknowledges in his complaint that he is subject to an attorney's

fees order issued pursuant to Rule 23. ECF Doc. No. 12 ¶ 11. He further suggests that he may

choose to defy that order. *Id.* ¶ 14. If he does, it would be entirely lawful, regardless of how

strongly Mr. Maravelias believes Rule 23 to be unconstitutional, for the Attorney General to

bring contempt proceedings against him. Thus, even if the Attorney General had "threatened" to

bring such proceedings—and he has not done so—Mr. Maravelias fails to identify a "*present*

deprivation of federal law*," attributable to the Attorney General, sufficient to sustain an official-

capacity claim against him under § 1983. *Town of Barnstable*, 786 F.3d at 138 (emphasis

added).

**B.    The Court may properly consider state-court filings when ruling on the Attorney General's Rule 12(b)(6) motion.**

5. Mr. Maravelias suggests, primarily in a footnote, that the Court may not consider

cases in which the New Hampshire Supreme Court has previously applied Rule 23 or how that

rule was applied in Mr. Maravelias's own case in the context of its Rule 12(b)(6) analysis. *See*

ECF Doc. No. 23-1 at 3 n.3. He is incorrect on both points. "A court may consider matters of

public record in resolving a Rule 12(b)(6) motion to dismiss." *Giragosian v. Ryan*, 547 F.3d 59,

66 (1st Cir. 2008) (citation omitted). "Matters of public record ordinarily include documents

from prior state court adjudications." *Id.* (citation and quotation marks omitted). The prior New

Hampshire Supreme Court decisions and the court filings cited in the Attorney General's

memorandum of law are matters of public record.  The Court may accordingly consider them

when ruling on the Attorney General's motion to dismiss.

**C.      Mr. Maravelias has not stated a viable Fourteenth Amendment due-process claim.**

6.      With respect to Mr. Maravelias's Fourteenth Amendment procedural due process

claim,[1] the Attorney General largely rests on the arguments set forth in his memorandum of law

and limits his reply to two general points.

7.      First, Mr. Maravelias's contention that Rule 23 violates procedural due process

because it does not expressly incorporate certain limiting language found in other comparable

court rules is misplaced.  Whatever arguable merits those other rules might possess, Mr.

Maravelias cites no authority for the proposition that they reflect the constitutional baseline for

an attorney's fees award provision to comport with due process.  That is unsurprising, as the only

process that Supreme Court has held is required before a court may award attorney's fees as a

sanction is notice and an opportunity to be heard.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32,

50 (1991); *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 767 (1980); *see also United States v.

Kouri-Perez*, 187 F.3d 1, 13 (1st Cir. 1999).  And, contrary to his suggestion, Mr. Maravelias

cannot sustain a facial challenge to Rule 23 based solely on allegations in his complaint that due

process requires certain additional procedural safeguards.  *See In re Ariad Pharm., Inc. Sec.

Litig.*, 842 F.3d 744, 750 (1st Cir. 2016) (noting that a court need not assume the truth of a

plaintiffs "legal conclusions and characterizations").

8.      Mr. Maravelias is also incorrect that his procedural due process claim should be

reviewed under the "relaxed" facial-challenge standard applicable to certain First Amendment

claims.  As Mr. Maravelias himself acknowledges, that standard only applies when a plaintiff

challenges a statute as facially overbroad.  *See Broadrick v. Oklahoma*, 413 U.S. 601, 611–13, 93

---

[1] Mr. Maravelias does not dispute in his objection that he has failed to assert a substantive due process claim.

(1973) (collecting cases); *see also United States v. Ackell*, 907 F.3d 67, 72 (1st Cir. 2018), *cert. denied,* 139 S. Ct. 2012 (2019).  Mr. Maravelias does not allege anywhere in his amended complaint that Rule 23 is facially overbroad.  Nor does he cite any support for the proposition that the overbreadth doctrine can be extended to a procedural due process claim arising under the Fourteenth Amendment simply because the challenged law potentially implicates the right to petition the courts.  This, too, is not surprising, as the Supreme Court has emphasized that "[a]pplication of the overbreadth doctrine . . . is, manifestly, strong medicine, [which] has been employed by the Court sparingly and only as a last resort."  *Broadrick*, 413 U.S. at 613.  And, in any event, Rule 23 "is not overbroad, because there is no constitutional right to file frivolous litigation."  *Wolfe v. George*, 486 F.3d 1120, 1125 (9th Cir. 2007).

9.      Mr. Maravelias's procedural due process claim is therefore subject to the facial challenge standard applicable outside of the First Amendment overbreadth context.  While federal courts, including the Supreme Court, have subjected facial procedural due process challenges to the "no set of circumstances" standard set forth in *United States v. Salerno*, 481 U.S. 739, 745 (1987), *see, e.g.*, *Reno v. Flores*, 507 U.S. 292, 301 (1993); *William Jefferson & Co. v. Bd. of Assessment & Appeals No. 3 ex rel. Orange Cty.*, 695 F.3d 960, 963 (9th Cir. 2012), the Attorney General, in his memorandum of law, applied the arguably more relaxed "plainly legitimate sweep" standard.  But under either standard, Mr. Maravelias's procedural due process claim necessarily fails for at least two related reasons.

10.     First, as explained in the Attorney General's memorandum, the circumstances of Mr. Maravelias's own case demonstrate that the New Hampshire Supreme Court afforded him notice and an opportunity to be heard before subjecting him to sanctions under Rule 23.  It is well established that outside of the overbreadth context, "a person to whom a statute may

constitutionally be applied may not challenge that statute on the ground that it may conceivably be applied unconstitutionally to others in situations not before the Court." *Ackell*, 907 F.3d at 71 (citation and quotation marks omitted); *see also William Jefferson & Co.*, 695 F.3d at 963 ("If William Jefferson's as-applied challenge fails, then William Jefferson's facial challenge necessarily fails as well because there is at least one set of circumstances where application of § 31000.7 does not violate a taxpayer's procedural due process rights."). For this reason alone, Mr. Maravelias's facial procedural due process claim must fail.

11.    But even if this were not the case, the New Hampshire Supreme Court has routinely required that requests for fees under Rule 23 be initiated through motion practice, as detailed in the Attorney General's memorandum of law. That practice, as set out in the New Hampshire Supreme Court Rules, affords both notice and an opportunity to be heard. Mr. Maravelias therefore cannot demonstrate that Rule 23 lacks *any* plainly legitimate sweep. For this reason, too, he cannot sustain his procedural due process claim.

**D.    Mr. Maravelias has not stated a viable void-for-vagueness claim.**

12.    The Attorney General limits his reply to Mr. Maravelias's void-for-vagueness arguments to three brief points.

13.    First, while the Attorney General does not concede that a limiting construction is necessary to save Rule 23 from Mr. Maravelias's vagueness challenge, *Kukene v. Genualdo*, 145 N.H. 1 (2000), provides such construction. Mr. Maravelias acknowledges in his amended complaint that the term "frivolous" has "potentially sound legal definitions and generic uniformity in legal meaning." ECF Doc. No. 12 ¶ 53. He thus focuses much of his attention on the phrase "bad faith." *See id.* ¶ 54. But in *Kukene*, the New Hampshire Supreme Court made clear that "[a] party pursues a claim in bad faith if the claim is frivolous." 156 N.H. at 3

(citations omitted).  The court went on to define what constitutes a frivolous claim.  *See id.* ("A frivolous claim lacks any reasonable basis in the facts provable by evidence, or any reasonable claim in the law as it is, or as it might arguably be held to be." (quotation marks omitted)). While Mr. Maravelias suggests that equating the terms "bad faith" and "frivolous" creates vagueness concerns, the opposite is actually true:  the New Hampshire Supreme Court has set forth an easy-to-understand definition of sanctionable conduct.  In light of *Kukene*, there is no meaningful question what type of conduct might subject a person to an attorney's fees sanction. Mr. Marvelias's vagueness challenge accordingly fails as a matter of law.

14.     Second, Mr. Maravelias's suggestion that a limiting construction cannot save Rule 23 because it provides for civil, as opposed to criminal, penalties is unavailing.  The Supreme Court has made clear that, "[i]n evaluating a facial challenge to a state law, a federal court must . . . consider any limiting construction that a state court or enforcement agency has proffered."  *Kolender v. Lawson*, 461 U.S. 352, 355 (1983) (citation and quotation marks omitted).  The Supreme Court has never restricted that requirement to criminal provisions.  And, as this Court has acknowledged, "the Supreme Court has expressed less tolerance of enactments with criminal rather than civil penalties 'because the consequences of imprecision are qualitatively' more severe."  *Frese v. MacDonald*, 2019 DNH 184, at 20 (*Laplante*, J.) (quoting *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 499 (1982)).  There is, accordingly, is no persuasive reason to believe that a limiting construction can save a criminal statute subject to a vagueness challenge but cannot save a civil provision subject to such a challenge.  Mr. Maravelias's suggestion to the contrary is misplaced.

15.     Finally, Mr. Maravelias suggests that Rule 23 encourages arbitrary enforcement because it does not include limiting language, such as a requirement that any fees awarded be

"reasonable."  Once again, Mr. Maravelias does not cite (and the Attorney General has not

identified) any authority for the proposition that a fee award provision must include such

language to survive a vagueness challenge.  And Mr. Maravelias overlooks other limiting

language embodied in Rule 23:  fees are not available under that rule "as a matter of right," but

rather "[i]n the interest of justice in extraordinary cases," and even then the New Hampshire

Supreme Court may only award fees that are "related to an appeal."  N.H. Sup. Ct. R. 23.  Absent

any contrary authority, this limiting language more than sufficiently protects a litigant against the

possibility of arbitrary enforcement to defeat Mr. Maravelias's vagueness challenge.

**E.     Remaining claims**

16.     Mr. Maravelias relies on his void-for-vagueness arguments to support his First

Amendment right-to-petition claim, noting that the latter claim is "minimally distinguishable

from [the former] for the purposes of the Rule 12(b)(6) motion before the Court."  ECF Doc. No.

23-1 ¶ 40.  Because Mr. Maravelias's vagueness claim fails for the reasons stated above and in

the Attorney General's initial memorandum, his right-to-petition claim likewise fails.  The

Attorney General has no additional reply with respect to Mr. Maravelias's Eighth Amendment

excessive-fines claim, which fails for the reasons set forth in the Attorney General's

memorandum.

**F.     Conclusion**

17.     The Attorney General is not a proper party to this lawsuit.  But even if he were,

Mr. Maravelias has failed to state a claim for relief under any of his constitutional theories.

Accordingly, for the reasons stated above and in the Attorney General's initial memorandum of

law, the Court should dismiss Mr. Maravelias's claims against the Attorney General in their

entirety.

Respectfully submitted,

Gordon J. MacDonald, individually and in his official capacity as New Hampshire Attorney General

By his attorney,

THE OFFICE OF THE ATTORNEY GENERAL

Dated: April 10, 2020                    /s/ Samuel R.V. Garland
                                         Samuel R.V. Garland, Bar #266273
                                         Attorney
                                         New Hampshire Dept. of Justice
                                         33 Capitol Street
                                         Concord, NH 03301
                                         (603) 271-3650
                                         samuel.garland@doj.nh.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent to all counsel and pro se parties of record using the Court's CM/ECF system

Dated: April 10, 2020                    /s/ Samuel R.V. Garland
                                         Samuel R.V. Garland