UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

*************************************
Paul Maravelias,                              *
                                              *
       Plaintiff,                        *
v.                                            *   Civil No. 19-cv-00487-JL
                                              *
Justices of the New Hampshire                 *
Supreme Court et al.                          *
                                              *
       Defendants.                       *
                                              *
*************************************

## THE JUSTICES OF THE NEW HAMPSHIRE SUPREME COURT'S REPLY TO THE OBJECTION TO THEIR MOTION TO DISMISS

The Justices of the New Hampshire Supreme Court ("Justices"), through their counsel, hereby reply to plaintiff Paul Maravelias's objection to their motion to dismiss, stating as follows:

1. In their initial motion to dismiss, the Justices joined and incorporated by reference arguments set forth by Attorney General MacDonald as to why Mr. Maravelias had not stated viable claims under any of his constitutional theories. *See* ECF Doc. No. 20 ¶ 3. Mr. Maravelias responded to those arguments, ECF Doc. No. 23-1, and the Attorney General has filed a reply addressing that response, ECF Doc. No. 26. The Justices join in the substantive arguments raised in the Attorney General's reply and incorporate them herein by reference. The Justices accordingly limit this reply to Mr. Maravelias's contention, in his objection to the Justices' motion to dismiss, that he may proceed against them in their individual capacities.

2. Mr. Maravelias contends that he can maintain individual-capacity claims against the Justices under the *Ex parte Young* doctrine. He is incorrect. "[T]he *Ex Parte Young* doctrine permits suits to proceed against state officers in their *official* capacities to compel them to

comply with federal law." *Vaqueria Tres Monjitas, Inc. v. Irizarry*, 587 F.3d 464, 478 (1st Cir. 2009) (emphasis added). *Ex parte Young* stands as an exception to Eleventh Amendment immunity whereby a federal court can "enjoin state officials to conform future conduct to the requirements of federal law." *Town of Barnstable v. O'Connor*, 786 F.3d 130, 138 (1st Cir. 2015). Notably, *Ex parte Young* does not permit a federal court action to proceed in every case where prospective declaratory and injunctive relief is sought against a state officer named in his or her *individual* capacity. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 270 (1997).

3. Mr. Maravelias may attempt to argue that he conflated the concepts of individual- and official-capacities claims and meant to name the Justices officially, as opposed to individually. The Court should reject any such argument. Mr. Maravelias has repeatedly demonstrated that he knows how to bring official-capacity claims against government officials. In his second amended complaint in this case, he named Attorney General MacDonald both in his official capacity and individually. ECF Doc. No. 19 ¶ 8. In his original and first amended complaints, he named former Chief Justice Lynn in both capacities. ECF Doc. No. 7 ¶ 11; ECF Doc. No. 1 ¶ 11. In another case brought in this district, Mr. Maravelias named several public officials in just their official capacities and one in both his official and individual capacities. *See Maravelias v. Coughlin*, No. 19-cv-000143, ECF Doc. No. 1 ¶¶ 9–14 (original complaint); *id.*, ECF Doc. No. 22 ¶¶ 9–14 (amended complaint). Though it is unclear why Mr. Maravelias chose to name the Justices in their individual capacities in his second amended complaint in this case, there is every reason to believe that it was a deliberate choice.

4. "[I]n determining whether a suit involves a personal or official-capacity claim, [the court] should be guided by the complaint or, if not clearly specified in the complaint, by the course of the proceedings." *Asociacion De Subscripcion Conjunta Del Seguro De*

*Responsabilidad Obligatorio v. Flores Galarza*, 484 F.3d 1, 26 (1st Cir. 2007) (citations, bracketing, and quotation marks omitted).  In this case, it is clear from the plain language of the second amended complaint that the Justices are named in their individual capacities. Accordingly, Mr. Maravelias can only sustain claims against them under 42 U.S.C. § 1983 if he sufficiently alleges that they personally violated his constitutional rights.  *See Leavitt v. Corr. Med. Servs., Inc.*, 645 F.3d 484, 502 (1st Cir. 2011) ("It is axiomatic that the liability of persons sued in their individual capacities under section 1983 must be gauged in terms of their own actions." (citation and quotation marks omitted)).  He has not done so, as explained in the Justices' motion to dismiss.

5.     The Justices are not judicially estopped from raising this argument now.  In his original and first amended complaints, Mr. Maravelias named the New Hampshire Supreme Court as a defendant.  ECF Doc. No. 7 ¶ 10; ECF Doc. No. 1 ¶ 10.  The original defendants moved to dismiss that claim on the basis that the New Hampshire Supreme Court, *as an institution*, was entitled to Eleventh Amendment immunity.  *See* ECF Doc. No. 8 ¶¶ 18–20.  That argument is in no way inconsistent with the Justices' present argument that Mr. Maravelias cannot sustain individual-capacities claims against them absent allegations that they personally violated his rights.

6.     Mr. Maravelias's *stare decisis* arguments are likewise unavailing.  The decisions Mr. Maravelias cites in support of that argument do not stand for the proposition that a plaintiff can maintain an individual-capacity claim against a public official under without alleging that the official in question personally violated the plaintiff's rights.  Indeed, none of the cited cases addressed that issue at all.  Mr. Maravelias's reliance on those decisions is accordingly misplaced.

7. In sum, Mr. Maravelias cannot maintain individual-capacity claims against the Justices because he has not alleged that they have personally violated his constitutional rights. He has further failed to state a viable claim under any of his constitutional theories, as set forth in the Attorney General's reply. Accordingly, the Justices are entitled to dismissal.

        Respectfully submitted,
        **JUSTICES OF THE SUPREME COURT OF NEW HAMPSHIRE**

        By their attorney,
        GORDON J. MACDONALD
        ATTORNEY GENERAL

Date: April 10, 2020         /s/ Nancy J. Smith
        Nancy J. Smith, NH Bar ID # 9085
        Senior Assistant Attorney General
        New Hampshire Attorney General's Office
        33 Capitol Street
        Concord, NH 03301
        Phone: (603) 271-3650
        nancy.smith@doj.nh.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion to Dismiss was sent to all counsel and pro se parties of record using the Court's CM/ECF system.

Date: April 10, 2020         /s/ Nancy J. Smith
        Nancy J. Smith