# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| PAUL MARAVELIAS, </br></br>　　　　*Plaintiff*, </br></br> v. </br></br> JUSTICES OF THE SUPREME COURT OF NEW HAMPSHIRE, et al. </br></br>　　　　*Defendants*. | ) Civil No. 1:19-CV-00487-SM </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

## MOTION FOR RECUSAL OF JUDGE MCAULIFFE
## PURSUANT TO 28 U.S.C. § 455

NOW COMES Paul Maravelias ("Plaintiff") and respectfully requests that Judge Steven J. McAuliffe recuse himself from this case. In further support thereof, Plaintiff states as follows:

### INTRODUCTION

1.　Judge McAuliffe has presided over Maravelias's different and predating lawsuit in this Court, *Maravelias v. Coughlin, et al*., Case No. 19-CV-00143-SM.

2.　Judge McAuliffe authored what Maravelias has described as a "libelous" and improper 11/4/19 Memorandum Opinion dismissing the aforementioned suit.

3.　Mere days ago on 5/28/20, Maravelias delivered an Appellate Brief to the Court of Appeals in his appeal of Judge McAuliffe's aforementioned 11/4/19 Order dismissing that case.

4.　In said Appellate Brief, Maravelias strongly criticized Judge McAuliffe's abusive, unlawful, and vitriolic misconduct in the other case. A reasonable person would perceive Judge McAuliffe's mysterious and otherwise unmotivated commandeering of this case less than one-

week later to be in improper retaliation against Maravelias, giving the appearance of impropriety. Therefore, federal law requires that he recuse himself from this case.

## LEGAL STANDARD

5.     28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *See In Re Chantal*, 902 F.2d 1018, 1023 (1st Cir. 1990); Susan B. Hoekema, Questioning the Impartiality of Judges: Disqualifying Federal District Court Judges Under 28 U.S.C. § 455(a), 60 Temp. L.Q. 697, 708 (1987) ("[S]ection 455(a) suggests that it requires disqualification for the appearance of bias.") "A Judge Should Avoid Impropriety and the Appearance of Impropriety in all Activities". Canon 2, Code of Conduct for United States Judges. "An appearance of impropriety occurs when reasonable minds, with knowledge of all the relevant circumstances disclosed by a reasonable inquiry, would conclude that the judge's honesty, integrity, impartiality, temperament, or fitness to serve as a judge is impaired." Commentary on Canon 2A, *Ibid*.

## ARGUMENT

**I.     Given Maravelias's Recent Public Censure of Judge McAuliffe, The Present "Exchange of Hats" Creates The Appearance of Impropriety.**

6.     While Judge McAuliffe's duty to recuse is not dependent upon the validity of Judge LaPlante's recent unexplained 6/3/20 self-recusal in this case, the timing of the bizarre events creates a picture of retaliatory impropriety in the sight of a reasonable person.

7.     Judge LaPlante has presided over this case since May 2019 and has heard Oral Argument from the parties in October 2019. The pending motions to dismiss and objection

memoranda of law were submitted in March 2020. Judge LaPlante personally scheduled a Hearing for 6/12/20. If there were other valid causes for his recusal, he could have done so long ago.

8.      It is clear to the outside observer that the Maravelias's 5/28/20 delivery of his Appellate Brief to the First Circuit Court of Appeals caused the instant "exchange of hats" as an opportunity for Judge McAuliffe to retaliate against Maravelias through injustice in this case. Indeed, there are other judges in this Court who could have supplanted Judge LaPlante if his recusal were for distinct causes.

9.      This appearance of impropriety is exacerbated by 1) the temporal proximity of 5/28/20 (date of delivery of Maravelias's Appellate Brief criticizing Judge McAuliffe and accusing him of bias) and 6/3/20 (date of Judge LaPlante's self-recusal and Judge McAuliffe's assignment to this case), 2) the unusual lack of any explanation for the recusal in Judge LaPlante's 6/3/20 Notice of Recusal, and 3) Judge McAuliffe's rash cancellation of the previously scheduled 6/12/20 Hearing on the pending Motion, for which the parties were preparing.

**II.    Judge McAuliffe's History of Hostile Judicial Activism Prejudicing Maravelias Creates The Appearance of Impropriety.**

10.     Though far from extensive, Maravelias's recent May 2020 Appellate Brief in the First Circuit included exposure of and commentary on Judge McAuliffe's prejudicial treatment of Maravelias in *Maravelias v. Coughlin, et al.* This portion is reproduced inline hereinafter to provide an introductory showing of Judge McAuliffe's hostility and bias against Maravelias:

"       III. THE DISTRICT COURT'S MEMORANDUM OPINION IS IMPROPER JUDICIAL ACTIVISM CRAFTED IN EVIDENT MALICE.

        A.      The District Court Improperly Stated Extrajudicial Opinions, Unfounded Personal Attacks, and Factual Findings Contrary to Maravelias's Well-Pleaded Allegations

3

For good reason, Maravelias alleged in Paragraph ¶16 of his Amended Complaint,

> 'Maravelias has long maintained that the said 'protective' order litigation is an illegitimate, bad-faith campaign of malicious harassment orchestrated by DePamphilis's father David DePamphilis. Maravelias claims DePamphilis committed perjury to obtain the order. During cross-examination, DePamphilis even admitted that Maravelias never actually spoke certain words to her which she claimed (maliciously) in her petition he said.'

Judge McAuliffe was evidently offended. Even though this entire case centers around an unlawful repression of Maravelias's right to even posses[s] public social media images of Christina DePamphilis, her boyfriend, and David DePamphilis, incitatively middle-fingering Maravelias while DePamphilis laughably claimed to "fear" him, in an attempt to get Maravelias arrested for violating her fake restraining order, Judge McAuliffe ensured to publicize his personal opinion "that Christina has a well-founded fear for her personal safety". Addendum 11.

This was an inappropriate attack for Judge McAuliffe to make because his position as a federal judge was not to opine on the merits of the underlying state restraining order. Indeed, his Memorandum Order is adamant elsewhere the state court decisions "will not be revisited". Addendum 19.

Judge McAuliffe seized Maravelias's case as an opportunity to broadcast[1] his disturbing advocacy and personal persuasions about the past DePamphilis-Maravelias state case. Doing so on a Rule 12 motion ruling, he violated the law that 'the court must 'accept as true all well-pleaded facts set out in the complaint and indulge all reasonable inferences in favor of the pleader.'' *Camp v. Bimbo Bakeries USA, Inc.*, 2018 U.S. Dist. LEXIS 211776 (*Steven J. McAuliffe*, J.) (quoting *SEC v. Tambone*, 597 F.3d 436, 441 (1st Cir. 2010)). The first five (5) pages of his Memorandum Opinion indicate an inversion of his duty, viewing the facts in the light *least* favorable to Maravelias.

While Judge McAuliffe might make a good pundit or political news reporter, it was unbecoming of the federal judiciary to prejudice Maravelias by making factual findings in a context where Maravelias had no opportunity to defend himself. The Memorandum Opinion does not state, for instance, "the state court found that DePamphilis's testimony was credible that she perceives Maravelias's obsession with Christina has not abated over the years, and rejected Maravelias's conflicting

---

[1] Judge McAuliffe succeeded in damaging Maravelias. His libelous Memorandum Opinion now appears in the first results for a Google search of Maravelias's name, as district court judgments are automatically published on numerous public court reporting websites.

testimony". Rather, he positively declared "Maravelias's obsession with Christina has not abated over the years" in his own personal voice, as if a dogmatic proclamation of undisputed gospel. Addendum 3.

Judge McAuliffe should have kept his omniscient, auto-apotheotic epiphanies to himself for three reasons. <u>First</u>, he does not personally know Maravelias so he cannot say whether Maravelias has an "unabated obsession" with the person who has been legally abusing him for multiple years. <u>Second</u>, the state court record indicates Maravelias does not have any 'obsession'. Maravelias liked DePamphilis when she was 16 and invited her on a date in a charming stunt in 2016. Appendix 27, 33. The offer having been declined, he then rapidly lost interest[2] once he soon discovered she was fornicating with a 21-year-old man at age 16. Appendix 37, 43. The subsequent four years have been characterized by his valiant self-defense of DePamphilis's gratuitous legal attacks and wanting to have nothing to do with DePamphilis. Under these facts, that Maravelias does not have an 'obsession' is pellucid, let alone a 'reasonable inference[] in favor of the pleader' required within Rule 12 adjudications. *Bimbo Bakeries USA, Inc., supra.* <u>Third</u>, whether Maravelias has an 'obsession' is immaterial to the relief requested in this lawsuit.

A reasonable person could infer that Judge McAuliffe crossed the line of professionalism and entered the realm of partiality, bias, and antagonistic misconduct. Perplexed, Maravelias was left with the only speculation his naming Judge John J. Coughlin as a defendant may have 'offend[ed] an apparent sacred fraternity'. District ECF Doc #45-1, p. 2. For instance, Judge McAuliffe's Memorandum Opinion twice opines that Maravelias 'pushed the restrictions embodied in that order to their very limits' and 'again pushed the limits of that order'. Addendum 12. This behavior of Judge McAuliffe is perplexing for three reasons. <u>First</u>, it is not illegal to 'push the restrictions' of an order which implicitly criminalizes otherwise lawful conduct. <u>Second</u>, whether Maravelias 'pushed the restrictions … to their limits' is immaterial to the sole legal question at this stage of whether federal subject matter jurisdiction exists. <u>Third</u>, in law, a bad person can have a good argument, and a good person can have a bad argument. Therefore, it reflects poorly on the federal judiciary for Judge McAuliffe seemingly to mitigate his erroneous disposition by showing that Maravelias is a bad person.

Malice can be inferred by the district court's extensive and elaborate expenditure of time spent scrutinizing the state court record to malign Maravelias in over four pages of unilateral activism as compared to the exiguous nature of its legal review

---

[2] Upon information and belief, Maravelias excludes both non-virgin and vexatious litigant women from his prospects.

of the Rooker-Feldman issue at bar, ignoring and mischaracterizing gaping swaths of Maravelias's arguments as shown above.

B.  An Objective Fact-Pattern Suggests Judge McAuliffe's Prejudice Against Maravelias

Instead of spending time to think of three redundant, progressively intensifying adjectives to quip that 'each of Maravelias's claims appears to be frivolous, meritless, and misguided' (Addendum 6), Judge McAuliffe could have alternatively devoted this time to 1) reading the part of Maravelias's Amended Complaint and 6/3/19 Memorandum which spoke of the 'extended terms' being issued without jurisdiction and voiding judicial immunity and 2) reading the part of Maravelias's 6/3/19 Memorandum which pointed-out his new 2019 state appeal raised federal questions to be revisited in state courts. Then he could have explained why these robust, well-developed arguments which he ignored were 'frivolous, meritless, and misguided' to provide for meaningful appellate review.

A reasonable person in Maravelias's shoes can look back and conclude that this case had already been decided against him on Day 1. In order to taste the counterfactual, Maravelias has the scientific benefit of having experienced litigating another suit in the district court, mostly simultaneous, involving a different dispute (*Maravelias v. NH Supreme Court*, et al., 1:19-CV-00487(JL)). The latter suit, however, had a different decisionmaker.

Whereas Judge McAuliffe in the case below denied Maravelias even trite and routine accommodations such as permission for ECF filing (Addendum 4) or a hearing on the complex Rule 12(b)(1) Motion, Judge LaPlante in Maravelias's other case permitted ECF filing and granted a hearing on a similar dispositive Rule 12 motion. While Judge LaPlante in said case ultimately issued a 10/17/19 Order which was largely unfavorable to Maravelias, he did so with thoroughness, professionalism, and exacting attention to each of Maravelias's claims. The same cannot be said of the Memorandum Opinion below. Moreover, the other case likewise involved a dismissal of claims under the Rooker-Feldman doctrine, yet a comparable facial constitutional challenge was properly allowed to proceed. Furthermore, Judge McAuliffe's initial denial of Maravelias's Application for a Temporary Restraining Order made use of ancient Younger abstention case law (Appendix 53 – 54), denying the relief under the factors espoused in *Middlesex County Ethics Comm. V. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982), whereas the correct precedent – the superseding Supreme Court decision in *Sprint Communications, Inc. v. Jacobs*, 134 S. Ct. 584 (2013) – would have likely dictated a different outcome.

The pattern here is clear to Maravelias and further counsels towards reversing the judgment of the district court below."

Appellant's Brief, Maravelias v. Coughlin, et al., No. 19-2244 (1st Cir. 2020)

11.    Judge McAuliffe has therefore been shown to have usurped another of Maravelias's cases as an opportunity to defame and harass Maravelias while ignoring his legal arguments and denying him fair process. The mere fact that this allegation is currently being litigated in the pending appeal in that case causes the appearance of impropriety if Judge McAuliffe were to decide this case.

### III.    Judge McAuliffe's History of Disturbing and Unprofessional Personal Attacks Against Maravelias – Including Maligning Maravelias's Sexual Orientation and Sexual Preferences – Creates The Appearance of Impropriety.

12.    Judge McAuliffe's abandonment of duty in exchange for a childish libel-spree against a competent *pro se* litigant seeking justice adopted many forms which Maravelias did not have the space to analyze in the aforecited passage of his recent Appellate Brief.

13.    For instance, Judge McAuliffe's 11/4/19 Memorandum Opinion in *Maravelias v. Coughlin, et al.* contained the improper extrajudicial opinion that Maravelias had a romantic interest in a "young woman" that was "significantly younger" than him, referring to a time when Maravelias was himself only 21 years of age. This disgusting and discriminatory comment from Steven J. McAuliffe represents a pinnacle of immateriality, subjectivity, and radical feminist advocacy. Judge McAuliffe's improper personal attack is frivolous because there is no authority to support the defamatory adverb "significantly". This is not merely an opinion or observation where otherwise of legal import: it is rather an unqualified, wholly irrelevant extrajudicial act of libel against Maravelias to disparage him and apparently justify denying him fair legal process,

implicating Maravelias's right to be treated equally regardless of his sexual preference. Under circumstances where Judge McAuliffe effectively prostituted the dignity of his office as a United States Judge solely to malign someone half-a-century younger than him in a spirit of un-instigated vindictiveness and discrimination on the basis of sexual preference, a reasonable person would question Judge McAuliffe's partiality. Recusal is therefore required.

14. Maravelias was 24 years of age when attacked by Judge McAuliffe's libelous 11/4/19 Memorandum Opinion in which Judge McAuliffe made such claims against Maravelias from a posture of original assertion, as if he had personal extrajudicial knowledge about Maravelias, and without making any citation to state court record to substantiate this particular claim. No court has ever made a finding that any woman in which Maravelias had romantic interest was "significantly" younger than him. Further, it is not unlawful to have romantic interest in "significantly" younger women nor to have sexual relations with any consenting male or female of legal age. Further, whether Maravelias had an interest in a "significantly younger" woman was entirely immaterial to the occasion of the 11/4/19 Memorandum Opinion, a purely legal Rule 12 Motion to Dismiss, before any discovery had occurred, depriving Maravelias of any opportunity to defend himself from McAuliffe's childish false accusation of fact. Further, a reasonable person would find the concept of a "significantly younger" woman than Maravelias to be absurd because Maravelias is himself only 25 and therefore there are not yet any female humans who are both "significantly younger" and who are "wom[en]", a word which denotes prior attainment of sexual maturity. Further, it should be noted that Judge McAuliffe's manifold wives have been exactly his age. As such, his improper "significantly younger" comment is smacking of xenophobic

8
PAUL MARAVELIAS   —   34 MOCKINGBIRD HILL RD, WINDHAM, NH 03087

discrimination and disparagement against someone who has differing sexual preferences to that of his own.

15.     Further, since Judge McAuliffe is reading this Motion, and since Maravelias takes the opportunity to assert that he will only reinforce his personal sexual preference for "younger" women in response to Judge McAuliffe's unscrupulous xenophobic insults, it can be expected that a reasonable person would conclude Judge McAuliffe is now further angered in his partisan feminist advocacy, and that even greater doubt as to his partiality is created in the mind of a reasonable observer, further warranting his recusal.

16.     Judge McAuliffe's recusal is warranted where logic suggests the probability that he is seeking the pending Rule 12 Motion in the instant case as yet another opportunity to impugn Maravelias's character, deny Maravelias fair legal process, and attack Maravelias's reputation in a highly visible federal court order which Judge McAuliffe knows will be automatically posted to various court reporting internet sites.

### IV.     The Appearance of Impropriety Is Exacerbated Under The Circumstances of Maravelias's Plans to Further Expose Judge McAuliffe's Froward Character and Self-Serving Abuse of Power.

17.     Maravelias hereby notices his plans to document, editorialize, and evangelize Judge McAuliffe's disturbing misconduct on a public internet website devoted to this cause. It is improper for Judge McAuliffe to sit in this case under such circumstances. While a litigant probably should not be allowed to manufacture automatic disqualification-necessitating circumstances *ex nihilo*, the preexisting history of dispute, controversy, and disagreement between Maravelias and Judge McAuliffe up unto this point in a different legal matter radically differentiates the present circumstances from any one of tactical contrivance.

## CONCLUSION

18. Accordingly, federal law requires the recusal of Judge McAuliffe from this case.

19. No separate memorandum of law is required in support of this Motion as all relevant legal authority relied upon is cited herein. *See* LR 7.1(a)(2).

WHEREFORE, Plaintiff Paul Maravelias respectfully requests this Honorable Court:

A. Issue an Order of Recusal signed by Judge Steven J. McAuliffe, recusing himself from this case; and

B. Grant any further relief as may be deemed just and proper.


Dated: June 15th, 2020                          Respectfully submitted,
                                                PAUL J. MARAVELIAS,

                                                *pro se*



                                                /s/ Paul J. Maravelias

                                                **Paul J. Maravelias**
                                                34 Mockingbird Hill Rd
                                                Windham, NH 03087
                                                paul@paulmarv.com
                                                603-475-3305


## CERTIFICATE OF SERVICE

I, Paul Maravelias, certify that a timely provided copy of this document is being sent on this date to counsel of record for the Defendants pursuant to the rules of this Court by means of ECF filing.

/s/ Paul J. Maravelias                                          Dated: June 15th, 2020
**Paul J. Maravelias**