## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

```
*************************************
Paul Maravelias,                    *
                                    *
            Plaintiff,              *
    v.                              *   Civil No. 19-cv-00487-SM
                                    *
Justices of the New Hampshire       *
Supreme Court et al.                *
                                    *
            Defendants.             *
                                    *
*************************************
```

### OBJECTION TO MOTION FOR RECUSAL

Gordon J. MacDonald, individually and in his official capacity as New Hampshire Attorney General, through his counsel, objects to plaintiff Paul Maravelias's "Motion for Recusal of Judge McAuliffe Pursuant to 28 U.S.C. § 455" [ECF Doc. No. 30]. In support of this objection, Attorney General MacDonald states as follows:

1.  On June 3, 2020, Judge Laplante entered an order stating: "After reviewing the amended complaint (doc. no. 12), I hereby recuse myself from presiding over this case and request that it be reassigned to another judge." ECF Doc. No. 28. Later that same day, the case was reassigned to Judge McAuliffe. *See* June 3, 2020 Notice.

2.  Mr. Maravelias moves to recuse Judge McAuliffe under 28 U.S.C. § 455. Under that statute, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which is impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

3.  Mr. Maravelias contends that Judge McAuliffe's impartiality might reasonably be questioned for four related reasons. First, Mr. Maravelias contends that Judge Laplante's recusal

and the subsequent reassignment of this matter to Judge McAuliffe suggests that Judge McAuliffe is attempting to "retaliate against Maravelias" in light of a recent brief Mr. Maravelias filed with the First Circuit in an appeal of adverse rulings that Judge McAuliffe entered against him in a different matter.  Second, Mr. Maravelias quotes extensively from that First Circuit brief to argue that Judge McAuliffe is hostile toward him and biased against him, thus warranting recusal.  Third, Mr. Maravelias suggests that Judge McAuliffe's order dismissing the matter now on appeal to the First Circuit reveals bias against him.  Finally, Mr. Maravelias suggests that he will soon criticize Judge McAuliffe online, and that this, at least when coupled with Judge McAuliffe's prior decisions against him, requires recusal.  Each of these arguments is unavailing.

    4.    As an initial matter, this Court should reject any suggestion that Judge Laplante's recusal from this matter was improper.  As noted, Judge Laplante recused himself "[a]fter reviewing the amended complaint . . . ." ECF Doc. No. 28 at 1.  Contrary to Mr. Maravelias's suggestion, the timing of this order makes sense, given that Judge Laplante had scheduled a motion to dismiss hearing for June 12, and presumably would review the amended complaint in advance of that hearing.  Moreover, while Mr. Maravelias named only former Chief Justice Lynn and the New Hampshire Supreme Court as an institution as defendants in his original complaint, *see* ECF Doc. No. 1 ¶¶ 10, 11, he named the Justices of the New Hampshire Supreme Court *individually* in his amended complaint, *see* ECF Doc. No. 12 ¶ 7.  One of those Justices is Justice Patrick Donovan, with whom Judge Laplante has acknowledged he "is acquainted," *Saunders v. First Magnus Fin. Corp.*, No. 17-CV-27-JL, 2018 WL 9439842, at *3 (D.N.H. Sept. 21, 2018), and on whose behalf Judge Laplante has spoken publicly, *see, e.g.*, Todd Bookman, *Donovan Sworn in as N.H. Supreme Court Justice*, New Hampshire Public Radio (May 8, 2018), https://www.nhpr.org/post/donovan-sworn-nh-supreme-court-justice#stream/0; David Solomon,

*High Praise for Nominee to High Court Patrick Donovan*, New Hampshire Union Leader (April 8, 2018), https://www.unionleader.com/news/courts/high-praise-for-nominee-to-high-court-patrick-donovan/article_5a16fe3b-ebae-5cd6-90a8-0b8b395ee4b4.html.  Although Judge Laplante did not explicitly state as much, it appears likely that he recused himself from this matter in light of Justice Donovan's inclusion, at least implicitly, as a defendant named in his individual capacity.  There was nothing improper about this decision; indeed it may well have been required.  *See Cheney v. U.S. Dist. Court for D.C.*, 541 U.S. 913, 926 (2004) (Scalia, J.) (in chambers) (noting that recusal "assuredly is [appropriate] when friends are sued personally").  Mr. Maravelias's suggestion of impropriety is accordingly misplaced.

5. There is similarly no reason to believe that Judge McAuliffe interfered with the reassignment of this case after Judge Laplante's recusal.  Case law indicates that case assignments in this District occur randomly.  *Barnett v. Barbadoro*, No. CIV. 09-CV-281-SM, 2009 WL 2878393, at *1 (D.N.H. Sept. 2, 2009) ("This case was assigned to me in the random draw."); *Gaylor v. Bush*, No. 05-CV-339-PB, 2006 WL 1724381, at *1 n.1 (D.N.H. June 21, 2006) ("Judge McAuliffe recused himself and the case was randomly reassigned to me.").  Given the limited number of available judges, it is by no means aberrational that this matter would be assigned to Judge McAuliffe.  Mr. Maravelias's arguments to the contrary are based on nothing more than unsupported speculation.  They are therefore insufficient to warrant recusal.  *See In re Martinez-Catala*, 129 F.3d 213, 220 (1st Cir. 1997) (noting that recusal cannot be based on "unsupported, irrational, or highly tenuous speculation" (citation and quotation marks omitted)).

6. The Court should likewise reject Mr. Maravelias's contention that Judge McAuliffe is hostile and biased against him.  That argument, both as raised in the context of Mr. Maravelias's First Circuit brief and independently in his motion to recuse, is based on Judge

McAuliffe's November 4, 2019 Order dismissing Mr. Maravelias's claims in the matter now pending before the First Circuit. *See Maravelias v. Coughlin*, No. 19-CV-143-SM, 2019 WL 5698703 (D.N.H. Nov. 4, 2019). But "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteki v. United States*, 510 U.S. 540, 555 (1994). Moreover, "trial judges are not required either to mince words or to sugar-coat their views" and "[b]lunt language, without more, does not translate into a showing of judicial bias." *United States v. Caramadre*, 807 F.3d 359, 374 (1st Cir. 2015). And "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteki*, 510 U.S. at 555. Contrary to Mr. Maravelias's suggestion, neither the fact Judge McAuliffe previously ruled against Mr. Maravelias nor the tone of the November 4, 2019 Order indicates that Judge McAuliffe holds a deep-seated favoritism or antagonism warranting recusal. Mr. Maravelias's argument to the contrary is accordingly unavailing.

7.  Finally, Mr. Maravelias cites no authority for the dubious proposition that Judge McAuliffe must recuse himself because Mr. Maravelias might criticize him on the internet. Courts "will not sanction . . . contrived and strained efforts to effectively manufacture grounds for recusal where there are otherwise none." *United States v. Vazquez-Botet*, No. CR 04-160 (PG), 2005 WL 8163284, at *24 (D.P.R. Dec. 15, 2005) (collecting cases). There is no objective basis to question Judge McAuliffe's impartiality in this matter. Absent such a basis, Mr. Maravelias's choice to criticize Judge McAuliffe online cannot serve as grounds for recusal.

WHEREFORE, Attorney General MacDonald respectfully requests that this Honorable Court:

A.   Deny Mr. Maravelias's motion for recusal; and

B.   Grant such further relief as this Court deems just and proper

                                                Respectfully submitted,

                                                GORDON J. MACDONALD, ATTORNEY GENERAL

                                                By his attorney,

                                                THE OFFICE OF THE ATTORNEY GENERAL

Date:   June 29, 2020                    /s/ Samuel Garland
                                                Samuel Garland, Bar #266273
                                                Assistant Attorney General
                                                N.H. Dept. of Justice
                                                Civil Bureau
                                                (603) 271-3650
                                                samuel.garland@doj.nh.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing objection was sent to all counsel and pro se parties of record using this Court's CM/ECF system.

Date:   June 29, 2020                    /s/ Samuel Garland
                                                Samuel Garland