UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Paul Maravelias,
       Plaintiff

       v.                                     Case No. 19-cv-487-SM
                                               Opinion No. 2020 DNH 142

Justices of the N.H. Supreme Court
And Gordon J. MacDonald, Attorney
General of New Hampshire,
       Defendants


**O R D E R**

Pro se plaintiff, Paul Maravelias, brings this action challenging the facial constitutional validity of New Hampshire Supreme Court Rule 23 which, in limited circumstances, authorizes the Supreme Court to award attorney's fees to a prevailing party.  This court (Laplante, J.) previously dismissed Maravelias's state and federal "as applied" constitutional challenges to that rule, as well as his claim seeking monetary relief from recently-retired New Hampshire Supreme Court Chief Justice Robert J. Lynn.

As defendants, Maravelias has named New Hampshire Attorney General Gordon J. MacDonald, in both his individual and official capacities.  He has also named the Justices of the New Hampshire

Supreme Court, but exclusively in their individual capacities. All defendants have moved to dismiss the claims against them, asserting that none states a viable cause of action.  For the reasons discussed, those motions to dismiss are granted.

## Standard of Review

I.  Motions to Dismiss.

In considering a motion to dismiss, the court accepts all well-pleaded facts alleged in the complaint as true, disregarding legal labels and conclusions, and resolves reasonable inferences in the plaintiff's favor.  Galvin v. U.S. Bank, N.A., 852 F.3d 146, 155 (1st Cir. 2017).  To avoid dismissal, the complaint must allege sufficient facts to support a plausible claim for relief.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  To satisfy the "plausibility standard," the factual allegations in the complaint, along with reasonable inferences, must show more than a mere possibility of liability – "a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). See also Lyman v. Baker, 954 F.3d 351, 359–60 (1st Cir. 2020) ("For the purposes of our [12(b)(6)] review, we isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements.") (citation and internal punctuation omitted).

In other words, the complaint must include well-pled (i.e., non-conclusory, non-speculative) factual allegations that, if assumed to be true, allow the court to draw the reasonable and plausible inference that the plaintiff is entitled to the relief sought. See Tasker v. DHL Retirement Savings Plan, 621 F.3d 34, 38-39 (1st Cir. 2010).

II. Facial Constitutional Challenges.

Maravelias's challenge to Rule 23's constitutionality is a facial one (rather than an "as applied" challenge).

> A facial attack tests a law's constitutionality based on its text alone and does not consider the facts or circumstances of a particular case. An as-applied attack, in contrast, does not contend that a law is unconstitutional as written but that its application to a particular person under particular circumstances deprived that person of a constitutional right.

Cutting v. City of Portland, No. 2:13-CV-359-GZS, 2014 WL 580155, at *5 (D. Me. Feb. 12, 2014) (quoting United States v. Marcavage, 609 F.3d 264, 273 (3d Cir. 2010)). See also McGuire v. Reilly, 386 F.3d 45, 57 (1st Cir. 2004) ("The nature of plaintiffs' facial attack . . . turns not on the historical facts of how the statute has been applied, but on the words of the statute.").

"Facial challenges are disfavored for several reasons." Washington State Grange v. Washington State Republican Party, 552 U.S. 442, 450-51 (2008) (noting that such challenges often rest on speculation, risk premature interpretation of statutes based upon factually incomplete records, run contrary to fundamental principles of judicial restraint, and threaten to short-circuit the democratic process by preventing enforcement of laws and rules implemented in a manner consistent with the Constitution).

To prevail on one or more of his claims, Maravelias would have to establish that "no set of circumstances exists under which [Rule 23] would be valid, or that the [rule] lacks any plainly legitimate sweep." United States v. Stevens, 559 U.S. 460, 472 (2010) (citations and internal punctuation omitted). See also United States v. Salerno, 481 U.S. 739, 745 (1987) ("A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid. The fact that the [challenged statute] might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid, since we have not recognized an 'overbreadth' doctrine outside the limited context of the First Amendment.").

4

In the limited context of a First Amendment facial challenge, the "Court recognizes a second type of facial challenge, whereby a law may be invalidated as overbroad if a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." Stevens, 559 U.S. at 473 (citation and internal punctuation omitted).

**Background**

Because Maravelias's sole remaining claims advance only a facial challenge to Rule 23, the factual circumstances that brought him to this court (and those that made him subject to a Rule 23 fees award in the New Hampshire Supreme Court) are not particularly relevant.  They are, nonetheless, illustrative of the manner in which the New Hampshire Supreme Court interprets and applies Rule 23.  Those prior interpretations of Rule 23 also obviate any need for this court to certify questions to the New Hampshire Supreme Court regarding proper construction of that rule.  See generally Attorney General's Memorandum of Law (document no. 19-1) at 8.  In brief, those facts are as follows.

In 2017, Maravelias was subject to a stalking order issued by the New Hampshire Circuit Court, pursuant to N.H. Rev. Stat. Ann. ("RSA") 633:3-a.  That order prevented Maravelias from

5

having any contact with a young woman named Christina. Maravelias challenged that original order, eventually resulting in an appeal to the New Hampshire Supreme Court that was denied on the merits. In January of 2018, Christina moved the state court to extend the stalking order for another year. Following a three-day bench trial (at which Maravelias appeared, pro se, and extensively cross-examined Christina), the court granted Christina's motion. Maravelias appealed to the New Hampshire Supreme Court, which affirmed the lower court's decision to extend the protective order against Maravelias. Maravelias attempted to challenge the constitutionality of that order in federal court, but his case was dismissed under the Rooker-Feldman doctrine. Maravelias v. Coughlin, No. 19-CV-143-SM, 2019 WL 5698703 (D.N.H. Nov. 4, 2019).

Meanwhile, Maravelias filed a stalking petition of his own against Christina's father. Following a bench trial in the New Hampshire Circuit court, his petition was denied. Subsequently, Christina's father moved the court for an award of attorney's fees, supported by an affidavit itemizing legal expenses totaling approximately $9,000. The court granted that request, finding that Maravelias's "stalking petition . . . was oppressive, vexatious, arbitrary, capricious and/or in bad

6

faith" and that his "positions were patently unreasonable." Maravelias moved for reconsideration.  That motion was denied.

Maravelias appealed to the New Hampshire Supreme Court, challenging both the denial of his stalking petition against Christina's father and the trial court's order that he pay the father's attorney's fees.  The New Hampshire Supreme Court affirmed both of the lower court's orders.  As part of his requested relief before the Supreme Court, Christina's father sought an award of attorney's fees related to the meritless appeal.  Of significance to this litigation, the Supreme Court initially denied that request, ruling that, "To the extent that the defendant requests attorney's fees . . . the request is denied without prejudice to the defendant moving for attorney's fees pursuant to Supreme Court Rule 23."  (document no. 7-1).  Rule 23 provides that:

> In the interest of justice in extraordinary cases, but not as a matter of right, the supreme court in its sole discretion may award attorneys' fees related to an appeal to a prevailing party if the appeal is deemed by the court to have been frivolous or in bad faith.

Supreme Court Rules, Rule 23, <u>Taxation of Costs; Waiver; Attorney's Fees</u>.  Rule 23 is, in turn, governed by Rule 21, which requires that any motion to the court shall "state with

7

particularity the grounds on which it is based and the order or relief sought." It also affords the non-movant the opportunity to respond with argument, a memorandum of law, affidavits, or "other papers" in support of the objections.

In response to the Supreme Court's order, Christina's father filed a "Request for Taxation of Costs and the Award of Attorney's Fees," pursuant to Rule 23 (document 7-4). As permitted by the New Hampshire Supreme Court Rules, Maravelias was afforded an opportunity to be heard. He availed himself of that opportunity and filed a lengthy objection to the motion seeking fees (document no. 7-5). After due consideration, the New Hampshire Supreme Court granted the motion for fees and set a deadline by which Christina's father was required to file a detailed itemization of attorney's fees he had incurred (document no. 7-9). Maravelias moved the court to reconsider that order awarding fees, again filing a lengthy memorandum in support of his arguments (document no. 7-10). Christina's father then submitted an "Affidavit of Attorney's Fees" (document no. 7-11), documenting the expenditure of $4,900 in legal fees "in the defense of this appeal."

By order dated March 29, 2019 (document no. 7-12), the New Hampshire Supreme Court denied Maravelias's motion for

8

reconsideration and, pursuant to Rule 23, granted the defendant's motion for an award of attorney's fees in the amount of $4,900.

Again, while Maravelias's personal experience with Rule 23 is not entirely relevant to his facial constitutional challenge, it does shed light on the manner in which the New Hampshire Supreme Court interprets and applies that rule.  Here, Maravelias was given both notice of the defendant's request for attorney's fees, as well as an opportunity to brief that issue and respond to the defendant's arguments.  Indeed, when the court ruled against him, Maravelias filed a motion for reconsideration, supported by a legal memorandum, expounding upon the grounds for his objections.  After considering the arguments raised by the parties, the New Hampshire Supreme Court issued a written decision resolving the parties' dispute.

Plainly, then, <u>as applied to Maravelias</u>, Rule 23 worked no deprivation of his constitutionally protected rights.  He was afforded due process, he plainly understood the conduct for which he was being sanctioned, the existence of Rule 23 did not chill his protected speech, and the sanction imposed against him was measured and proportional – undeniably, not in violation of the Eighth Amendment.

9

**Discussion**

In his Second Amended Complaint,[1] Maravelias advances four challenges to the facial constitutional validity of Supreme Court Rule 23.  Specifically, he asserts that the rule, as written: violates the Fourteenth Amendment's Due Process Clause; is unconstitutionally vague, in violation of the Fourteenth Amendment; violates the First Amendment insofar as it chills citizens' rights of free speech and to petition the government; and, violates the Excessive Fines Clause of the Eighth Amendment.

Procedurally, Maravelias's complaint fails for several reasons.  First, he has named the individual Justices of the Supreme Court in their personal, rather than official, capacities.  Based upon the legal arguments advanced in his memoranda, it is apparent that Maravelias did so knowingly and intentionally.  But, as correctly noted in the Justices' legal memoranda (documents no. 20 and 27), a facial challenge to a

---

[1]   After dismissing most of Maravelias's claims, this court (Laplante, J.) afforded Maravelias the opportunity to amend his complaint to more fully describe his claim that Rule 23 is facially unconstitutional (a claim that was not, at that time, the focus of defendants' motions to dismiss).  Maravelias availed himself of that opportunity and filed his second amended complaint.  After that amended pleading was filed, Judge Laplante recused himself and the case was randomly reassigned to me.

rule of the New Hampshire Supreme Court is an action against the court itself, not its individual members. And, for the reasons set forth in the Attorney General's memoranda (documents no. 19-1 and 26), the New Hampshire Attorney General is not a proper party to an action challenging the facial constitutional validity of a rule of court.[2]

On a substantive level, the Second Amended Complaint fails to set forth the essential elements of a plausible and viable claim that Rule 23 violates any of the constitutional provisions identified by Maravelias. When federal courts construe statutes (and, by extension, rules of court), "the elementary rule is that every reasonable construction must be resorted to, in order to save a statute from unconstitutionality." Edward J. DeBartolo Corp. v. Fla. Gulf Coast Bldg. & Const. Trades Council, 485 U.S. 568, 575 (1988) (quoting Hooper v. California, 155 U.S. 648, 657 (1895)). See also United States v. Gendron, 18 F.3d 955, 959 (1st Cir. 1994) (noting the obligation of

---

[2] Additionally, although not pressed by the defendants, there is some question as to whether Maravelias has standing to challenge the facial constitutionality of a court rule which imposed no deprivation of constitutional rights upon him. See, e.g., Signs for Jesus v. Town of Pembroke, NH, 230 F. Supp. 3d 49, 57-58 (D.N.H. 2017). See generally Members of City Council of City of Los Angeles v. Taxpayers for Vincent, 466 U.S. 789, 796-801 (1984). The court has, nevertheless, assumed Maravelias's standing.

11

federal courts to interpret statutes "so that they are consistent with the federal Constitution whenever possible").

As Maravelias's own experience bears out, Rule 23 requires that a party be given notice (by presentment of a well-supported motion for fees) and an opportunity to respond (by means of an objection and supporting memorandum) before any award of attorney's fees may be entered. Maravelias's experience is not unique. See, e.g., Crawford v. Town of Gilford, No. 2018-0605, 2019 WL 2371966, at *3 (N.H. May 31, 2019) (denying party's request for fees raised in their appellate brief, without prejudice to submitting a properly supported request pursuant to Rule 23); Fowler v. Best Rate Real Estate, LLC, No. 2017-0338, 2018 WL 2225116, at *5 (N.H. May 16, 2018) (same); Chalifoux v. Chalifoux, No. 2016-0549, 2017 WL 4770563, at *4 (N.H. Sept. 19, 2017) (same).

The Second Amended Complaint does not plausibly allege that Rule 23 is, on its face, violative of litigants' substantive or procedural due process rights. When read in conjunction with Rule 21 – as it must be – Rule 23 is not inconsistent with protections afforded by the Fourteenth Amendment.

Similarly, Maravelias's claim that Rule 23 is unconstitutionally vague is without legal merit. Maravelias takes issue with the rule's use of the terms "frivolous" and "bad faith," saying that people of ordinary prudence could not discern what types of conduct might expose them to an award of fees under Rule 23. But, the New Hampshire Supreme Court has specifically (and repeatedly) defined the terms "frivolous" and "bad faith," so a person of typical intelligence should know precisely the kind of abusive and/or frivolous conduct that will expose them to Rule 23 sanctions. See, e.g., Kukene v. Genualdo, 145 N.H. 1, 3 (2002) ("A party pursues a claim in bad faith if the claim is frivolous. A frivolous claim lacks any reasonable basis in the facts provable by evidence, or any reasonable claim in the law as it is, or as it might arguably be held to be.") (citations and internal punctuation omitted). See generally Hightower v. City of Bos., 693 F.3d 61 (1st Cir. 2012) (rejecting facial challenge to firearm permitting statute's "suitability" requirement as unconstitutionally vague); Draper v. Healey, 827 F.3d 1, 4 (1st Cir. 2016) ("'Fair' notice is understood as notice short of semantic certainty. Because words are rough-hewn tools, not surgically precise instruments, some degree of inexactitude is acceptable in statutory language.").

Finally, largely for the reasons set forth in the Attorney General's legal memoranda, Maravelias's assertions that Rule 23 unconstitutionally chills free speech and/or runs afoul of the First Amendment's right-to-petition clause (a claim he acknowledges is "minimally distinguishable from" his vagueness claim) fails to state a viable claim.[3]

The same is true with respect to his assertion that, on its face, Rule 23 violates the Eighth Amendment's prohibition against excessive fines. See generally United States v. Bajakajian, 524 U.S. 321, 334 (1998) ("The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: The amount of the [fine] must bear some relationship to the gravity of the offense that it is designed to punish.") (citation and internal punctuation omitted). Consequently, to be violative of the Eighth Amendment, a fine would have to be "grossly disproportional to

---

[3] As expressed in his motion for reconsideration of the attorney's fees award that he filed with the New Hampshire Supreme Court (document no. 7-10), Maravelias's "chilling" argument with respect to Rule 23 seems to be as follows: "If you force me to pay [Christina's father's] appeal fees, the New Hampshire Public will know their Supreme Court is nothing more than a bunch of butthurt bullies who rule according to their childish emotions.  People will be terrified to exercise their legal right to appeal; already, they will be terrified to file meritorious stalking petitions where the gender politics don't jive with this Holy Feminist Court, given your outrageous underlying ruling in this appeal."

14

the gravity of the defendant's offense." Id.  An award equal to the amount of attorney's fees reasonably incurred by an opposing party in responding to an appeal that was frivolous and/or pursued in bad faith falls well short of that constitutional limit.

## Conclusion

None of the claims advanced in the second amended complaint plausibly alleges that "no set of circumstances exists under which [Rule 23] would be valid, or that the [rule] lacks any plainly legitimate sweep." United States v. Stevens, 559 U.S. at 472 (citations and internal punctuation omitted). Maravelias's First Amendment challenges fails to plausibly allege that "a substantial number of [Rule 23's] applications are unconstitutional, judged in relation to the [rule's] plainly legitimate sweep." Id. at 473 (citation and internal punctuation omitted).  That one might conjure some rare, unusual, or extreme hypothetical situation under which Rule 23 could conceivably run afoul of constitutional protections is insufficient to state a viable facial challenge to that rule.

For the foregoing reasons, as well as those set forth in defendants' comprehensive and well-supported legal memoranda (documents no. 19-1, 20, 26, and 27), Attorney General Gordon

15

MacDonald's motion to dismiss (document no. 19), as well as the motion to dismiss submitted by the Justices of the New Hampshire Supreme Court (document no. 20), are granted. The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

August 13, 2020

cc: Paul Maravelias, pro se
    Nancy J. Smith, Esq.
    Samuel R. V. Garland, Esq.